1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    KEVIN DARNELL BRYANT,                      CASE NO. 1:11-cv-00446-SMS PC

10                        Plaintiff,            ORDER DENYING PLAINTIFF'S MOTIONS
                                                FOR A PRELIMINARY INJUNCTION
11         v.
                                                (ECF Nos. 3, 8, 9, 10, 11, 12, 13, 14)
12   GALLAGHER, et al.,

13                        Defendants.
                                          /
14

15   **I.      Procedural History**

16         Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The complaint and a motion for a

18   preliminary injunction were filed on March 17, 2011.  (ECF Nos. 1, 3.)  On April 8, 2011, Plaintiff

19   filed a supplemental motion for a preliminary injunction.  (ECF No. 8.)  On May 2, 2011, Plaintiff

20   filed an emergency motion for a preliminary injunction, a supplemental motion for a preliminary

21   injunction, and an affidavit in support of the motions.  (ECF Nos. 9, 10, 11.)  On June 9, 2011,

22   Plaintiff filed a motion for a preliminary injunction, a supplemental motion for a preliminary

23   injunction, and an affidavit in support of the motions.[1]  (ECF No. 12, 13, 14.)  On June 17, 2010, the

24   complaint was screened and an order issued requiring Plaintiff to either file an amended complaint

25   _____

26         [1]The documents Plaintiff has filed are duplicate filings.  Plaintiff's affidavit of truth, filed May 2, 2011 and
     June 6, 2011, is identical to the affidavit of truth filed with motion for a preliminary injunction on March 17, 2011.
27   (ECF Nos. 9, 13.)  Plaintiff's motion for preliminary injunction filed March 17, 2011, May 2, 2011, and June 9,
     2011, are identical.  (ECF Nos. 3, 9, 12.)  Plaintiff's supplemental motions for a preliminary injunction filed April 8,
28   2011; May 2, 2011, and June 9, 2011, are identical, except for an additional threat included on the last two filing.
     (ECF Nos. 8, 11, 14.)

1

1   or notify the Court of his desire to proceed only on the claims found cognizable against Defendant

2   Romero for failure to protect in violation of the Eighth Amendment.

3   **II.      Legal Standard**

4        "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.

5   Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff

6   seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

7   likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

8   in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos

9   Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374.  An

10  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Winter,

11  129 S. Ct. at 376 (citation omitted) (emphasis added).

12       For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield

13  v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010).  This requires

14  Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

15  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

16  fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

17  decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

18  (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

19       In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

20  which provides in relevant part, "[p]rospective relief in any civil action with respect to prison

21  conditions shall extend no further than necessary to correct the violation of the Federal right of a

22  particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

23  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

24  violation of the Federal right, and is the least intrusive means necessary to correct the violation of

25  the Federal right." 18 U.S.C. § 3626(a)(1)(A).

26       **A.      Motion for Preliminary Injunction**

27       Plaintiff alleges that his life is in danger from retaliation due to his filing a staff misconduct

28  complaint and civil law suit and he has been threatened by several correctional officers.  (Mot. for

1  Preliminary Injunction 1, ECF No. 3.)  Plaintiff requests an emergency transfer to Mule Creek State

2  Prison or Donovan State Prison.  Plaintiff alleges that he was assaulted on June 8, 2010, because he

3  wrote an appeal that Defendants Romero and Gallagher didn't like and requests the Court to

4  "imagine what they and their officer frinends [sic] and co-workers are gonna [sic] do to me now that

5  they know I have told Internal Affairs what happened."  (Id. at 2-3.)  On November 30, 2010,

6  Plaintiff was placed in administrative segregation to protect him from retaliation by the officers.  The

7  officers are pointing Plaintiff out to all these officers on the yard whenever he goes outside.  "Why

8  would they be pointing [Plaintiff] out to all these officers on this yard [he is] now on???  Because

9  they are planning to retaliate against [him]."  (Id. at 3.)  Plaintiff claims that he has personally seen

10  Defendant Gallagher set up other inmates to be assaulted.  (Id. at 3-4.)

11       Plaintiff states that after he was interviewed regarding the incident that occurred on June 8,

12  2010, Sgts. Kirby, Betzinger and Sica became upset and began retaliating against and threatening

13  Plaintiff. (Affidavit ¶ 10, ECF No. 3.)  Lt. Spiedel was openly hostile toward Plaintiff and acted like

14  he was mad at Plaintiff for writing a staff complaint.  (Id., ¶ 12.)  On November 30, 2010, several

15  officers handcuffed Plaintiff and "rough handled" him as they took him to the program office so he

16  could be placed in administrative segregation.  (Id., ¶¶ 11, 13.)  Plaintiff was told by Lt. Waddel that

17  he was being placed in administrative segregation to protect him from retaliation by Defendants

18  Romano and Gallagher or any of their fellow officers in facility "C".  (Id., ¶¶ 15, 17.)

19       Sgt. Sica told Plaintiff that he was going to have all his legal papers and law books packed

20  up and taken to receiving and release and that his property would be sent home so Plaintiff would

21  not have it to litigate his case.  (Id., ¶16.)  On December 4, 2010, Plaintiff was placed in the sensitive

22  needs yard.  (Id., ¶ 18.)  Officers who know Plaintiff from facility C are pointing him out to their

23  friends.  (Id., ¶ 20.)  On December 1, 2010, an unidentified officer walked by Plaintiff's cell door

24  and said, "you are gonna get yours [sic] snitch."  (Id., ¶ 22.)  On December 6, 2010, an unidentified

25  officer asked Plaintiff if he had a will and stated that he would need one.  (Id., ¶ 23.)  On December

26  9, 2010, an unidentified officer told Plaintiff that they would get him no matter where he was.  (Id.,

27  ¶ 24.)  On December 15, 2010, Officer Conception was peeking out the clinic door and, when he saw

28

1    Plaintiff looking at him, the door was closed.  (Id., ¶ 25.)  On December 15, 2010, an unidentified

2    officer told Plaintiff to "get [his] ass out of this building."  (Id., ¶ 26.)  On January 4, 2011, Plaintiff

3    was joking with a female officer about being paroled and she responded, "You'll be paroling to hell

4    and it won't be long."  (Id., ¶ 32.)  On January 11, 2011, Plaintiff was walking by the control booth

5    and the officer pointed his assault rifle at Plaintiff and Plaintiff was terrified he was going to be

6    killed.  (Id., ¶ 33.)  On January 27, 2011, an officer told Plaintiff, "I heard you almost got your ass

7    shot the other day.  You better keep your mouth shut."  (Id., ¶ 34.)  On February 17, 2011, an officer

8    pointed at Plaintiff and made a slashing gesture across his throat with his finger.  (Id., ¶ 35.)

9        Plaintiff believes that correctional officers are harassing so he will be moved to

10   administrative segregation where it would be easier for them to have him hurt.  (Id., ¶ 27.)  Several

11   inmates in administrative segregation have been murdered in their cell by other inmates and there

12   have been several alleged suicides by inmates that are actually murders by staff.  (Id., ¶¶ 29, 30.)  A

13   massive position swap occurred on February 1, 2011, and Plaintiff is afraid that some of the officers

14   from C yard will be transferred to his housing unit.  (Id., ¶ 36.)

15       The pendency of this action does not give the court jurisdiction to correct the conduct

16   Plaintiff is complaining about, verbal harassment and threats by officers who are not defendants in

17   this action.  The order sought by Plaintiff cannot be issued even assuming Plaintiff is able to amend

18   to state additional cognizable claims.  Generally, past misconduct does not confer standing to seek

19   an order aimed at preventing future harm.  City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.

20   Ct. 1660 (1983); Mayfield, 599 F.3d 970.  Plaintiff's Eighth Amendment claims in this action would

21   not give the Court jurisdiction over the California Department of Corrections and Rehabilitation to

22   order Plaintiff to be transferred to a specific institution.  Plaintiff has failed to state any facts to

23   indicate that he is in danger from Defendant Romero and states merely speculative claims that he

24   may suffer harm.  Accordingly, Plaintiff's motion for a preliminary injunction is denied.

25       **B.      Supplemental Motion for Preliminary Injunction**

26       Plaintiff moves for an emergency injunction granting him permanent single cell status and

27   requests an emergency hearing on the motion.  (Supplemental Mot. For Preliminary Injunction 1,

28

1   ECF No. 8.) On March 20, 2011, an unidentified correctional officer stated they are going to have

2   someone cut Plaintiff's throat while he is sleeping in his cell.  Plaintiff assumes that this means

3   officers are going to get an inmate to slit his throat.[2]  (Id. at 2.)  Plaintiff alleges that on April 12,

4   2011, Correction Officer Aguinaldo came to the yard with a riot gun, pointed the gun at Plaintiff's

5   head, and said that he should have an accidental discharge and shoot Plaintiff in the head.

6   (Supplemental Mot. for Preliminary Injunction 4, ECF No. 11.)

7        The pendency of this action does not confer on the Court jurisdiction to issue an order

8   directing that Plaintiff be permanently housed in a single cell, because such an order would not

9   remedy the underlying legal claim, which involves Defendant Romero's past conduct.  18 U.S.C.

10  § 3626(a)(1)(A); Summers, 129 S. Ct. 1142 at 1149; Lyons, 461 U.S. at 101; Mayfield, 599 F.3d at

11  969.  Since the Court lacks jurisdiction to remedy Plaintiff's complaint, the Court declines to have

12  a hearing as requested.  Accordingly, Plaintiff's motion for a preliminary injunction is denied.[3]

13  **III.    Conclusion and Order**

14       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for a preliminary

15  injunction, filed March 17, 2011; April 8, 2011; May 2, 2011; and June 9, 2011, are DENIED.

16

17  IT IS SO ORDERED.

18  **Dated:    June 21, 2011**                              /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24       [2]Plaintiff requests the Court take judicial notice of the affidavit of truth he has submitted simultaneously
    with his motion.  While the Court will consider the affidavit it is not a document that is subject to judicial notice.
25  Fed. R. Evid. 201(b).

26       [3]Prison officials appear to be aware of Plaintiff's concerns regarding retaliation by Defendants Romero and
    Gallagher and have taken appropriate steps to protect him by placing him on the sensitive needs yard.  However,
27  given Plaintiff's allegations of verbal harassment that are causing him to be concerned for his safety, the Court will,
    by separate order, have a copy of this order served upon the warden so Plaintiff's concerns may be addressed.
28