# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | CASE NO. 1:11-cv-00446-SMS PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| GALLAGHER, et al., | (ECF Nos. 18, 19) |
| Defendants. | |

## I. Procedural History

Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on March 17, 2011. The complaint was screened and on June 17, 2011, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. (ECF No. 15.) On June 22, 2011, an order issued denying Plaintiff's motions for injunctive relief filed March 17, April 8, May 2, and June 9, 2011. (ECF No. 16.) Based upon the allegations in Plaintiff's motions for injunctive relief, on June 22, 2011, an order issued directing the Clerk's Office to serve a courtesy copy of the order denying Plaintiff's motions for injunctive relief upon the warden. (ECF No. 17.) Currently pending before the Court is the first amended complaint filed July 5, 2011, and an emergency motion for injunctive relief filed on August 11, 2011. (ECF Nos. 18, 19.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison. Plaintiff alleges that on June 7, 2010, he wrote a grievance against Defendant Gallagher. After Defendant Gallagher read the grievance he told Plaintiff that he was going to tell the inmate porters and reps that they would be locked down and it was Plaintiff's fault and that Defendant Gallagher would have the inmates "get" him. (First Amend. Compl. 4, ECF No. 18.) Defendant Romero and Gallagher were sitting together and said they were going to have Plaintiff "handled." (Id. at 5.)

The following day, Defendant Romero was in the control booth and he told Plaintiff to come out of his cell to go to work. Plaintiff saw some inmates at a table in the living area. While Defendant Romero was watching from the control booth, one of the inmates called Plaintiff over. The inmate said that Defendant Gallagher had told him what Plaintiff had said and that Plaintiff better keep his mouth shut and not do anything to mess things up for the inmate porters. Plaintiff was then hit from the side and attacked by the inmates. As Plaintiff was being attacked, he looked up and saw Defendant Romero watching. Defendant Romero did not activate any alarms or do anything to stop the inmates from attacking Plaintiff. Plaintiff also saw Defendant Gallagher in the day room office watching. Plaintiff could hear Defendant Gallagher and Romero talking about how

they had planned the attack. As a result of the attack Plaintiff's right hand and elbow were fractured and his right leg was broken with the bone sticking out of the skin. (Id.)

Plaintiff got up and hopped to a bench. Plaintiff asked Defendant Romero to call a medic and tell them that his leg was broken. Defendant Romero refused to call a medic and told Plaintiff to stay on the bench until the pill nurse came in three to four hours. Plaintiff showed Defendant Romero the broken leg with the bone sticking out of it and Defendant Romero still refused to call for medical staff. (Id.)

Plaintiff sat on the floor in front of his cell attempting to put the bone back into place so that he could walk to the medical clinic. At Plaintiff's request, Defendant Romero opened Plaintiff's cell so he could get his walker. Plaintiff got his walker and hobbled to the medical clinic where arrangements were made to take him to the hospital. (Id. at 6.)

Plaintiff is seeking compensatory and punitive damages and injunctive relief requiring that assault and battery charges be referred to the District Attorney for criminal prosecution and an order directing the CDCR to provide Plaintiff "with full disclosure of all surety bonding info held by CDCR and KVSP covering these types of injuries and incidents." (Id. at 3.)

Plaintiff's complaint states a cognizable claim against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

**III.   Injunctive Relief**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary

injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In his first amended complaint Plaintiff requests an injunction requiring the warden or CDCR to refer charges to the District Attorney for criminal prosecution and provide surety bond information. The claims that have been found to be cognizable in this action do not provide jurisdiction to allow the Court to order the warden or CDCR to grant the relief requested.[1] 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

Additionally, Plaintiff's motion for emergency injunctive relief states that his life is in danger as Correctional Officer Castellanos tried to pay some Mexican inmates to stab Plaintiff. Plaintiff alleges that Sergeant Rivera and Captain Henderson are covering up this conduct. Plaintiff alleges that this is in retaliation for his filing this lawsuit and requests the Court to contact CDCR and notify Director Cate and the Office of Internal Affairs. (Emergency Motion 1, ECF No. 19.)

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). The issue is not that Plaintiff's allegations are not serious or that Plaintiff is not entitled to relief if sought in the proper forum. The issue is that this

---

[1] In addition, CDCR itself is immune from suit. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a *jurisdictional* bar. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

**IV.   Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action shall proceed on the first amended complaint on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment;

2. Plaintiff's claims for injunctive relief are dismissed, with prejudice;

3. Plaintiff's motion for injunctive relief, filed August 11, 2011, is HEREBY DENIED, with prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   August 15, 2011**                    /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE