1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   KEVIN DARNELL BRYANT,                CASE NO. 1:11-cv-00446-SMS PC

10                    Plaintiff,         ORDER DENYING PLAINTIFF'S MOTION FOR
                                         IMMEDIATE AND EMERGENCY COURT
11          v.                           ORDER

12   GALLAGHER, et al.,                  (ECF No. 22)

13                    Defendants.
     _____/
14

15          Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the

17   first amended complaint, filed July 5, 2011, against Defendant Romero for deliberate indifference

18   to serious medical needs in violation of the Eighth Amendment and Defendants Gallagher and

19   Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in

20   violation of the Eighth Amendment.  On August 29, 2011, Plaintiff filed a motion for an immediate

21   and emergency court order.  (ECF No. 22.)

22          Plaintiff is currently housed in administrative segregation and is not allowed physical access

23   to the law library, but must follow the procedure in place for access to legal materials and

24   photocopies.   Plaintiff is seeking an order directing the warden and litigation coordinator to provide

25   him with physical access to the law library, photocopying by a free staff librarian and not custody

26   personnel, and photocopies in excess of 100 per week.

27          Federal courts are courts of limited jurisdiction and in considering a request for preliminary

28   injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

1

1   it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley</u>

2   <u>Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471

3   (1982). If the Court does not have an actual case or controversy before it, it has no power to hear

4   the matter in question. <u>Valley Forge Christian Coll.</u>, 454 U.S. at 471; <u>also</u> <u>Steel Co. v. Citizens for</u>

5   <u>a Better Env't</u>, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on

6   injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil

7   action with respect to prison conditions shall extend no further than necessary to correct the violation

8   of the Federal right of a particular plaintiff or plaintiffs."

9           The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff

10  seeks to remedy in his motion bears no relation to the claim that are proceeding in this action.

11  <u>Lyons</u>, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); <u>also</u> <u>Summers v. Earth Island Inst.</u>, 129 S. Ct.

12  1142, 1148-49 (2009); <u>Steel Co.</u>, 523 U.S. at 102-04, 107. Because the case-or-controversy

13  requirement cannot be met, the pendency of *this* action provides no basis upon which to award

14  Plaintiff the injunctive relief requested. <u>Steel Co.</u>, 523 U.S. at 102-103.

15          Additionally, prison administrators "should be accorded wide-ranging deference in the

16  adoption and execution of policies and practices that in their judgment are needed to preserve

17  internal order and discipline and to maintain institutional security." <u>Whitley v. Albers</u>, 475 U.S. 312,

18  321-322 (1986) (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1970). While inmates do have a

19  constitutional right to access to the courts it does not include unlimited access to the law library and

20  photocopies. <u>Sands v. Lewis</u>, 886 F.2d 1166, 1169 (9th Cir. 1989) <u>overruled on other grounds by</u>

21  <u>Lewis v. Casey</u>, 581 U.S. 343, 350-55 (1996).

22          Plaintiff is advised that it is his responsibility to keep copies of any documents that he

23  submits to the court and he needs to take whatever steps necessary, whether it be hand copying the

24  documents or planning ahead to allow himself enough time to obtain the copies prior to submitting

25  his pleadings. If Plaintiff needs additional time to obtain copies of his pleadings he needs to file a

26  motion for extension of time prior to the deadline provided by the court.

27          Plaintiff has requested that the Clerk's Office provide copies of the documents he has filed

28  with the Court. The Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. If

Plaintiff wishes to have copies of documents filed with the Court, he needs to submit the appropriate payment to the Clerk's Office, as well as a self addressed stamped return envelope.

Accordingly, Plaintiff's motion for an immediate and emergency court order, filed August 29, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:** __**August 31, 2011**__          _____/s/ **Sandra M. Snyder**_____
UNITED STATES MAGISTRATE JUDGE