**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-00446-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER<br><br>(ECF No. 25) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment. On September 16, 2011, Plaintiff filed a motion for a court order. (ECF No. 25.) Plaintiff is seeking an order directing the Warden and Litigation Coordinator to provide him access to the law library and unrestricted legal photocopying.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

(2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

As Plaintiff has previously been informed, the pendency of this action provides no basis upon which to award Plaintiff the injunctive relief he is seeking. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102-03, 107 (1998). The relief requested by Plaintiff is not related to the underlying claims against Defendants Gallagher and Romero. Since the relief sought would not remedy the violation of the Federal rights at issue here, the Court cannot grant the requested relief and Plaintiff's motion for a court order, filed September 16, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 25, 2011            /s/ **Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE