# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>    Defendants. | CASE NO. 1:11-cv-00446-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND STRIKING THE SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 38, 41) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment, and against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment. On January 3, 2012, Plaintiff filed a motion to amend the complaint and a second amended complaint was lodged. Defendants filed an opposition to the motion on January 24, 2012.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this instance Plaintiff has already filed an amended complaint so he may amend only with leave of the court or by written consent of the adverse party.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). A review of the second amended complaint reveals that Plaintiff is seeking to amend the complaint to add new defendants and new claims based on retaliation he alleges since this action was filed and deliberate indifference to his medical needs. Defendants argue that Plaintiff's motion should be denied because they have filed a motion to revoke his in forma pauperis status which should be granted and amendment is futile.[1]

Plaintiff may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

A review of the second amended complaint shows that Plaintiff is attempting to add additional defendants by alleging multiple unrelated incidents that occurred from March 10, 2011 through November 2011. None of the incidents alleged involve Defendants Gallagher or Romero and Plaintiff's allegation that other prison officials are retaliating against him for filing this action

---

[1] Defendants' motion to revoke Plaintiff's in forma pauperis status and dismiss this action shall be addressed by separate order.

2

does not make them related to the underlying claims proceeding against Defendants Gallagher and Romero. Since Plaintiff is attempting to add additional defendants and claims that may not proceed in this action amendment would be futile. If Plaintiff wishes to litigate these new claims, his recourse is to file a new action.

Accordingly, Plaintiff's motion to amend is DENIED and the second amended complaint, lodged January 3, 2012, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **February 2, 2012**                         **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE