# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-cv-00446-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF Nos. 31, 37) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment, and against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment. On November 29, 2011, and December 19, 2011, Plaintiff filed motions for injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter,

1  129 S. Ct. at 376 (citation omitted) (emphasis added).

2  For each form of relief sought in federal court, Plaintiff must establish standing. <u>Mayfield</u> <u>v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In the motion for relief filed November 29, 2011, Plaintiff alleges that he is being retaliated against by prison officials for filing this law suit and requests a temporary restraining order and preliminary injunction directing that he be transferred to Richard J. Donovan Correctional Facility or Mule Creek State Prison and an order that all Kern Valley State Prison employees and officials be restrained from forwarding any orders or threats to harm Plaintiff and that he be given single cell status for one year.

In the motion filed December 19, 2011, Plaintiff alleges that prison officials "isolated" him in cell 132 and the officers who run the building are dangerous and are arranging to have Plaintiff assaulted and possibly murdered. Plaintiff requests that an order issue transferring him immediately to Richard J. Donovan Correctional Facility or Mule Creek State Prison.

The Court cannot be any clearer than it has been with Plaintiff. (ECF Nos. 16, 30.) The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion is not related to the underlying claims against Defendants Gallagher and Romero.

1  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct.
2  1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003
3  (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action
4  provides no basis upon which to award Plaintiff the injunctive relief he is seeking. Id.

5       To the extent Plaintiff believes he is in danger, he has other avenues of relief available to
6  him, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83
7  Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). The issue is not that Plaintiff's allegations are not
8  serious or that Plaintiff is not entitled to relief if sought in the proper forum. The issue is that this
9  action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's
10  allegations concerning feared impending harm cannot and do not overcome what is a *jurisdictional*
11  bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability
12  constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal
13  jurisdiction bears the burden of establishing its existence.")

14       Accordingly, Plaintiff's motions for preliminary injunctive relief, filed November 29, 2011,
15  and December 19, 2011, are HEREBY DENIED, with prejudice, for lack of jurisdiction.

16       Plaintiff is HEREBY PLACED ON NOTICE that any further motions for injunctive relief
17  that are baseless and filed in contravention of the applicable legal standards Plaintiff has been
18  provided with will result in the imposition of sanctions deemed appropriate by this Court. The Court
19  has more than once clearly explained to Plaintiff the jurisdictional bar to obtaining the relief he seeks
20  regarding his current conditions of confinement. Plaintiff's continued refusal to acknowledge the
21  legal bases for the Court's rulings constitutes an abuse of process, and will not be overlooked.
22  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he doors of this
23  courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be
24  tolerated.")

25       IT IS SO ORDERED.

26    Dated:  **February 2, 2012**          /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE
27
28