# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | CASE NO. 1:11-cv-00446-BAM PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S INFORMA PAUPERIS STATUS AND DISMISS ACTION |
| v. | |
| GALLAGHER, et al., | (ECF No. 39) |
| Defendants. | TWENTY-DAY DEADLINE |

## I. Background

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment, and against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment. On January 4, 2012, Defendants filed a motion to revoke Plaintiff's in forma pauperis status and dismiss this action because Plaintiff has had at least three prior federal actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.

## II. Legal Standard

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike. Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of section 1915(g). If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under 1915(g).

## III. Discussion

Plaintiff has had the following three cases dismissed as frivolous which were filed while Plaintiff was incarcerated: Bryant v. Briones-Coleman, et al., 5:09-cv-01460-UA-FMO, (C.D. Cal.) (dismissed as frivolous on August 17, 2009); Bryant v. Hanks, et al, 2:10-cv-03199-UA-FMO (C.D. Cal.) (dismissed as frivolous on May 7, 2010); Bryant v. Pacheco, et al., 5:09-cv-01306-UA-FMO (C.D. Cal.) (dismissed as frivolous July 23, 2009). Therefore, Plaintiff is not entitled to proceed in forma pauperis unless he is under imminent danger of serious physical injury at the time that his complaint is filed.

Defendants argue that Plaintiff's allegations do not set forth a plausible claim that he faced imminent danger of serious physical harm at the time of filing his complaint. Plaintiff's imminent danger claims are speculative and since § 1915(g) requires danger that is "ready to take place" or "hanging threateningly over one's head" the complaint allegations do not meet the imminent danger exception. (Memorandum of Points and Authorities 6 (quoting Andrews v. Cervantes, 493 F.3d 1047, 1056 (9th Cir. 2007)).) Therefore, Defendants request that this action be dismissed without

prejudice.

It is the alleged conditions at the time the complaint was filed that determine if Plaintiff meets the imminent danger and serious injury prongs of the exception. Andrews, 493 F.3d at 1052. Therefore, it is the complaint, filed March 17, 2011, that shall be reviewed to see if Plaintiff meets the imminent danger exception. Section 1916(g) does not request the court to address the merits of the action, but establishes a threshold procedural question. Andrews, 493 F.3d at 1057.

"[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055. Plaintiff must allege an on-going danger in order to meet the imminency requirement. Andrews, 493 F.3d at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Andrews, 493 F.3d at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Andrews, 493 F.3d at 1057 n.11.

In Andrews, the Ninth Circuit found that the plaintiff was entitled to proceed in forma pauperis although he had previously filed three actions that had been dismissed as malicious, frivolous or failed to state a claim. In coming to this conclusion, the court looked to the specificity of the allegations pled in the complaint. The complaint recounted in detail the reasons why Plaintiff was in danger of contracting a serious illness. Andrews, 493 F.3d at 1050.

In his complaint, Plaintiff alleges on June 8, 2010, Defendants Gallagher and Romero caused him to be assaulted by other inmates. During the assault Plaintiff sustained a fracture of his right leg, arm and hand, and a swollen eye. (Compl. 3, ECF No. 1.) On November 30, 2010, Plaintiff was placed in administrative segregation. On December 4, 2010, Plaintiff was moved to a different yard to protect him from retaliation by Defendants Gallagher and Romero. Defendants Gallagher and Romero work on the yard and Plaintiff has seen them pointing him out to their fellow officers. On December 1, 2010, an officer told Plaintiff, "You are gonna get yours snitch." On December 6, 2010, an officer asked Plaintiff if he had a will and then said Plaintiff was going to need one. On December 9, 2010, an officer told Plaintiff, "they will get me no matter where I'm at." Plaintiff state that he continues to receive threats from officers. (Id. at 5.)

In his complaint Plaintiff has sufficiently set forth his allegations that officers are threatening to harm him to show "ongoing danger." Plaintiff alleges that he has suffered serious injury due to Defendants Gallagher and Romero having him attacked by inmates. The complaint states three specific statements made to Plaintiff by officers that threaten harm. Additionally, Plaintiff claims that he is continuing to receive threats from officers. The Court finds that Plaintiff has met "the imminence prong of the three strikes exception." Andrews, 493 F.3d at 1056-57.

**IV.   Conclusion and Order**

The Court finds that Plaintiff has set forth sufficient allegations in the first amended complaint to meet the imminent danger prong of the three strikes exception. Accordingly, it is HEREBY ORDERED that Defendant's motion to revoke Plaintiff's in forma pauperis status is DENIED. Within twenty (20) days from the date of service of this order Defendants shall file an answer to the complaint or other responsive pleading.

IT IS SO ORDERED.

Dated:   February 2, 2012               /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE