# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KEVIN DARNELL BRYANT,

              Plaintiff,

    v.

GALLAGHER, et al.,

              Defendants.

_____/

CASE NO. 1:11-cv-00446-LJO-BAM PC

ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

(ECF No. 58)

ORDER STRIKING PLAINTIFF'S MOTION FOR A <u>PITCHESS</u> MOTION ORDER

(ECF Nos. 59, 60)

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 6, 2012, Plaintiff filed a motion for an extension of time and request for a court order.[1]  (ECF No. 58.)  On April 9, 2012, Plaintiff filed a motion for a <u>Pitchess</u> motion order and declaration in support.  (ECF Nos. 59, 60.)

## I.   Motion for Extension of Time

Plaintiff seeks an extension of time to file all motions, responsive pleadings, replies, and court papers.  Plaintiff does not identify any specific document for which seeks an extension of time.  Plaintiff may not seek a motion for an extension of time based upon his speculation that he might not be able to get access to the law library when he needs it.  While Plaintiff complains that he was not given access to the law library for three weeks, there are currently no deadlines pending in this action.  Accordingly, Plaintiff's motion for an extension of time shall be denied.

_____

[1]Concurrently with this order, the Court shall issue findings and recommendations addressing Plaintiff's motion for a court order.

1  ## II.   **Pitchess Motion**

2  Plaintiff seeks a <u>Pitchess</u> motion order to discover CDCR personnel documents and staff

3  misconduct.  A <u>Pitchess</u> motion relates to criminal proceedings and is misplaced in this federal civil

4  action.  <u>See</u> <u>People v. Mooc</u>, 26 Cal.4th 1216, 1219-20 (2001) (a <u>Pitchess</u> motion allows a criminal

5  defendant to compel discovery of evidence from arresting officer's personnel file).  Plaintiff must

6  seek discovery in compliance with the Federal Rule of Civil Procedure 34, which requires Plaintiff

7  to serve Defendants with a request for the production of documents.  If Defendants object to the

8  request and Plaintiff believes the documents are discoverable, Plaintiff's recourse is to file a motion

9  to compel.  Plaintiff may not file a request for documents from Defendants' personnel files directly

10  with the Court, and his inappropriate <u>Pitchess</u> motion shall be stricken from the record.

11  Additionally, Plaintiff is advised that this action is proceeding against Defendant Romero for

12  deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against

13  Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment,

14  and failure to protect in violation of the Eighth Amendment.  In the motion for personnel

15  information, Plaintiff is attempting to obtain information on multiple officers that he alleges have

16  engaged in misconduct after the events at issue in this action.  Plaintiff may only obtain discovery

17  that is relevant to the claims proceeding in this action. Fed. R. Civ. P. 26(b)(1).  Plaintiff is advised

18  that this action is not an opportunity to litigate his claims of mistreatment while he has been

19  incarcerated that are not proceeding in this action.  Discovery must be directed to the claims at issue

20  in this action.

21  ## III.   **Conclusion and Order**

22  Based on the foregoing, IT IS HEREBY ORDERED that:

23  1.   Plaintiff's motion for an extension of time, filed April 6, 2012, is DENIED; and

24  2.   Plaintiff's motion for a <u>Pitchess</u> motion order is STRICKEN FROM THE RECORD.

25  IT IS SO ORDERED.

26  **Dated:    April 13, 2012**            **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE