# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00446-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A COURT ORDER<br><br>(ECF No. 58)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment. On April 6, 2012, Plaintiff filed a motion for a court order. (ECF No. 22.) Plaintiff is seeking an order directing the warden to make sure that the law librarians stop obstructing Plaintiff's access to the court and direct the law librarian to provide photocopying for Plaintiff. Plaintiff seeks sanction and judgment on the pleadings.

A court order is a form of injunctive relief, and as Plaintiff has previously been advised, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471

1  (1982). If the Court does not have an actual case or controversy before it, it has no power to hear
2  the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for
3  a Better Env't, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on
4  injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil
5  action with respect to prison conditions shall extend no further than necessary to correct the violation
6  of the Federal right of a particular plaintiff or plaintiffs."

7  The Court cannot be any clearer than it has been with Plaintiff. (ECF Nos. 16, 22, 30, 44.)
8  The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks
9  to remedy in his motion bears no relation to the claim that are proceeding in this action. Lyons, 461
10 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49
11 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be
12 met, the pendency of *this* action provides no basis upon which to award Plaintiff the injunctive relief
13 requested. Steel Co., 523 U.S. at 102-103.

14 Additionally, prison administrators "should be accorded wide-ranging deference in the
15 adoption and execution of policies and practices that in their judgment are needed to preserve
16 internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312,
17 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). While inmates do have a
18 constitutional right to access to the courts, it does not include unlimited access to the law library and
19 photocopies. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) overruled on other grounds by
20 Lewis v. Casey, 581 U.S. 343, 350-55 (1996). If Plaintiff needs additional time to meet a court
21 deadline because he is not receiving sufficient access to the law library, then his remedy is to file a
22 motion for an extension of time to file the specific document.

23 Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a
24 court order, filed April 6, 2012, be denied.

25 These findings and recommendations will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)
27 days after being served with these findings and recommendations, Plaintiff may file written
28 objections with the Court. The document should be captioned "Objections to Magistrate Judge's

2

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 13, 2012**              **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE