# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:11-cv–00446-LJO-BAM PC<br><br>ORDER DENYING MOTION TO SERVE DISCOVERY ON THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION<br><br>(ECF Nos. 66, 67) |

    Plaintiff Kevin Darnell Bryant is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment. On February 22, 2012, a discovery and scheduling order issued and this action is currently in the discovery stage. (ECF No. 50.) Currently before the Court is Plaintiff's motion for subpoenas, filed July 16, 2012. (ECF Nos. 66, 67.)

    Plaintiff seeks the issuance of subpoenas to serve discovery requests upon the California Department of Corrections. (ECF No. 66.) Plaintiff is attempting to obtain the results of a confidential investigation into his alleged complaints regarding the alleged abuse he is subjected to by prison officials, much of which involves incidents that occurred after the events alleged here and are irrelevant to the claims proceeding in this action.

    This action is proceeding against employees of the California Department of Corrections and

1  Rehabilitation and the defendants are represented by the Office of the Attorney General. Therefore,
2  Plaintiff must obtain discovery by serving his request for production of documents on Defendants.
3  Plaintiff is advised that discovery is self executing and the opposing party is to have an opportunity
4  to respond to discovery requests prior to requesting intervention of the Court. The Court will only
5  become involved where there is a discovery dispute. Where a party has failed to answer a question,
6  answer an interrogatory, or permit inspection of a document the requesting party may move for an
7  order to compel an answer, production, or inspection. Fed. R. Civ. Proc. 37(a)(3)(B). Although the
8  Court recognizes that Plaintiff is proceeding pro per, he is required to comply with the Federal Rules
9  of Civil Procedure and the Local Rules and is directed to the discovery and scheduling order issued
10 on February 22, 2012.

11  Additionally, if the time arises where there is a dispute, a motion to compel must be
12 accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendant's responses
13 to the discovery requests. Further, the moving party, bears the burden of informing the Court which
14 discovery requests are the subject of his motion to compel and, for each disputed response, why
15 Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery
16 requests, that he is dissatisfied, and that he wants an order compelling responses. The necessary
17 information must be set forth in the motion. A motion that fails to comply with this standard will
18 be denied on the ground that it is procedurally deficient.

19  Finally, Plaintiff's declaration in support of his motion contains seven pages documenting
20 his allegations of staff misconduct. The Court advises Plaintiff that his motions should only include
21 information that is relevant to the motion before the Court. Allegations of staff misconduct that
22 occurred after the incidents that are alleged in his complaint are irrelevant to the issues proceeding
23 in this action and should not be included in future motions.

24  Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to serve
25 discovery on the California Department of Corrections is DENIED.

26  IT IS SO ORDERED.

27  Dated:   **July 23, 2012**              /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE
28