# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>   Plaintiff,<br><br>   v.<br><br>GALLAGHER, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:11-cv-00446-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR COURT ORDER AND DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE AS A SANCTION<br><br>(ECF Nos. 79, 80)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations on Plaintiff's Motion for a Court Order**

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment. On October 26, 2012, Plaintiff filed a motion to compel, motion for a court order, and motion for a extension of time of the discovery cut-off date. (ECF Nos. 78, 79, 80.) Plaintiff is seeking an order directing prison officials to provide him with five hours of access to the law library per week.

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff has been informed in numerous orders that the Court cannot grant his requested relief for access to the law library. As Plaintiff has previously been informed, the pendency of this action provides no basis upon which to award Plaintiff the injunctive relief he is seeking. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03, 107 (1998). The relief requested by Plaintiff is not related to the underlying claims against Defendants Gallagher and Romero. Since the relief sought would not remedy the violation of the Federal rights at issue here, the Court cannot grant the requested relief.

All of Plaintiff's motions have been denied on the same grounds. On October 1, 2011, Plaintiff's motion for a court order for physical access to the law library was denied. (ECF No. 22.) On October 25, 2011, Plaintiff's motion for a court order to provide him access to the law library was denied. (ECF No. 30.) On February 3, 2012, Plaintiff was advised that further "motions for injunctive relief that are baseless and filed in contravention of the applicable legal standards Plaintiff has been provided with will result in the imposition of sanctions deemed appropriate by this Court." (Order Denying Plaintiff's Motions for Injunctive Relief 3:17-18, ECF No. 44.) Thus, all of Plaintiff's motions have been denied, and Plaintiff was forewarned that further such motions would be grounds for sanctions.

Subsequently, Plaintiff filed yet another motion for a court order on April 6, 2012, and was

advised in the findings and recommendations filed April 16, 2012, that this action did not give the Court jurisdiction to order the prison to give him access to the law library. (ECF Nos. 58, 62.) The current motion is the second motion for a court order requesting access to the library that Plaintiff has filed since being warned that sanctions would issue if he filed further motions in contravention of the applicable legal standards.

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)).

In this instance, the Court finds that Plaintiff wilfully continued to file baseless motions in contravention of the applicable legal standards provided in Court orders and after being forewarned that sanctions would be imposed. The Court finds that plaintiff's conduct is bad faith abuse of the judicial process. Fink, 239 F.3d at 991. The Court finds that the imposition of sanctions are appropriate based upon Plaintiff's continued disregard of the Court's orders.

In considering the sanctions to be imposed, the Court evaluated available alternatives. Plaintiff has brought this action alleging serious physical injuries due to the actions of Defendants, and therefore, terminating sanctions would be too severe a penalty to impose at this juncture in the action. Since Plaintiff is incarcerated and proceeding pro se, imposing monetary sanctions would be of no consequence. In considering the sanctions that would be appropriate, the Court recommends that Plaintiff's motion for a forty-five day extension of the discovery cut-off date be denied as a sanction for Plaintiff's filing the current motion for a court order.

/////
/////
/////
/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a court order, filed October 26, 2012, be denied; and

2. As a sanction for bringing this motion, Plaintiff's motion for a forty-five day extension of the discovery deadline, filed October 26, 2012, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 30, 2012                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE