# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:11-cv-00446-LJO-BAM PC<br><br>AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE WRITTEN INTERROGATORIES<br><br>(ECF Nos. 73, 75, 82, 86) |

　　Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2012, Plaintiff filed a motion for an extension of time to serve written depositions on non-parties to this action. (ECF No. 73.) The Court denied the motion on October 17, 2012, and granted Plaintiff thirty days in which to file a motion to extend the discovery deadline to depose non-parties to this action. (ECF No. 75.)

　　On November 2, 2012, Plaintiff filed a motion for an extension of time to serve written depositions on non-parties and subpoenas duces tecum on non-parties. (ECF No. 82.) On November 20, 2012, Plaintiff's motion was denied as untimely, however upon review of the docket in this action, the Court finds that the motion was filed within the thirty days granted on October 17, 2012. (ECF No. 86.) Accordingly, the order denying Plaintiff's motion for an extension of time as untimely shall be vacated, and the Court shall address Plaintiff's motion.

　　In the order granting Plaintiff thirty days in which to file a motion to extend the discovery deadline to depose non-parties, Plaintiff was advised that the Federal Rules require the recording of

1  the deposition before an officer.  Fed. R. Civ. P. 31(a)(3).  In order to obtain an extension of time
2  he must make a showing that he has the ability to retain and compensate an officer to take
3  depositions of non-parties.  (Order Denying Plaintiff's Motion to Amend the Discovery Deadline
4  1:25-2:4, ECF No. 75.)  In his current motion, Plaintiff states that he "is completely indigent but his
5  need for these depositions upon written questions far outweighs denying this motion when there
6  must be some possible way to financially or somehow assist me in administering an oath and
7  recording the written depositions or allowing a declaration instead and waiving the recording in lieu
8  of written responses." (Plaintiff's Motion for Extension of the Discovery Deadline 2, ECF No. 82.)

9       Nothing in the in forma pauperis statute authorizes the expenditure of public funds for a
10 court-appointed deposition reporter to record depositions.  See 28 U.S.C. § 1915; Miller v. Rufion,
11 No. 1:08-cv-01233, 2010 WL 2485956, at *1 (E.D.Cal. June 14, 2010) (in forma pauperis statute
12 does not authorize payment of court appointed deposition recorder); Wright v. United States, 948
13 F.Supp. 61, 61-62 (M.D.Fla 1996) (party proceeding in forma pauperis is responsible for paying
14 discovery costs, including costs of depositions, fees for court reporters and transcripts).  Plaintiff's
15 motion for the extension of the discovery deadline to depose non-parties to this action is denied
16 based upon his failure to show that he has the ability to retain and compensate an officer to take the
17 depositions.

18      Plaintiff may attempt to obtain declarations from non-parties.  However, the discovery rules
19 distinguish between parties and non-parties to litigation, and the Court cannot compel a non-party
20 to provide a declaration to Plaintiff.

21      Finally, to the extent that Plaintiff is now seeking an extension of time to serve subpoenas
22 duces tecum on non-parties, discovery in this action closed on October 22, 2012.  Plaintiff's motion
23 is signed October 23, 2012, after the closure of discovery in this action.  In the order opening
24 discovery, Plaintiff was advised that any request for an extension of a deadline set by the order must
25 be filed on or before the deadline to be extended.  (Discovery and Scheduling Order ¶ 10, ECF No.
26 50.)  Additionally, Plaintiff's motion to extend the discovery deadline in this action has been denied
27 as a sanction for his failure to comply with orders of the Court.
28 ///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The order denying Plaintiff's motion for an extension of time to serve written discovery as untimely, filed November 20, 2012, is VACATED; and

2. Plaintiff's motion for an extension of the discovery deadline, filed November 2, 2102, is DENIED.

IT IS SO ORDERED.

Dated:    **November 21, 2012**              /s/ **Barbara A. McAuliffe**
                                                   UNITED STATES MAGISTRATE JUDGE