# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>             Plaintiff,<br><br>    v.<br><br>P. GALLAGHER, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:11-cv-0446-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER TO VACATE THE DEADLINE FOR FILING DISPOSITIVE MOTIONS<br>(Doc. 92) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 17, 2012, Defendants filed a motion to modify the scheduling order. (Doc. 92.)

**BACKGROUND**

On February 22, 2012, the Court entered a Scheduling Order. Pursuant to that order, the deadline to file pre-trial dispositive motions is December 31, 2012. (Doc. 50.)

On October 22, 2012, Defendants filed a motion to compel Plaintiff to provide supplemental responses to interrogatories and requests for production of documents.[1] (Doc. 77.) Defendants believe that the outstanding discovery is directly relevant to the claims against them.

On December 6, 2012, the Court ordered Plaintiff to file an opposition or statement of non-opposition to Defendants' motion to compel by January 5, 2013. The Court also warned Plaintiff that his failure to file a response would result in dismissal of this action, with prejudice, for failure

---

[1] On October 26, 2012, Plaintiff filed a generalized motion to compel discovery. Doc. 78.

1

1   to prosecute. (Doc. 91.)

2   Due to the pending motion to compel, Defendants seek to vacate the December 31, 2012
3   deadline for filing dispositive motions. (Doc. 92.)

**DISCUSSION**

A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.

B.   Analysis

Defendants contend that there is good cause to modify the scheduling order because their motion to compel will not be resolved until after the dispositive motion deadline has passed. Defendants believe that the outstanding discovery contains information necessary to their anticipated summary judgment motion. Defendants also note that if Plaintiff fails to comply with the Court's order, then the action will be dismissed, which will obviate the need for Defendants to file a dispositive motion. The Court finds that good cause exists to modify the scheduling order. Based upon the pleadings and the status of the case, the Court finds that it may rule on the motion in the absence of plaintiff's opposition.

**CONCLUSION AND ORDER**

For good cause appearing, Defendants' motion to modify the scheduling order is GRANTED. The December 31, 2012 dispositive motion deadline is HEREBY VACATED. If necessary and appropriate, the Court will reset the dispositive motion deadline upon resolution of the pending motions to compel.

IT IS SO ORDERED.

Dated:   December 19, 2012              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE