UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT<br><br>Plaintiff,<br><br>v.<br><br>P. GALLAGHER, et al.,<br><br>Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE, AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE  (ECF No. 77)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.

**I.     Background**

On October 22, 2012, Defendants Gallagher and Romero filed the instant motion for an order compelling Plaintiff to respond to Defendant Gallagher's first set of interrogatories, Defendant Romero's first set of interrogatories, Defendant Gallagher's first set of requests for production of documents and Defendant Romero's first set of requests for production of documents. (ECF No. 77.)

1  Defendants contend that they each served their first set of discovery requests on Plaintiff, which
2  included both interrogatories and requests for production of documents, on July 31, 2012.
3     On August 21, 2012, Plaintiff served responses to Defendant Gallagher's interrogatories.
4  According to Defendants, several of the responses offered a quid pro quo; that is, Plaintiff indicated
5  that he would only answer the interrogatory when Defendants produced the results of an internal
6  investigation related to Plaintiff's allegations.  These responses were provided after Defendants had
7  verified, on multiple occasions, that they did not have possession, custody or control of that internal
8  investigation.
9     On October 2, 2012, Plaintiff served responses to Defendant Romero's interrogatories, along
10 with responses to Defendants' requests for production of documents.  Plaintiff's set of responses also
11 offered the described "quid pro quo."  (ECF No. 77.)
12    Defendants now move to compel Plaintiff's responses to their interrogatories and requests for
13 production of documents.
14    Following a directive from the Court, and a warning of potential dismissal, Plaintiff filed an
15 opposition to Defendants' motion to compel on December 26, 2012.  (ECF No. 94.)  Plaintiff filed an
16 additional notice regarding his opposition on January 14, 2013.  (ECF No. 101.)  In his December 26,
17 2012 opposition, Plaintiff claims that he cannot answer Defendants' interrogatories until he receives
18 investigation evidence in the custody of the California Department of Corrections and Rehabilitation.
19 Plaintiff refers the Court to the motion to compel that he filed on October 26, 2012.  Plaintiff also
20 contends that he was prevented from accessing the law library in order to pursue his own discovery
21 requests.

22    **II.**    **Discussion**
23        **A. Interrogatories**
24          1.  Standard
25    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
26 party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery
27 appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.
28 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent

possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(A).

2.  Discussion

Defendants assert that Plaintiff did not provide a valid objection or a full answer to Defendant Gallagher's Interrogatories 1, 2, 6, 7, and 21; and Defendant Romero's Interrogatories 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19.  In response to each of these interrogatories, Plaintiff states:

> Responding party objects on the grounds that defendants have deliberately failed to provide me all the discovery I requested regarding CDCR's investigation(s) of the incident that is the subject matter of this litigation.  This Response will be supplemented after you comply with my Request and provide me the 'complete record of these investigations' so that I can respond to this Request fully and completely.

(ECF No. 77, Exs. A and B.)  Defendants contend that these answers are unresponsive and improper given that Defendants have explained on multiple occasions that they do not have possession or control of the investigation Plaintiff is seeking.  Defendants also indicate that Plaintiff has made no effort to obtain this investigation report by alternate means, even after the Court provided explicit instructions on how to do so.  (ECF No. 68, p. 2; ECF No. 56 at 1.)  Defendants further indicate that Plaintiff's boilerplate response fails to explain why he cannot properly respond to the interrogatories based on his memory and other case-related documents in his possession.

Plaintiff counters that he provided responses to these interrogatories during the course of his deposition.  Plaintiff also argues that he cannot provide complete responses or know the answers to the interrogatories unless Defendants comply with his discovery request for the complete investigation.  Plaintiff also argues that he has been unable to timely serve his discovery requests to non-parties in part due to obstruction by CDCR employees and law library access.  Plaintiff requests that the Court continue this discovery motion and order Defendants to produce the investigation evidence.

3

The Court finds that Plaintiff has failed to provide a valid objection or a full answer to Defendant Gallagher's Interrogatories 1, 2, 6, 7, and 21; and Defendant Romero's Interrogatories 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19 as required by Fed. R. Civ. P. 33.  Plaintiff does not explain why he is unable to respond to interrogatories based upon his own memory and documents in his possession.  That Plaintiff provided responses to deposition questions is not sufficient.  In sum, Plaintiff was required to object or to provide responses to the interrogatories.  Plaintiff is not permitted to withhold information simply because he seeks certain discovery from Defendants.  Moreover, in the event Plaintiff subsequently obtains information after providing his initial interrogatory responses, such as a copy of an investigation report, then he is obligated to supplement his responses.  Fed. R. Civ. P. 26(e).

Accordingly, the Court will grant Defendants' motion to compel responses to Defendants' interrogatories.  Plaintiff shall be required to answer the interrogatories separately and fully in writing under oath to the best of his ability from his memory and the documents in his possession.  Fed. R. Civ. P. 33(b)(3).  Plaintiff also shall be under a continuing obligation to supplement his responses, as necessary, pursuant to Fed. R. Civ. P. 26(e).

### B. Requests for Production

#### 1. Standard

In responding to requests for production, Federal Rule of Civil Procedure 34 provides that "[f]or each item or category, the response must either state that inspection and related activities be permitted as requested or state an objection to the request, including the reason."  Fed. R. Civ. P. 34(b)(2)(B).

#### 2. Discussion

Defendant Gallagher served Plaintiff with eight requests for production of documents.  Similarly, Defendant Romero served Plaintiff with eight requests for production of documents.  In reply to fourteen (of sixteen total) requests for production of documents, Plaintiff made the following boilerplate response:

> Responding party objects on the grounds that defendants have deliberately failed to provide me any of the discovery I requested regarding CDCR's investigation(s) of the

alleged incident that is the subject of this litigation.  This Response will be supplemented after you comply with my Request and provide to me 'the complete record of these investigations' so that I can respond to this request fully and completely.

(ECF No. 77, Exs. E and F.)

Defendants contend that they are not asking Plaintiff to produce documents that he does not have in his possession.  However, Defendants assert that to the extent that Plaintiff may have other documents in his possession or control, Plaintiff's responses to the requests for production are inadequate.  As an example, Defendants note that Plaintiff does not explain why he cannot produce copies of any appeals he submitted in connection with this lawsuit.  (ECF No. 77, Ex. E.)

Plaintiff does not address the requests for production of documents in his opposition.  However, construing his opposition generally, Plaintiff contends that he cannot provide complete responses until he receives discovery of certain items related to the investigation of the incident at issue.

The Court finds that Plaintiff has failed to provide adequate responses to Defendants' requests for production of documents.  To the extent Plaintiff has responsive documents, he is required to produce them absent an appropriate objection.  Fed. R. Civ. P. 34(b)(2)(B).  Accordingly, the Court will grant Defendants' motion to compel responses to Defendants' requests for production of documents.  Plaintiff shall be required to produce responsive documents in his possession or control.  Fed. R. Civ. P. 34(b)(2)(B).  As stated by Defendants, Plaintiff is not required to produce documents that are not in his possession.  However, if Plaintiff does not have responsive documents in his possession or control, then Plaintiff must state that in his response to the request for production.  Plaintiff also shall be under a continuing obligation to supplement his production, as necessary, pursuant to Fed. R. Civ. P. 26(e).

### III.     Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel Plaintiff's responses to Defendants' Interrogatories, Set One, and Requests for Production of Documents, Set One is GRANTED;
2. Within thirty (30) days from the date of this order, Plaintiff shall answer Defendant Gallagher's Interrogatories 1, 2, 6, 7, and 21 and Defendant Romero's Interrogatories 1, 2,

5

      4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, and 19 separately and fully in writing under oath to the best of his ability from his memory and the documents in his possession; and

3. Within thirty (30) days from the date of this order, Plaintiff shall produce documents in his possession or control responsive to Defendant Gallagher's requests for production of documents 1-6 and 8 and Defendant Romero's requests for production of documents 1-6 and 8.

IT IS SO ORDERED.

Dated:   **July 5, 2013**　　　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

    4.