1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  KEVIN DARNELL BRYANT ) Case No.: 1:11-cv-00446-LJO-BAM PC
)
12              Plaintiff,      ) ORDER DENYING PLAINTIFF'S MOTION FOR
) COURT ORDER COMPELLING DISCOVERY
13        v.                    ) (ECF No. 78)
)
14  P. GALLAGHER, et al.,       )
)
15              Defendants.     )
)
16  _____ )

17        Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19  Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate

20  indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants

21  Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to

22  protect in violation of the Eighth Amendment.

23        **I.        Procedural Background**

24        On March 12, 2012, Plaintiff filed a motion for two blank subpoenas duces tecum to request

25  documents from non-parties.  (ECF No. 55.)  On March 14, 2012, the Court denied Plaintiff's motion

26  and explained that Plaintiff may be entitled to the issuance of a subpoena commanding the production

27  of documents from non-parties subject to certain requirements.  The Court advised Plaintiff that it

28  would consider granting such a request *only if* the documents sought from the non-party are

1

discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production of documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34.  The Court also informed Plaintiff that in order to obtain a subpoena duces tecum, Plaintiff must (1) inform the Court of the purpose of the subpoena, (2) identify with specificity the documents sought and from whom; and (3) make a showing that the records are only obtainable through that third party.  (ECF No. 56.)

Thereafter, defense counsel received Plaintiff's first set of discovery, including requests for production of documents, on April 3, 2012.  (ECF No. 83-1, Declaration of T. Delgado ("Delgado Dec.") ¶ 2.)  Defendants served their responses to the first set of discovery requests on May 23, 2012.  (ECF No. 83-1, Delgado Dec. ¶ 3.)  In response to six (of nine) requests for production, Defendants indicated that they did not have any responsive documents in their possession, custody, or control.  (ECF No. 83-1, Ex. A.)

On July 5, 2012, defense counsel received Plaintiff's second set of discovery requests, which included requests for production of documents.  (ECF No. 83-1, Delgado Dec. ¶ 4.)  Defendants served their responses to the second set of discovery requests on August 14, 2013.  (ECF No. 83-1, Delgado Dec. ¶ 5.)  In response to the two additional requests for production, Defendants indicated that they did not have any responsive documents in their possession, custody, or control.  (ECF No. 83-1, Ex. D.)

On July 16, 2012, Plaintiff filed a motion to serve discovery on non-party employees and custodian of records of CDCR, along with the issuance of subpoenas duces tecum.  (ECF No. 67.)  On July 23, 2012, the Court denied Plaintiff's motion to serve discovery on CDCR.  The Court determined that Plaintiff was attempting to obtain the results of a confidential investigation into his alleged complaints, much of which involved incidents that occurred after the events alleged here and were irrelevant to the claims in this action.  The Court also informed Plaintiff that he must obtain discovery by serving requests for production of documents on Defendants and that the Court would only become involved if there was a discovery dispute.  (ECF No. 68.)

On October 18, 2012, a few days prior to the discovery deadline in this action, Plaintiff served the instant motion to compel.  (ECF No. 78.)  Plaintiff also filed a motion to extend the discovery

deadline and a motion for a court order directing prison officials at Kern Valley State Prison to provide him with a set number of law library hours each week.  (ECF Nos. 79, 80.)

On October 31, 2012, the undersigned issued findings and recommendations that Plaintiff's motion for law library access be denied and that Plaintiff's motion for a forty-five day extension of the discovery cut-off be denied as a sanction for Plaintiff's motion for court order.  (ECF No. 81.)  The District Judge adopted the Findings and Recommendations on November 20, 2012.  (ECF No. 87.)

On November 2, 2012, Plaintiff filed a motion for an extension of time to serve written discovery on non-parties.  (ECF No. 82.)  The Court denied the motion as untimely because it was signed and filed after the discovery deadline had expired.  (ECF No. 86.)

## II.     Standard

Plaintiff appears to compel responses to certain requests for production of documents and responses to interrogatories.  In responding to requests for production, defendants must produce documents or other tangible things which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a).  Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required.  "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document."  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

In responding to interrogatories, Defendants must answer each interrogatory separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).  The grounds for objecting to an interrogatory must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).

## III.     Discussion

Plaintiff seeks to compel discovery regarding the following:  (1) production of the investigation of the alleged assault at issue; (2) all 602 appeals, staff misconduct complaints, citizen complaints, civil action and criminal actions filed against Defendants alleging they assaulted inmates

3

or had an inmate assaulted by other inmates; (3) Defendant Romero's first, middle and last name; (4) a recording of every interview of Plaintiff and every other official related to this case, including Inmate Vargas and anyone who was questioned or gave information; (5) a copy of the cell roster or unlock, showing the full names and CDCR numbers, for all inmates housed in building C3 on June 8, 2010; (6) the current location, addresses and photos of each inmate housed in building C3 on June 8, 2010; and (7) the full name of all supervisory custody staff who worked c-yard during both second and third watch on June 7 and June 8, 2010.  (ECF No. 78, pp. 5-8.)

A.  Categories 1, 2, 4 and 5

Defendants contend that for the four categories of information described in 1, 2, 4 and 5 above, Plaintiff has failed to identify the specific discovery request at issue or link these categories with any discovery request.  Defendants argue that this alone is grounds for denying Plaintiff's motion with regard to these categories.

Although the Court does not hold pro se litigants to the same standard that it holds attorneys, the moving party must inform the Court which discovery requests are the subject of the motion to compel, which responses are disputed, why the responses are deficient, why the objections are not justified, and why the information sought is relevant to the prosecution of this action. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir.2002) (moving party bears burden of showing that denial of discovery results in actual and substantial prejudice); see, e.g., Brooks v. Alameida, 2009 WL 331358, at *2 (E.D.Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D.Cal. Mar.27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.").

With regard to category 1 concerning investigations, Plaintiff refers to his Request for Production of Documents, Set One, and Defendants' responses.  (ECF 78, p. 5.)  The Court has reviewed Plaintiff's requests and Defendants' responses, but cannot locate the particular request for production at issue.  The Court deduces that Plaintiff is referring to his Request for Production No. 1,

1    which seeks "[a]ll documents . . . that were written or created on or after 6/8/10, that pertain either

2    directly or indirectly to the incident that is the subject matter of this litigation."  (ECF No. 78, p. 10.)

3    In response to this request, Defendants stated, in effect, that "[a]fter a diligent search, Defendants do

4    not have in their possession, custody, or control, any documents responsive to this request."  (ECF No.

5    78, p. 11.)

6        Analysis

7        Plaintiff does not indicate how this response is insufficient.  It is apparent that Plaintiff

8    understands that Defendants are CDCR employees and that CDCR has possession, custody and control

9    of the requested documents.  (ECF No. 78, p. 5.)  Despite the Court's explicit instructions regarding

10   how to obtain documents from a non-party, Plaintiff failed to timely request a subpoena duces tecum

11   after receiving Defendants' discovery responses.  The Court will not compel Defendants to produce

12   documents not in their possession, custody and control.

13       Additionally, the Court notes that Plaintiff included the following relevant document request in

14   Set Two of his Request for Production of Documents:

15       **Request for Production 1:**

16       Provide me copies of any and all documents that have been created relating to this case

17   resulting from any and all inmates that have been questioned or interviewed regarding this case or me.

18   Including all my prior cellmates.

19       **Response to Request for Production 1:**

20       Objection.  This request is vague and ambiguous with respect to the terms "relating to this

21   case," and "regarding this case or me."  Defendants further object that this request is overly broad and

22   unduly burdensome.

23       Defendants object to this request to the extent that is calls for the production of documents

24   within the control of third parties, including independent officers of the California Department of

25   Corrections and Rehabilitation, whose documents are not within Defendants' possession, custody, or

26   control.

27

28

1    Defendants further object on the grounds that this request seeks information that is protected

2    from discovery by the attorney-client privilege, the attorney work-product doctrine, and Federal Rule

3    of Civil Procedure 26(b)(3).

4    Finally, to the extent that any responsive documents exist, this request seeks information that is

5    protected from disclosure by California Penal Code §§ 832.5, 6126.3, and 6126.4, and California

6    Government Code § 6254.

7    Without waiving these objections, Defendants respond as follows:  Defendants do not have in

8    their possession, custody, or control any non-privileged documents responsive to this request.

9    Analysis

10   Plaintiff again fails to address Defendants' objections or indicate how this response is

11   insufficient.  Indeed, the response clearly indicates that non-privileged documents are in the

12   possession, custody, or control of CDCR, not Defendants.  Despite the Court's instructions on how to

13   obtain documents from a non-party, Plaintiff did not seek a timely subpoena deuces tecum after

14   receiving Defendants' discovery responses.

15   With regard to category 2 concerning all 602 appeals and complaints against Defendants,

16   Plaintiff refers the Court to Exhibit B, pages 65 and 68.  Based on this reference, the Court has

17   determined that Plaintiff is referring to interrogatory number 8 in Plaintiff's interrogatories, set one,

18   served on Defendant Romero (ECF No. 78, p. 28) and to interrogatory number 8 in Plaintiff's

19   interrogatories, set one, served on Defendant Gallagher (ECF No. 78, p. 42.)  Despite Plaintiff's

20   assertions, the Court has reviewed Plaintiff's motions and exhibits, but cannot locate a proper request

21   for production of documents in compliance with Federal Rule of Civil Procedure 34 that corresponds

22   to category 2.  Accordingly, the Court cannot compel production of any documents.

23   With regard to category 4, the Court has located the following in Plaintiff's Request for

24   Production of Documents, Set One:

25   **Request for Production 2:**

26   A copy of all audio and video recordings of my statements I made to any KVSP staff regarding

27   the incident that is the subject matter of this litigation, including the ones recorded by the Internal

28   Affairs staff at KVSP.

1    **Response to Request for Production 2:**

2        Defendants do not have in their possession, custody, or control, any audio or video recordings

3    responsive to this request.

4    **Request for Production 3:**

5        A copy of all audio and video recordings of my statement I made to any KVSP staff from

6    7/12/10 to 12/21/11 in your possession, custody, or under the control of your employer CDCR.  This

7    must include those made on 7/12/10, 9/30/10, 8/25/11, 9/21/11, 9/30/11 (by Geral Biane) and on

8    12/21/11.  Please copy these onto audio and video CD and DVD's uncut and un-edited.

9    **Response to Request for Production 3:**

10       Defendants do not have in their possession, custody, or control, any items responsive to this

11   request.

12   **Request for Production 5:**

13       All documents, correspondence and recordings of inmate Vargas (J-63103) in your possession,

14   custody, or in the possession, custody or control of your employer CDCR, that were written or created

15   on or after 6/8/10, that pertain either directly or indirectly to the incident that is the subject matter of

16   this litigation.  Please don't claim any confidentiality or privilege for this third party that he did not

17   expressly authorize you to claim "in this case."

18   **Response to Request for Production 5:**

19       Defendants do not have in their possession, custody, or control, any documents responsive to

20   this request.

21       The Court also has located the following in Plaintiff's Request for Production of Documents,

22   Set Two:

23   **Request for Production 2:**

24       Provide me copies of any and all audio and video recordings that were created relating to this

25   case resulting from any and all inmates that have been questioned or interviewed regarding me or this

26   case.  Including but not limited to, all my prior cellmates back to the date of the assault to the present

27   date.

28   ///

7

**Response to Request for Production 2:**

Objection.  This request is vague and ambiguous with respect to the terms "relating to this case," and "regarding this case or me."  Defendants further object that this request is overly broad and unduly burdensome.

Defendants object to this request to the extent that it calls for the production of materials within the control of third parties, including independent officers of the California Department of Corrections and Rehabilitation, whose materials are not within Defendants' possession, custody, or control.

Finally, to the extent that any responsive materials exist, this request seeks information that is protected from disclosure by California Penal Code §§ 832.5, 6126.3, and 6126.4, and California Government Code § 6254.

Without waiving these objections, Defendants respond as follows:  Defendants do not have in their possession, custody, or control any materials responsive to this request.

Analysis

Plaintiff has not demonstrated why or how Defendants' responses to these requests for production are inadequate.  (ECF No. 78, p. 7.)  Plaintiff has been informed that CDCR would have possession, custody and control of the requested items.  (ECF No. 78, pp. 5, 55.)  As noted above, despite the Court's instructions on how to obtain documents from a non-party, Plaintiff failed to timely request a subpoena duces tecum for documents maintained by CDCR.  The Court will not compel Defendants to produce documents not in their possession, custody and control.

With regard to category 4, the Court has located the following in Plaintiff's Request for Production of Documents, Set One:

**Request for Production 6:**

A copy of the C3 inmate housing roster showing the full names, CDCR numbers and cell locations of all inmates that were housed in bldg., C3 on 6/8/10, the date of the alleged incident.

**Response to Request for Production 6:**

Objection.  This request seeks information pertaining to other inmates in the custody of the California Department of Corrections and Rehabilitation, and that information is privileged under State law.

8

1    Analysis

2        Plaintiff does not address Defendants' objection or demonstrate how the response is

3    inadequate.  (ECF No. 78, p. 7.)  Plaintiff also does not explain why he seeks this information and the

4    Court will not presume his reasons.  Accordingly, the Court will not compel Defendants to provide a

5    further response.

6        B.   Category 3

7        Plaintiff seeks the full name of Defendant Romero to "search[] the Court's case name database

8    for other cases that have been filed against defendants."  (ECF No. 78, p. 6.)  Defendants contend that

9    Plaintiff has failed to acknowledge Defendant Romero's objections to this request and has failed to

10   indicate that he has actual access to any "database" of court cases.

11        Plaintiff propounded the following interrogatory:

12   **Interrogatory 6:**

13        Please state your full complete name, first, middle, and last, your date of birth and all names

14   that you have ever used before.

15   **Response to Interrogatory 6:**

16        Romero objects on the grounds that this interrogatory seeks information that is protected by his

17   right to privacy under State law.  In addition, the interrogatory seeks information that is irrelevant and

18   not calculated to lead to the discovery of admissible evidence.  Without waiving these objections,

19   Romero responds as follows:  Defendant R. Romero has not used any other names or aliases for

20   personal or business purposes.

21        Analysis

22        As contended by Defendants, Plaintiff has failed to address Defendant Romero's objections

23   and has failed to demonstrate how this response is insufficient.  (ECF No. 78, p. 6.)  Given Defendant

24   Romero's profession, disclosure of his full name and date of birth presents legitimate safety and

25   security concerns.  Further, Plaintiff has failed to demonstrate how this response is inadequate for any

26   purported database search.

27   ///

28   ///

9

### C.  Category 6

In this category, Plaintiff seeks the current location, addresses and photos of each inmate housed in building C3 on June 8, 2010.  Defendants contend that this request should be denied because they have explained that they do not have any responsive documents in their possession, custody or control and Plaintiff has failed to timely pursue an alternate means for obtaining non-party discovery.

The Court has located the following interrogatory from Plaintiff's Interrogatories to Defendant Romero, Set One:

**Interrogatory 21:**

Please state the full names, CDCR number and current location (address & cell no.) of each and every inmate that was housed in building C3 on 6/8/10 when the incident occurred.

**Response to Interrogatory 21:**

Romero objects on the grounds that the interrogatory seeks information protected under State law, the disclosure of which would compromise institutional safety and security, as well as third-party privacy rights.  In addition, Romero does not know the names or CDCR numbers of the inmate that were housed in Facility C, Building 3 on June 8, 2010, nor is he aware of their current locations. (ECF No. 78, pp. 30-31.)

The Court has located the following interrogatory from Plaintiff's Interrogatories to Defendant Gallagher, Set One:

**Interrogatory 21:**

Please state the full names, CDCR number and current location (address & cell no.) of each and every inmate that was housed in building C3 on 6/8/10 when the incident occurred."

**Response to Interrogatory 21:**

Gallagher objects on the grounds that the interrogatory seeks information protected under State law, the disclosure of which would compromise institutional safety and security, as well as third-party privacy rights.  In addition, Gallagher does not know the names or CDCR numbers of the inmate that were housed in Facility C, Building 3 on June 8, 2010; nor is he aware of their current locations. (ECF No. 78, pp. 44-45.)

///

10

1    Analysis

2    Defendants have clearly indicated that they do not know the information requested by Plaintiff.

3    As such, the Court cannot require Defendants to provide a further response.  Plaintiff has suggested

4    that Lt. Stiles and the Bakersfield Office of Internal Affairs should have the names, addresses and

5    photos.  (ECF No. 78, p. 7.)  However, despite the Court's instructions regarding the procedure and

6    timing for obtaining non-party discovery, Plaintiff failed to timely request a subpoena duces tecum

7    after receiving Defendants' discovery responses.

8            D.  Category 7

9    In category 7, Plaintiff requests the full name of all supervisory custody staff in their entirety

10   who worked c-yard on 6/7/10 and 6/8/10 during the second and third shifts.  Plaintiff contends that

11   supervisory staff is relevant to his investigation.  (ECF No. 78, p. 7.)  Defendants counter that Plaintiff

12   does not address Defendants' objections and does not meet his burden to explain how the requested

13   information is relevant.  (ECF No. 83, pp. 9-10.)

14   Plaintiff references Interrogatories to Defendant Romero, Set One:

15   **Interrogatory 3:**

16   Please state the full complete names, title and current location of all facility "C" supervisory

17   officers who worked on facility "C" from 6:00 a.m. on 6/6/10 to 10:00 p.m. on 6/10/10.  Please list in

18   chronological order, all Sgt's, Lt.'s, Capt's.

19   **Response to Interrogatory 3:**

20   Romero objects on the grounds that this interrogatory is overbroad and seeks information that

21   is irrelevant and not calculated to lead to the discovery of admissible evidence.  Without waiving these

22   objections, Romero responds as follows:  after a reasonable inquiry, Romero cannot recall the

23   supervisory personnel responsible for Facility C on June 8, 2010, during the 6:00 a.m. to 2:00 p.m.

24   shift.  (ECF No. 78, p. 25.)

25   Analysis

26   As Defendants contend, Plaintiff has failed to address Defendants' objections.  Plaintiff also

27   has failed to indicate how the requested information is relevant to his action against Defendants

28

Romero and Gallagher.  Plaintiff's conclusory assertion that the information is relevant to his investigation is not sufficient.

      E.  Requests Directed to Third Parties

Plaintiff has attached additional discovery directed at non-parties, including requests for production, requests for admissions and interrogatories.  (ECF No. 78, at pp. 80, 90, 102, and 114.) To the extent that Plaintiff is attempting to serve this discovery on the non-parties, he may not do so.

First, the third-party discovery is not timely.  The Court's discovery and scheduling order requires that discovery requests be served at least forty-five days before the discovery deadline.  (ECF No. 50, p. 1.)  Here, the discovery deadline was October 22, 2012, but Plaintiff did not mail the third party discovery requests until October 18, 2012.  (ECF No. 78, p. 128).

Second, Plaintiff's proposed third-party discovery includes interrogatories and requests for admissions.  However, Plaintiff may not serve interrogatories and requests for admissions on non-parties.  Fed. R. Civ. P. 33(a) ("a party may serve on any other party . . . written interrogatories"); Fed. R. Civ. P. 36(a) ("a party may serve on any other party a written request to admit . . . ").

Third, and finally, Plaintiff did not follow the proper procedures for obtaining non-party discovery.  As discussed above, the Court explained to Plaintiff the proper mechanism and sequence for obtaining documents from non-parties to this action, but Plaintiff did not request a subpoena duces tecum in compliance with the Court's orders after receiving Defendants' discovery responses.

**IV.     Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to compel, which was filed on October 18, 2012, is DENIED;

2.  Defendants are admonished that they may not rely on any documents or information, at either the summary judgment or trial stage of these proceedings, for which they have claimed to lack "possession, custody or control."  Failure to abide by this admonishment may result in the imposition of sanctions; and

3.  The parties are reminded of their continuing obligation to timely supplement or correct responses to interrogatories, requests for production or requests for admission if they "learn[] that in some material respect the disclosure or response is incomplete or incorrect,

and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

IT IS SO ORDERED.

Dated:   **July 17, 2013**                         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

13