UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 105)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A DOCKET SHEET AND DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF WITH COPY OF DOCKET (ECF No. 108) |

　　　　On March 18, 2013, Plaintiff filed a motion seeking the appointment of counsel.  (ECF No. 105.)  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At the time Plaintiff filed his motion, he requested the appointment of counsel because he was housed in the California Medical Facility, Department of Mental Health ("DMH") and placed on suicide watch. Subsequent to that time, Plaintiff was transferred from that facility to California State Prison – Corcoran. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, Plaintiff is no longer housed at DMH. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice. However, Plaintiff also filed a motion for a docket sheet and a request for status of this case on May 2, 2013. (ECF No. 108.) Based on his transfers to different facilities, Plaintiff's request for a copy of the docket sheet is GRANTED. The Clerk's Office is DIRECTED to send Plaintiff a copy of the docket.

IT IS SO ORDERED.

Dated: **July 17, 2013**                    /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE