UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>P. GALLAGHER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF No. 118) |

### I.     Procedural Background

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment. Pursuant to a discovery and scheduling order, the discovery deadline in this action expired on October 22, 2012. (ECF No. 50.)

On October 18, 2012, Plaintiff filed a motion to compel Defendants to provide responses to certain requests for production of documents and responses to interrogatories. (ECF No. 78.) Plaintiff also filed a motion to extend the discovery deadline and a motion for a court order directing prison

officials at Kern Valley State Prison to provide him with a set number of law library hours each week. (ECF Nos. 79, 80.)

On October 31, 2012, the Magistrate Judge issued findings and recommendations that Plaintiff's motion for law library access be denied and that Plaintiff's motion for a forty-five day extension of the discovery cut-off be denied as a sanction for Plaintiff's motion for court order. (ECF No. 81.) The undersigned adopted the findings and recommendations on November 20, 2012. (ECF No. 87.)

On July 12, 2013, Plaintiff filed a motion requesting the reopening of discovery for an additional 180 days in this action. (ECF Nos. 113, 114.) The motion is pending and Plaintiff's reply is due on April 22, 2014. (ECF No. 132.)

On July 29, 2013, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order on July 17, 2013, denying his motion for a court order compelling discovery. (ECF No. 118.) Defendants did not respond and the motion is deemed submitted. Local Rule 230(l).

**II.     Motion for Reconsideration**

The Magistrate Judge's decision on nondispositive pretrial issues is reviewed under the clearly erroneous standard. Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law.")

In this instance, Plaintiff has not established that the Magistrate Judge's order was "clearly erroneous" or "contrary to law." Plaintiff states that he seeks reconsideration of the Magistrate Judge's July 17, 2013 order denying his motion to compel. (ECF No. 118, p. 1.) The order at issue primarily involved Plaintiff's request to compel Defendants' responses to certain requests for production of documents and interrogatories. (ECF No. 115, p. 3.) However, the bulk of Plaintiff's motion for reconsideration appears to relate to other orders issued by the Magistrate Judge, which denied Plaintiff's requests for subpoenas duces tecum to compel the production of documents from non-parties. (ECF No. 118, pp.1-6.) This is not a proper basis for reconsideration of the Magistrate Judge's July 17, 2013 order denying Plaintiff's motion to compel.

1    To the extent Plaintiff challenges the Magistrate Judge's order denying his request to compel non-parties to respond to his requests for production, requests for admissions and interrogatories, he has not identified any specific error on the part of the Magistrate Judge.  The Magistrate Judge properly determined that the requests at issue were untimely, that interrogatories and requests for admissions directed to non-parties were not permitted by the Federal Rules of Civil Procedure and that Plaintiff did not follow the proper mechanism for obtaining third-party discovery.  (ECF No. 115, p. 12.)  Although Plaintiff argues that he followed the proper mechanism for obtaining third-party discovery, but was denied by the Court, a motion to compel is not the appropriate means to obtain documents from a third party.  A Rule 45 subpoena is the only discovery method by which information may be obtained from a third party.  Fed. R. Civ. P. 34(c) (non-parties may be compelled to produce documents by subpoena), 45 (subpoenas); see also Frazier v. Redding Police Dept., 2012 WL 5868573, *7-8 (E.D. Cal. Nov. 19, 2012) (motion to compel non-party to provide documents not proper in the absence of appropriate service of a non-party subpoena in accordance with Fed. R. Civ. P. 45(b)(1)); Jennings v. Moreland, 2012 WL 4469079, *2 (E.D. Cal. Sept. 27, 2012) ("A motion to compel is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request; it is not the procedure to address a non-party's alleged refusal to comply with a subpoena duces tecum and a subsequent court order to do so.").

Plaintiff also appears to support his request for reconsideration by arguing that he was obstructed by prison officials from obtaining law library access and filing documents in this Court between June 2012 and October 20, 2012.  (ECF No. 118, pp. 2-5.)  Plaintiff's argument is belied by the Court's docket.  Between June 2012 and October 20, 2012, Plaintiff filed the following:  (1) Motion for Leave to Serve Discovery on Non-Party Employees and Custodian of Records of CDCR on July 16, 2012 (ECF No. 66); (2) Plaintiff's Declaration in Support of His Motion for Leave to Serve Discovery and Subpoenas on Non-Party on July 16, 2012, which included citations to Local Rules, Federal Rules of Evidence and court cases (ECF No. 67); (3) Motion for Court Order or Subpoena Duces Tecum for the Kern County Superior Court to Forthwith Send to Me All the Discovery Medical Records and Photos of My Injured Leg I Subpoenaed from Mercy Hospital of Bakersfield on October 11, 2012 (ECF No. 71); (4) Declaration of Kevin D. Bryant in Support of His

Motion for Court Order or Subpoena Duces Tecum on October 11, 2012 (ECF No. 72); and (5) Motion for Extension of Time for Discovery Cut Off Date and to File Motion to Compel Discovery (ECF No. 73.) There is no evidence that Plaintiff was unable to access the law library, legal research or this Court during the time period for discovery. Furthermore, Plaintiff's claim that he was denied law library access and prevented from filing documents in this Court is not a basis for reconsideration of the Magistrate Judge's order denying Plaintiff's motion to compel.

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **March 27, 2014**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE