UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P. GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER REOPENING DISCOVERY<br>(ECF No. 113)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE COURT FILE AND RESPOND/RULE ON ATTACHED MOTION AS MOOT<br>(ECF NO. 120) |

**I.　Background**

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment. Pursuant to a discovery and scheduling order, the discovery deadline in this action expired on October 22, 2012. (ECF No. 50.)

On October 31, 2012, the undersigned issued findings and recommendations that Plaintiff's motion for law library access be denied and that Plaintiff's motion for a forty-five day extension of the discovery cut-off be denied as a sanction for Plaintiff's motion for court order. (ECF No. 81.) The District Judge adopted the findings and recommendations on November 20, 2012. (ECF No. 87.)

On November 2, 2012, Plaintiff filed a motion for an extension of time to serve written discovery on non-parties. (ECF No. 82.) The Court denied the motion as untimely because it was signed and filed after the discovery deadline had expired. (ECF No. 86.)

On December 19, 2012, the Court granted Defendants' request to vacate the deadline for filing dispositive motions based on a pending motion to compel. (ECF No. 93.)

On July 12, 2013, Plaintiff filed the instant motion requesting the reopening of discovery for an additional 180 days in this action. (ECF Nos. 113, 114.) On January 27, 2014, the Court directed Defendants to file a response to the motion. (ECF No. 122.) Following extensions of time, Defendants opposed the motion on March 3, 2014. (ECF No. 129.) Although Plaintiff was granted two extensions of time to reply by April 22, 2014, Plaintiff did not file any reply. (ECF Nos. 130, 132.) The motion is deemed submitted. Local Rule 230(l).

On December 6, 2013, Plaintiff filed a motion requesting that the Court file and rule on his motion to reopen discovery. (ECF No. 120.) Defendants did not respond and the motion also is deemed submitted. Local Rule 230(l).

**II.     Motion to Reopen Discovery**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Plaintiff contends that the reopening of discovery is warranted based on two primary grounds. First, Plaintiff contends that he was informed by his KVSP Correctional Counselor, Mr. Haro, that several additional undisclosed internal investigations were conducted into the incident that is the

subject matter of this action. Second, Plaintiff claims that discovery should be reopened based on the deliberate obstruction of his court access by KVSP officials and the inadequacy of the prison law library. Plaintiff further asserts that he has been physically and mentally abused by prison officials.

Defendants counter that Plaintiff's motion is inaccurate. First, Plaintiff's correctional counselor, Mr. Haro, verifies that he never spoke to Plaintiff about any internal investigations relating to this case or any other. (ECF No. 129-1, Declaration of Haro ¶ 3.) Mr. Haro also indicates that he would never talk to any inmate, including Plaintiff, about the status of an investigation or even acknowledge the existence of any such investigation. (Id.) Second, Plaintiff's complaint about the inability to access the law library and courts is unsupported because during discovery Plaintiff filed many motions with case citations, photocopied documents and other evidence of legal research (see, e.g., ECF Nos. 51, 55, 58, 59, 66, 67, 71, 72, 78, 79 and 80). Defendants assert that Plaintiff has not presented any grounds for the Court to reopen discovery.

Having considered the parties' arguments, the Court does not find any basis to reopen discovery or any demonstrated diligence. Plaintiff's reasons for seeking the reopening of discovery are unsupported by the evidence and record in this matter. As an initial matter, Plaintiff's assertion that he has learned of several additional undisclosed internal investigations from his correctional counselor is contradicted by the sworn declaration submitted by his correctional counselor. In fact, Plaintiff's correctional counselor has denied ever providing Plaintiff with information related to any internal investigations. Further, Plaintiff's assertion regarding law library and court access is undermined by record evidence that he has been able to pursue multiple motions, several of which were supported by legal research and case citations, and he has been able to obtain numerous extensions of time, when necessary, to pursue his claims in this matter. There is no indication that Plaintiff's purported inability to access the law library affected his ability to pursue discovery in this matter before the cut-off date in this action. Accordingly, Plaintiff's motion to reopen discovery shall be denied.

### III.   Motion Requesting the Court File and Respond/Rule on Attached Motion

As noted above, on December 6, 2013, Plaintiff filed a motion requesting that the Court file and rule on his motion to reopen discovery. (ECF No. 120.) Plaintiff's original motion to reopen

1 discovery was filed into the Court's docket on July 12, 2013. (ECF No. 113.) The Court is now ruling on the motion. As such, Plaintiff's request that the motion to reopen discovery be filed and ruled upon is moot and shall be denied.

### IV. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen discovery, filed on July 12, 2013, is DENIED; and
2. Plaintiff's motion requesting the court file and respond/rule on attached motion is DENIED as moot.

IT IS SO ORDERED.

Dated: **April 28, 2014**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4