UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER REOPENING DISCOVERY<br>(ECF No. 113)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE COURT FILE AND RESPOND/RULE ON ATTACHED MOTION AS MOOT<br>(ECF NO. 120) |

**I.     Background**

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment. Pursuant to a discovery and scheduling order, the discovery deadline in this action expired on October 22, 2012. (ECF No. 50.)

On October 31, 2012, the undersigned issued findings and recommendations that Plaintiff's motion for law library access be denied and that Plaintiff's motion for a forty-five day extension of the discovery cut-off be denied as a sanction for Plaintiff's motion for court order. (ECF No. 81.) The District Judge adopted the findings and recommendations on November 20, 2012. (ECF No. 87.)

On November 2, 2012, Plaintiff filed a motion for an extension of time to serve written discovery on non-parties. (ECF No. 82.) The Court denied the motion as untimely because it was signed and filed after the discovery deadline had expired. (ECF No. 86.)

On December 19, 2012, the Court granted Defendants' request to vacate the deadline for filing dispositive motions based on a pending motion to compel. (ECF No. 93.)

On July 12, 2013, Plaintiff filed the instant motion requesting the reopening of discovery for an additional 180 days in this action. (ECF Nos. 113, 114.) On January 27, 2014, the Court directed Defendants to file a response to the motion. (ECF No. 122.) Following extensions of time, Defendants opposed the motion on March 3, 2014. (ECF No. 129.) Following extensions of time, Plaintiff replied on May 15, 2015. (ECF Nos. 130, 132, 137.) The motion is deemed submitted.[1] Local Rule 230(l).

On December 6, 2013, Plaintiff filed a motion requesting that the Court file and rule on his motion to reopen discovery. (ECF No. 120.) Defendants did not respond and the motion also is deemed submitted. Local Rule 230(l).

**II.     Motion to Reopen Discovery**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

---

[1] On April 28, 2014, the Court issued an order denying Plaintiff's motion to reopen discovery. The Court subsequently vacated its order to permit Plaintiff an opportunity to file a reply. (ECF No. 136.) Plaintiff replied on May 15, 2014.

1    Plaintiff contends that the reopening of discovery is warranted based on two primary grounds.
2 First, Plaintiff contends that he was "just recently informed" by his KVSP Correctional Counselor, Mr.
3 Haro, that several additional undisclosed internal investigations were conducted into the incident that
4 is the subject matter of this action. (ECF No. 113, p. 1.) Second, Plaintiff claims that discovery
5 should be reopened based on the deliberate obstruction of his court access by KVSP officials and the
6 inadequacy of the prison law library. Plaintiff further asserts that he has been physically and mentally
7 abused by prison officials.
8    Defendants counter that Plaintiff's motion is inaccurate. First, Plaintiff's correctional
9 counselor, Mr. Haro, verifies that he never spoke to Plaintiff about any internal investigations relating
10 to this case or any other. (ECF No. 129-1, Declaration of Haro ¶ 3.) Mr. Haro also indicates that he
11 would never talk to any inmate, including Plaintiff, about the status of an investigation or even
12 acknowledge the existence of any such investigation. (Id.) Second, Plaintiff's complaint about the
13 inability to access the law library and courts is unsupported because during discovery Plaintiff filed
14 many motions with case citations, photocopied documents and other evidence of legal research (see,
15 e.g., ECF Nos. 51, 55, 58, 59, 66, 67, 71, 72, 78, 79 and 80). Defendants assert that Plaintiff has not
16 presented any grounds for the Court to reopen discovery.
17    In his reply, Plaintiff contends that Mr. Haro has lied to the Court. Plaintiff claims that Mr.
18 Haro also told him about internal investigations conducted against other correctional officer and
19 supervisory staff, which Plaintiff documented in his log book. Plaintiff also reasserts that his court
20 access has been obstructed. For instance, he was unable to timely file a motion for an extension of the
21 discovery deadline after being placed in administrative segregation on October 4, 2012, his legal
22 property was withheld until November 27, 2012, and the law library staff conspired with other
23 officials to obstruct his court access.
24    Having considered the parties' arguments and supporting documents, the Court does not find
25 any basis to reopen discovery or any demonstrated diligence. Plaintiff's reasons for seeking the
26 reopening of discovery are unsupported by the evidence and record in this matter.
27    As the primary basis for reopening discovery, Plaintiff claims that he "just recently learned" of
28 several additional undisclosed internal investigations from his correctional counselor. Setting aside

the issue of whether or not Mr. Haro would disclose such information to Plaintiff, the log books submitted by Plaintiff undercut any claim that he just recently learned of such information. Indeed, according to the log books, Plaintiff purportedly learned of investigations from Mr. Haro in March 2012, December 2012, and January 2013. (ECF No. 137, pp. 42, 45, 46.) However, Plaintiff did not pursue the reopening of discovery for these alleged investigations until July 2013. This does not demonstrate diligence.

Further, Plaintiff's assertion regarding law library and court access is undermined by record evidence that he has been able to pursue multiple motions, several of which were supported by legal research and case citations, and he has been able to obtain numerous extensions of time, when necessary, to pursue his claims in this matter. There is no indication that Plaintiff's purported inability to access the law library affected his ability to conduct discovery in this matter before the cut-off date in this action or that denial of such access prevented him from requesting an extension of time before the expiration of the relevant deadlines. Plaintiff's log books and exhibits also demonstrate that he was able to pursue and file documents in this and other legal matters during and after the relevant time period. (ECF No. 137, pp. 42-43, 45-46, 47-50.) Accordingly, Plaintiff's motion to reopen discovery shall be denied.

**III.   Motion Requesting the Court File and Respond/Rule on Attached Motion**

As noted above, on December 6, 2013, Plaintiff filed a motion requesting that the Court file and rule on his motion to reopen discovery. (ECF No. 120.) Plaintiff's original motion to reopen discovery was filed into the Court's docket on July 12, 2013. (ECF No. 113.) The Court is now ruling on the motion. As such, Plaintiff's request that the motion to reopen discovery be filed and ruled upon is moot and shall be denied.

///
///
///
///
///
///

### IV. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen discovery, filed on July 12, 2013, is DENIED; and
2. Plaintiff's motion requesting the court file and respond/rule on attached motion is DENIED as moot.

IT IS SO ORDERED.

Dated: **May 23, 2014**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

5