1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   KEVIN DARNELL BRYANT          )   Case No.: 1:11-cv-00446-LJO-BAM PC
                                   )
12                  Plaintiff,     )   ORDER DENYING PLAINTIFF'S MOTION FOR
                                   )   INJUNCTIVE RELIEF, RECONSIDERATION
13            v.                   )   AND RECUSAL OF MAGISTRATE JUDGE
                                   )   BARBARA A. MCAULIFFE
14   P. GALLAGHER, et al.,         )   (ECF No. 143)
                                   )
15                  Defendants.    )
                                   )
16   _____ )

17          **I.      Procedural Background**

18          Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on

20   Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate

21   indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants

22   Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to

23   protect in violation of the Eighth Amendment.

24          On August 11, 2014, Plaintiff filed the instant motion "for injunctive relief from the previous

25   Orders by the magistrate judge and sanctions regarding discovery" and "to disqualify the magistrate

26   judge for judicial bias and prejudice."  (ECF No. 143, p. 1.)  As relief, Plaintiff requests that the Court:

27   (1) vacate the Magistrate Judge's orders denying his motions regarding discovery and vacate the

28   sanctions against him; (2) reopen discovery for 180 days; (3) issue two blank subpoenas for service on

                                                1

CDCR and the Office of Internal Affairs; (4) grant leave to file a motion to compel discovery; (5) grant leave to propound 15 additional requests for documents, interrogatories, and admissions on each Defendant; (6) set an evidentiary hearing; and (7) recuse the Magistrate Judge due to judicial bias.  If the Court denies Plaintiff's motion, he requests leave to immediately appeal to the Ninth Circuit. (ECF No. 143, p. 13.)

## II.        Motion for Injunctive Relief/Reconsideration

Plaintiff appears to seek injunctive relief against the assigned Magistrate Judge based on discovery orders issued in this action.  (ECF No. 143, pp. 3-4.)  Such relief is not available and shall be denied.  Judicial immunity bars injunctive relief against federal officers alleged to have caused a deprivation of constitutional rights while acting under color of federal law.  Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987) (bankruptcy litigant not entitled to injunctive relief against bankruptcy judges asserting judicial immunity); cf. Hubbard v. Weaver, 2014 WL 2463058, *2 (E.D. Cal. May 30, 2014) (prisoner alleging Magistrate Judge denied several of his claims failed to state claim in section 1983 action due to judicial immunity).  Therefore, the Court construes Plaintiff's request as one for reconsideration of the Magistrate Judge's non-dispositive orders regarding discovery.

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the Court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).  Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991) (Magistrate Judge's decision on non-dispositive pretrial issues is reviewed under the clearly erroneous standard.)

A Magistrate Judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential." Concrete Pipe

and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Knutson v. Blue Cross and Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); see Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Plaintiff first takes issue with the Magistrate Judge's February 29, 2012 order denying his motion for subpoenas duces tecum.  (ECF No. 143, p. 5.)  On February 27, 2012, Plaintiff filed a motion asking the Clerk of the Court to mail him two civil subpoenas duces tecum and two subpoenas for the appearance of witnesses.  (ECF No. 51.)  On February 29, 2012, the Court denied the motion, finding that no hearing had been set that required the attendance of witnesses.  (ECF No. 53, p. 1.) Plaintiff contends that the Magistrate Judge's order was erroneous and contrary to Federal Rule of Civil Procedure 45 because the order did not address his request for subpoenas duces tecum.  While Plaintiff correctly notes that the Magistrate Judge did not expressly address his request for subpoenas duces tecum, he has not demonstrated that he was entitled to the issuance of such subpoenas or that the denial was contrary to law.  Further, Plaintiff was not prevented from renewing his request for subpoenas duces tecum.  Plaintiff did so on March 12, 2012, by filing a renewed motion for two blank subpoenas duces tecum.  (ECF No. 55.)

Plaintiff next takes issue with the Magistrate Judge's order denying his renewed motion for two blank subpoenas duces tecum.  (ECF No. 143, p. 2.)  As noted, Plaintiff filed a second motion for two blank subpoenas duces tecum on March 12, 2012.  (ECF No. 55.)  On March 14, 2012, the Magistrate Judge denied the motion and informed Plaintiff that the Court would consider granting such a request "*only if* the documents sought from the non-party are discoverable, are not equally available to Plaintiff, and are not obtainable from Defendants through a request for production of

documents.  Fed. R. Civ. P. 45(c); Fed. R. Civ. P. 34."  (ECF No. 56, p. 1) (emphasis in original).

Plaintiff argues that his renewed motion provided the Magistrate Judge with this required information.

Specifically, Plaintiff contends that he clearly stated he needed subpoenas "to obtain the confidential

records and evidence of the internal investigations that were allegedly conducting into [his] June 8,

2010 assault," and that he "enclosed a copy of the declaration of KVSP litigations Coordinator Mr.

Will Adams."  (ECF No. 143, p. 5.)  Plaintiff is incorrect.  His motion did not include any of this

information or a supporting declaration.  Rather, Plaintiff's motion merely stated:

> I was not requesting subpoenas to compel the attendance of any witnesses.  I want some
> blank civil subpoena duces tecums to fill out to request documents and evidence from
> some non-party's.  Could you please send me 2 blank, not stamped civil subpoena duces
> tecums so I can fill them out to submit with my motion to serve them on non party's.
> Thank you.

(ECF No. 55, p. 1.)  Accordingly, the Court cannot conclude that the Magistrate Judge's denial of the

request for subpoenas was clearly erroneous or contrary to law where Plaintiff failed to provide any

basis to support his request for subpoenas.

Plaintiff also claims that the Magistrate Judge obstructed him from obtaining subpoenas based

on erroneous terms not set forth in Rule 45.  Rule 45(c), relied upon by the Magistrate Judge,

mandates that a party serving a third-party subpoena "take reasonable steps to avoid imposing undue

burden or expense on a person subject to the subpoena."  Fed. R. Civ. 45(c)(1).  The issuing court is

tasked with enforcing this duty and must impose sanctions on a party who fails to comply.  Id.  In

fulfilling this task, the Magistrate Judge appropriately required Plaintiff to demonstrate that the

anticipated subpoenas would not impose an undue burden or expense on a third party by asking for

irrelevant documents or documents readily available to Plaintiff or from defendants.   The Court does

not find that the Magistrate Judge's instructions to Plaintiff were clearly erroneous or contrary to law.

Plaintiff additionally cites the Magistrate Judge's order of April 13, 2012, which struck his

"Pitchess motion."  (ECF No. 143, p. 6.)  However, Plaintiff does not identify any error associated

with the Magistrate Judge's decision to strike the Pitchess motion.

Finally, Plaintiff takes issue with the Magistrate Judge's July 23, 2012 order denying him leave

to serve discovery on non-party CDCR employees and the issuance of subpoenas duces tecum, while

1   later granting his motion for a subpoena duces tecum directed to non-party Bakersfield Mercy Hospital

2   for his medical records.  (ECF No. 143, p. 6.)  Plaintiff does not explain how the Magistrate Judge's

3   decision to grant his request to subpoena medical records from Mercy Hospital evidences any error in

4   the Magistrate Judge's earlier decision to deny him leave to serve discovery on non-party CDCR

5   employees.

6           For the reasons discussed above, Plaintiff has not established that the Magistrate Judge's orders

7   were "clearly erroneous" or "contrary to law."  Accordingly, his request for reconsideration shall be

8   denied.

9       **III.     Obstruction of Access to Court**

10          Plaintiff devotes a portion of his moving papers to arguments that his discovery motions were

11  not artfully pled because of his lack of law library access and the obstruction of his court access by

12  non-party correctional officers at KVSP.  (ECF No. 143, pp. 6-10.)

13          Plaintiff asserts that he was in Administrative Segregation from October 4, 2012, through

14  November 14, 2012.  (ECF No. 143, p. 7.)  Plaintiff claims that during this time he filed a motion for

15  an extension of the discovery deadline and a motion for an order compelling discovery without the

16  benefit of his legal property or law library access.  (ECF No. 143, pp. 6-7.)  That Plaintiff filed

17  motions without the benefit of law library access or his legal materials does not equate with error by

18  the Magistrate Judge.

19          Plaintiff also takes issue with the Magistrate Judge's delay in resolving his motion to reopen

20  discovery filed on July 12, 2013, including the Magistrate Judge's decision to order a response from

21  Defendants.  On January 27, 2014, the Court directed Defendants to file a response to Plaintiff's

22  motion to reopen discovery.  (ECF No. 122.)  Defendants opposed the motion on March 3, 2014, and

23  Plaintiff replied on May 15, 2014.  (ECF Nos. 129, 137.)  The Magistrate Judge denied Plaintiff's

24  motion to reopen discovery on May 23, 2014, less than ten days after Plaintiff submitted his reply.

25  (ECF No. 138.)

26          With regard to the delay, the Court does not find this was error or contrary to law.  First, this

27  Court is inundated with pro se prisoner filings on a daily basis and some delay may be expected.

28  Second, the record reflects that Plaintiff contributed to the delay by requesting multiple extensions of

time to file his reply papers.  (ECF Nos. 126, 131, 135.)  Third, and more importantly, the delay did not result in any harm or prejudice to Plaintiff and the Court ultimately denied his request.

With regard to the order directing Defendants to file a response, the Court is not persuaded that this was error or contrary to law.  The Magistrate Judge considered Plaintiff's moving papers and determined that it was appropriate to obtain a response from Defendants.  (ECF No. 122.)  As a result of the Magistrate Judge's order, Defendants submitted information that contradicted certain of Plaintiff's assertions and hastened the resolution of the motion.  (ECF No. 138, p. 3.)

To the extent Plaintiff is contending that the Magistrate Judge erroneously denied his motion to reopen discovery because his access to the courts had been obstructed by non-party KVSP correctional officers, this contention lacks merit.  According to the record, the Magistrate Judge denied the motion to reopen discovery based on a finding that Plaintiff had not demonstrated the requisite diligence in seeking to reopen discovery and that his contentions were unsupported.  (ECF No. 138, pp. 3-4.) Plaintiff has not identified any specific errors in the Magistrate Judge's determination or findings of fact nor has he established that the Magistrate Judge's decision was contrary to law.  (ECF No. 143, pp. 9-10.)  Rather, Plaintiff contends that he filed several motions for injunctive relief that detailed serious threats by prions officials, but his request for injunctive relief was denied by the then-assigned Magistrate Judge, Sandra M. Snyder, in June 2011.  (ECF No. 143, pp. 9-10.)  The Court is not persuaded that the current Magistrate Judge's 2014 order regarding discovery is undermined by the refusal of a different Magistrate Judge to grant injunctive relief in 2011.

To the extent Plaintiff asserts that he filed several motions for injunctive relief related to his claim that prison officials threatened to harm and murder him, he refers to the Court only to his motions filed in 2011.  The Court has not identified any motions seeking injunctive relief against prison officials threatening to harm him that were filed by Plaintiff after issuance of the Discovery and Scheduling Order on February 22, 2012.  (ECF No. 50.)

**IV.    Motion for Disqualification of Magistrate Judge**

Plaintiff complains that the Magistrate Judge issued a biased and prejudicial denial of his motion to reopen discovery.  Plaintiff also complains that the Magistrate Judge refused/failed to hold an evidentiary hearing on any of the matters raised in his papers and that the failure to hold such a

hearing was an abuse of discretion.  Additionally, Plaintiff contends that subpoenas duces tecum were the only possible means to obtain record evidence of his alleged assault.[1]

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988 ) (citing 28 U.S.C. §§ 455(a), 455(b) (1 )), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990 ).  "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir.1984 )).  "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004 ) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994 )).  "'In and of themselves ..., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'" Id.

Plaintiff's disagreement with the Magistrate Judge's non-dispositive orders is not a legitimate ground for seeking recusal or disqualification.  There is no evidence that the Magistrate Judge's orders were derived from any extrajudicial source beyond the papers and record in this matter.  There also is no indication that an evidentiary hearing was necessary to resolve non-dispositive matters.  Pursuant to this Court's local rules, a hearing is not required and all motions, except motions to dismiss for lack of prosecution, filed in prisoner actions are submitted on the record without oral argument.  Local Rule 230(l).

Plaintiff's motion for disqualification of the Magistrate Judge shall be denied.

///

///

---

[1] Plaintiff contends that the requested subpoenas are the only possible means to obtain evidence of internal investigations into his assault and to protect his constitutional right to have the criminal assault committed against him by the Defendants investigated and prosecuted by the Kern County District Attorney.  (ECF No. 143, p. 12.)  Plaintiff essentially concedes that the information he seeks via subpoenas duces tecum is not relevant to this action, which is limited to claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment, conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.  Instead, Plaintiff seeks the internal investigations in order to have Defendants prosecuted for an alleged assault in a criminal action.  Thus, Plaintiff would not be entitled to issuance of the subpoenas in this civil proceeding.

1

**V.     Conclusion and Order**

2

For the reasons stated, IT IS HEREBY ORDERED that:

3

1.   Plaintiff's motion for injunctive relief is DENIED based on judicial immunity;

4

2.   Plaintiff's motion for reconsideration of the Magistrate Judge's non-dispositive orders is

5

DENIED; and

6

3.   Plaintiff's motion for disqualification of the Magistrate Judge is DENIED.

7

8

IT IS SO ORDERED.

9

Dated:   __**September 13, 2014**__               ____/s/ Lawrence J. O'Neill

10

UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28