UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>P. GALLAGHER, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF THE MEDICAL RECORDS SUBPOENAED FROM MERCY HOSPITAL BAKERSFIELD  (ECF No. 127)<br><br>ORDER VACATING ORDER PROVIDING MERCY HOSPITAL WITH THE OPPORTUNITY TO SHOW CAUSE REGARDING COMPLIANCE WITH SUBPOENA DUCES TECUM (ECF No. 139)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ISSUE CONTEMPT CHARGES ON MERCY HOSPITAL (ECF No. 141) |

       Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.

1   On July 8, 2013, the Court granted Plaintiff's second motion for the issuance of a subpoena
2   duces tecum on CHW Central California Mercy Hospital for the production of his medical records.
3   (ECF No. 110.)  On October 31, 2013, a proof of service was filed demonstrating execution of the
4   subpoena duces tecum on Mercy Hospital on August 12, 2013.  (ECF No. 119.)
5   On February 28, 2014, Plaintiff filed a motion to compel production of the medical records
6   subpoenaed from Mercy Hospital.  (ECF No. 127.)  Defendants did not file a response.  On May 23,
7   2014, the Court issued an order providing Mercy Hospital with the opportunity to show cause
8   regarding compliance with the subpoena duces tecum within thirty (30) days.  (ECF No. 139.)  Mercy
9   Hospital did not submit a response.
10  On July 21, 2014, Plaintiff filed a motion for the Court to issue contempt charges against
11  Mercy Hospital for failure to respond or show good cause in response to the Court's May 2014 order.
12  (ECF No. 141.)
13  On July 28, 2014, the Court directed Defendants to file a response to Plaintiff's motion to
14  compel production of the medical records from Mercy Hospital and to Plaintiff's motion for contempt
15  charges against Mercy Hospital.  (ECF No. 142.)
16  On September 2, 2014, Defendants filed a response and argued that Plaintiff's motion to
17  compel should be denied as moot.  Defense counsel explained that he spoke to Melanie Fowler, the
18  Director of Health Information Management at Mercy Hospital.  Ms. Fowler verified that Mercy
19  Hospital received the subpoena on August 12, 2013, and that the records request was completed and
20  mailed to Plaintiff on August 16, 2013.  (ECF No. 150, Delgado Dec. ¶3 and Ex. B.)  After speaking
21  with Ms. Fowler, defense counsel contacted the Litigation Coordinator at CSP-Corcoran, M. Kimbrell.
22  Ms. Kimbrell explained that any non-legal mail, such as Plaintiff's medical records, would not be
23  logged by the prison.  She also explained that if the medical records were several volumes, they likely
24  would have exceeded the prison's mail-volume limitations and been screened out.  Ms. Kimbrell
25  informed defense counsel that if he obtained a copy of Plaintiff's medical records, then he could
26  forward it to her at the prison and it would be delivered to Plaintiff without delay.  (Id. at ¶ 4.)
27  Defense counsel then contacted Ms. Fowler at Mercy Hospital.  Ms. Fowler confirmed that a complete
28  copy of Plaintiff's medical record would be produced and delivered to the Attorney General's Office.

1  Defense counsel made arrangements with Ms. Kimbrell to have the medical records delivered to
2  Plaintiff when they arrived. (Id. at ¶ 5.)
3        On September 12, 2014, Plaintiff filed a reply indicating that neither Mercy Hospital nor
4  Defendants had provided a copy of the subpoenaed medical records. (ECF No. 151.) However, on
5  September 18, 2014, Plaintiff filed a motion to compel Mercy Hospital to produce original color
6  photos taken of his ankle on June 10, 2010. In his moving papers, Plaintiff confirmed that he received
7  the medical records subpoenaed from Mercy Hospital.[1] The records were delivered by Ms. Kimbrell.
8  (ECF No. 153, p. 1.)
9        Based on the record before the Court, Plaintiff has received the subpoenaed records from
10 Mercy Hospital. As a result, Plaintiff's motion to compel the production of medical records
11 subpoenaed from Mercy Hospital Bakersfield, filed on February 28, 2014, is now moot. Further, the
12 Court finds no basis for contempt charges against Mercy Hospital. There is no indication that Mercy
13 Hospital failed to mail his records promptly after receiving the subpoena in August 2013 or otherwise
14 failed to supply them in response to the inquiry from defense counsel. Accordingly, IT IS HEREBY
15 ORDERED that:

16    1. Plaintiff's motion to compel production of the medical records subpoenaed from Mercy
17       Hospital, filed on February 28, 2014, is DENIED as moot;
18    2. The Court's order providing Mercy Hospital with the opportunity to show cause regarding
19       compliance with subpoena duces tecum, issued on May 23, 2014, is VACATED; and
20    3. Plaintiff's motion for the Court to issue contempt charges on Mercy Hospital for failure to
21       respond or show good cause, filed on July 21, 2014, is DENIED.

23 IT IS SO ORDERED.

24   Dated: **September 24, 2014**      /s/ *Barbara A. McAuliffe*
25                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will address Plaintiff's motion to compel the production of original color photos by separate order once briefing is complete.