UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>P. GALLAGHER, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THIS COURT TO AMEND ITS 9-13-14 ORDER PURSUANT TO APPELLATE RULE 5(a)(3) TO INCLUDE THE PERMISSION TO APPEAL<br>(ECF No. 156) |

      Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.

      On August 11, 2014, Plaintiff filed a motion "for injunctive relief from the previous Orders by the magistrate judge and sanctions regarding discovery" and "to disqualify the magistrate judge for judicial bias and prejudice."  (ECF No. 143, p. 1.)  On September 15, 2014, the Court denied Plaintiff's requests for injunctive relief, reconsideration of the Magistrate Judge's non-dispositive orders and disqualification of the Magistrate Judge.  (ECF No. 152.)

On September 25, 2014, Plaintiff filed the instant motion requesting that the Court amend its order to grant him permission to immediately appeal the denial of his request for injunctive relief against the Magistrate Judge pursuant to Federal Rule of Appellate Procedure 5(a)(3). (ECF No. 156.) Rule 5(a)(3) allows the district court to amend its order in response to a party's motion to include the required permission for appeal. Fed. R. App. P. 5(a)(3).

On September 25, 2014, Plaintiff also filed a notice of appeal. (ECF No. 157.) Plaintiff's appeal was processed to the Ninth Circuit on September 29, 2014. (ECF No. 158.) On October 28, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. The Ninth Circuit also considered Plaintiff's September 25, 2014 filing as a petition for permission to appeal pursuant to 28 U.S.C. § 1292(b). The Ninth Circuit denied the petition without prejudice to renewal upon compliance with the requirements of 28 U.S.C. § 1292(b). (ECF No. 165.)

The Court now considers Plaintiff's request that the Court amend its September 15, 2014 order to grant him permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004) (citation omitted).

Plaintiff has not demonstrated that there is a controlling question of law at stake resulting from the Court's decision that the Magistrate Judge is entitled to judicial immunity in connection with Plaintiff's request for injunctive relief against her or its decision the Magistrate Judge should not be disqualified. Plaintiff also has not demonstrated that there is a controlling question of law at stake regarding the Court's discovery orders. An interlocutory appeal of such orders will not facilitate

disposition of the action or materially advance ultimate termination of this action. Instead, it will further delay resolution of this action and result in unnecessary trouble and expense.

    For the reasons stated, Plaintiff's request that the Court amend its September 15, 2014 order and grant him permission for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is HEREBY DENIED.

IT IS SO ORDERED.

    Dated:  **November 6, 2014**         **/s/ Lawrence J. O'Neill**
                                                                         UNITED STATES DISTRICT JUDGE