1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  KEVIN DARNELL BRYANT                    )  Case No.: 1:11-cv-00446-LJO-BAM PC
                                            )
12              Plaintiff,                  )  ORDER DENYING PLAINTIFF'S MOTION FOR
                                            )  COURT ORDER FOR DEFENDANTS AND NON-
13      v.                                  )  PARTY CDCR TO PRESERVE ALL RECORDS
                                            )  OF ALL INVESTIGATIONS INTO THE 6-8-10
14  P. GALLAGHER, et al.,                   )  ASSAULT OF PLAINTIFF
                                            )
15              Defendants.                 )
                                            )  (ECF No. 140)
16                                          )
                                            )
17 _____ )

18      **I.      Background**

19          Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma

20  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on

21  Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate

22  indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants

23  Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to

24  protect in violation of the Eighth Amendment.

25          On June 23, 2014, Plaintiff filed a motion requesting a court order directing defendants and

26  their non-party employer, the California Department of Corrections and Rehabilitation ("CDCR"), to

27

28

                                            1

preserve all records and evidence of internal investigations into an alleged June 8, 2010 assault.  (ECF No. 140.)

On July 28, 2014, the Court directed Defendants to file a response to Plaintiff's motion requesting an order for preservation of records and evidence.  (ECF No. 142.)

On September 2, 2014, Defendants filed a response to Plaintiff's motion, along with a supporting declaration.  (ECF Nos. 148, 149.)  According to Defendants' response, the order requested by Plaintiff is unnecessary.  Defense counsel declares under penalty of perjury that, in January 2012, he sent litigation hold letters to the Case Records Manager and the Litigation Coordinator at Kern Valley State Prison directing them to retain all materials related to this case.  (ECF No. 150; Delgado Dec. ¶ 2.)  These letters warned that "[n]othing should be removed, destroyed, or purged from [the prison's] files without conferring with [counsel]."  (ECF No. 150, Ex. A.)  Defense counsel further declares there is no expiration date on these letters and all relevant documents are to be preserved "during the pendency of this litigation."  (ECF No. 150, Delgado Dec. ¶ 2 and Ex. A.)

On September 12, 2014, Plaintiff filed a reply to Defendants' response.  In the reply, Plaintiff states that defense counsel failed to address that portion of his motion seeking preservation of recorded interviews with Inmates Vargas and McCloud.  Plaintiff also contends that CDCR has a record of obstructing discovery in prisoner cases.  Plaintiff believes that an order to preserve all records will not prejudice defendants and there is no reason not to issue such an order.  Plaintiff further alleges that neither Defendants nor defense counsel have provided him with any investigation records of his alleged assault.  (ECF No. 151.)

## II.    Discussion

"[A]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."  AmeriPride Servs., Inc. v. Valley Indus. Serv., Inc., 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citing National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)).  The court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d

989, 991 (9th Cir. 2001), which includes spoliation of evidence, World Courier v. Barone, 2007 WL 1119196, *1-2 (N.D. Cal. Apr. 16, 2007); AmeriPride Svcs., Inc., 2006 WL 2308442, at *4.

A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation." Daniel v. Coleman Co., Inc., 2007 WL 1463102, *2 (W.D. Wash. May 17, 2007). Before the court orders additional measures to preserve evidence, there must be some showing that there is a reason to be concerned that potentially relevant evidence will not be preserved and that the opposing party may be harmed as a result. Jardin v. Datallegro, Inc., 2008 WL 4104473, *1 (S.D. Cal. Sept. 3, 2008).

Given the duty to preserve evidence, defense counsel's written admonition to CDCR personnel to preserve evidence and the absence of any showing by Plaintiff that there is reason for the Court to be concerned about the destruction of any evidence, Plaintiff's motion shall be denied. The Court declines to presume that Defendants will destroy evidence and Plaintiff has provided no evidence that any records, included any recorded interviews, of an alleged assault on June 8, 2010, are in danger of being destroyed.

### III.    Conclusion and Order

For the reasons stated, Plaintiff's motion for court order for defendants and non-party CDCR to preserve all records of all investigations into the alleged 6-8-10 assault of Plaintiff is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 7, 2014**            /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE