UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDATE<br>(ECF No. 147) |

Plaintiff Kevin Darnell Bryant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on July 5, 2011, against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.

On August 29, 2014, Plaintiff filed a petition for a writ of mandate seeking an order directing Warden Dave Davey to order his officer, D. Hicks, to return original pages torn out of Plaintiff's litigation manual during a February 2014 cell search at California State Prison, Corcoran.  Plaintiff states that the pages contain information regarding several dozen witnesses, expert witnesses and others.

1

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'"  Hernandez v. Tanninen, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced.  In addition to jurisdictional issues arising from Plaintiff's desire for a federal writ directed at state prison officials, see Cheney, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); Demos v. U.S. Dist. Court for Eastern Dist. of Washington, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and indisputable right to the issuance of the writ, Cheney, 542 U.S. at 380-81, 124 S.Ct. at 2587.

In this action, Plaintiff is challenging his conditions of confinement at Kern Valley State Prison, not California State Prison, Corcoran.  If Plaintiff prevails, he may be entitled to damages, but in no event is Plaintiff entitled to the issuance of a writ of mandamus.  Accordingly, Plaintiff's petition is HEREBY ORDERED DENIED with prejudice.

IT IS SO ORDERED.

Dated:   **November 10, 2014**           **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE