UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL<br><br>(ECF No. 173) |

### I.　　Procedural Background

Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This action currently proceeds against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the Eighth Amendment and failure to protect in violation of the Eighth Amendment.

On August 11, 2014, Plaintiff filed a motion for injunctive relief from the Magistrate Judge's orders and to disqualify the Magistrate Judge for judicial bias and prejudice. (ECF No. 143, p. 1.) On September 15, 2014, the undersigned denied Plaintiff's request for injunctive relief, reconsideration of the Magistrate Judge's non-dispositive orders and disqualification of the Magistrate Judge. (ECF No. 152.)

1   On September 25, 2014, Plaintiff requested that the Court amend its order and grant him
2   permission to immediately appeal the denial of his request for injunctive relief against the Magistrate
3   Judge pursuant to Federal Rule of Appellate Procedure 5(a)(3). (ECF No. 156.) On the same date,
4   Plaintiff filed a notice of appeal, which was processed to the Ninth Circuit on September 29, 2014.
5   (ECF Nos. 157, 158.)

6   On October 28, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. The
7   Ninth Circuit also considered Plaintiff's September 25, 2014 filing as a petition for permission to
8   appeal pursuant to 28 U.S.C. § 1292(b). The Ninth Circuit denied the petition without prejudice to
9   renewal upon compliance with the requirements of 28 U.S.C. § 1292(b). (ECF No. 165.)

10  On November 6, 2014, the Court construed Plaintiff's September 25, 2014 request to amend its
11  order as a request for permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The
12  undersigned denied Plaintiff's request for permission to file an immediate interlocutory appeal
13  pursuant to 28 U.S.C. § 1292(b). (ECF No. 166.)

14  On November 17, 2014, Plaintiff filed the instant motion for permission to file an interlocutory
15  appeal pursuant to 28 U.S.C. § 1292(b) of the Court's September 15 order denying his motion for
16  injunctive relief against the Magistrate Judge, reconsideration of the Magistrate Judge's non-
17  dispositive order and disqualification of the Magistrate Judge. (ECF No. 173.)

18  The Ninth Circuit issued its mandate on November 20, 2014. (ECF No. 174.)

19  **II.     Plaintiff's Motion for Certification of Interlocutory Appeal**
20          A. Legal Standard
21  An interlocutory appeal of a non-final order may be certified if the district court determines
22  that "such order involves a controlling question of law as to which there is substantial ground for
23  difference of opinion and that an immediate appeal from the order may materially advance the
24  ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the
25  normal rule that only final judgments are appealable, and therefore must be construed narrowly."
26  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). The purpose of the section
27  is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner,
28  rather than later" in order to "save the courts and the litigants unnecessary trouble and expense."

1  United States v. Adam Bros. Farming, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal. 2004) (citation
2  omitted).

3     B.  Discussion

4    The Court has previously denied Plaintiff permission for an immediate interlocutory appeal
5  pursuant to 28 U.S.C. § 1292(b).  (ECF No. 166.)  By his current motion, Plaintiff again has failed to
6  demonstrate that the Court's September 15 order involved a controlling question of law to which there
7  is a substantial ground for difference of opinion and that an immediate appeal would materially
8  advance the ultimate termination of this action.

9    Plaintiff believes that his request for injunctive relief against the Magistrate Judge involves a
10  controlling question of law.  The Court denied Plaintiff's request for injunctive relief against the
11  Magistrate Judge based on judicial immunity.  (ECF No. 152, p. 3.)  Judges are absolutely immune
12  from liability for damages based on acts performed in their official capacities.  Ashelman v. Pope, 793
13  F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Furthermore, absolute immunity "is not limited to
14  immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."
15  Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds).

16    Plaintiff asserts that judicial immunity is not a bar to prospective injunctive relief against a
17  judicial officer pursuant to the holding of the United States Supreme Court.  Presumably, Plaintiff is
18  referring to the Supreme Court's decision in Pulliam v. Allen, 446 U.S. 552, 541, 104 S.Ct. 1970,
19  1981 (1984).  Pulliam examined, in part, whether judicial immunity barred an award of injunctive
20  relief under section 1983.  Id. at 527.  The Supreme Court found that judicial immunity was not a bar
21  to prospective injunctive relief against a state judge acting in her official capacity.  Id. at 541-42.

22    However, in 1996, subsequent to the Supreme Court's decision in Pulliam, Congress amended
23  section 1983 to prohibit the grant of injunctive relief against any judicial officer, state or federal,
24  acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was
25  unavailable." 42 U.S.C. § 1983.  There is no assertion that the Magistrate Judge in this action violated
26  a declaratory decree or that declaratory relief was unavailable.  Therefore, Plaintiff has not established
27  that there is a controlling question of law on which there are substantial grounds for difference of
28

opinion regarding the Magistrate Judge's absolute immunity for acts performed in her official capacity.

To the extent Plaintiff disagrees with the remainder of the Court's determination regarding discovery and disqualification of the Magistrate Judge, this is not a sufficient basis for an interlocutory appeal. Plaintiff has not demonstrated that there is a controlling question of law at stake. Further, an appeal of such orders will not facilitate disposition of the action by getting a final decision on a legal issue or materially advance ultimate termination of this action.

Accordingly, Plaintiff's motion for certification of immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **February 2, 2015**            /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE