UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>P. GALLAGHER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00446-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COURT ORDER<br>(ECF No. 188)<br><br>FOURTEEN-DAY DEALINE |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2011. This action proceeds against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

On April 8, 2015, Plaintiff filed a motion for a thirty-day extension of time after his legal property is issued to him to file any oppositions, responses or moving papers. Plaintiff explains that he is currently housed at California Men's Colony, East, but his legal and personal property has not been transferred to him from California State Prison, Corcoran. Plaintiff seeks a corresponding order for the transfer of his property.

### I.     Motion for Extension of Time

Plaintiff's request for an extension of time is moot. This matter has been scheduled for a settlement conference on June 2, 2015, and these proceedings are stayed pending the results of that settlement conference. (ECF No. 181.) There are no motions requiring a response or opposition or any other pending motion deadlines.

Accordingly, Plaintiff's motion for an extension of time is HEREBY DENIED.

### II.    Motion for Court Order

Plaintiff seeks an order directing Dave Davey, Warden of California State Prison, Corcoran, to immediately transport Plaintiff's legal and personal property to him at California Men's Colony, East. Plaintiff explains that he requires his legal property to draft the confidential settlement conference statement, which is due on May 18, 2015.

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns allegations against Defendants Gallagher and Romero. However, the request for injunctive relief is directed at Warden Davey, a non-party to this action. The Court therefore finds that it lacks jurisdiction to issue an order directed at Warden Davey. Plaintiff may wish to seek the assistance of the Litigation Coordinator or defense counsel in obtaining his legal property in advance of the settlement conference deadlines. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a court order directing Warden Dave Davey to transport Plaintiff's legal and personal property be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 20, 2015**                    /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE