UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-00446-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE<br><br>(ECF No. 199)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER TO BE ISSUED UPON DEFENDANTS' ATTORNEY<br><br>(ECF No. 222) |

       Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Romero for deliberate indifference to serious medical needs, and against Defendants Gallagher and Romero for conspiracy, retaliation, and failure to protect. These claims arise out of an alleged assault of Plaintiff on June 8, 2010 at Kern Valley State Prison ("KVSP"), which he alleges Defendants orchestrated. (ECF No. 18.)

       Currently before the Court are two related motions by Plaintiff. The first is his "motion for an order to show cause," filed June 29, 2015. (ECF No. 199.) Defendants filed their opposition to Plaintiff's motion on September 23, 2015, (ECF No. 218), and Plaintiff replied on November 12, 2015, (ECF No. 221). The second motion by Plaintiff, filed November 19, 2015, seeks for a court order to be issued upon defense counsel. (ECF No. 222.) The time for filing any opposition to that

motion has passed, no opposition was filed, and the Court finds that no opposition is necessary under the circumstances. Thus, these motions are now deemed submitted. Local Rule 230(l).

In Plaintiff's motion for an order to show cause, he contends that the Investigative Services Unit of the California Department of Corrections and Rehabilitation ("CDCR") investigated the June 8, 2010 assault, and the investigators produced audio recordings of interviews that are critical to his case. Plaintiff further alleges that on March 4, 2015, he had a telephone conversation with defense counsel in which defense counsel told him that "CDCR officials [who defense counsel] spoke to at KVSP now have claimed those recorded interviews do not exist and they never recorded them at all." (ECF No. 199, p. 24.) Plaintiff submitted a declaration from himself in support of this allegation. (Id.) As a result of this alleged statement by defense counsel, Plaintiff requests that the Court issue an order compelling Defendants to produce the recordings and any other related evidence from the investigation, or an order entering summary judgment against Defendants as a sanction for destroying the evidence if it is not produced. Based upon the substance of this motion and the relief sought, the Court construes it as a motion to compel or, in the alternative, a motion for sanctions based upon spoliation.

A party is only required to produce documents that are properly requested and within the party's "possession, custody or control." Fed. R. Civ. P. 34(a). Here, Plaintiff has not shown that Defendants should be compelled to produce the recordings or other related investigation materials he seeks. These materials have been the subject of several motions, disputes, and orders in the early years of this litigation, as laid out in this Court's July 17, 2013 order denying a previous motion to compel by Plaintiff. (ECF No. 115.) As discussed at length in that order, it is clear to the Court that Plaintiff understood that CDCR, a non-party, has possession, custody and control of these investigation materials, not Defendants.

Plaintiff also has not shown that Defendants have since obtained possession, custody or control of the investigative materials since the Court's July 17, 2013 order was issued. In fact, Plaintiff stated in his declaration in support of this current motion that in 2013 and 2014, defense counsel informed Plaintiff that copies of the investigation materials would have to be obtained from KVSP. (ECF No. 199 ¶¶ 34-36, 38.) Also, in the declaration of counsel filed in support of Defendants' opposition,

defense counsel declares that he has repeatedly informed Plaintiff that neither he nor Defendants have possession, custody or control of the investigation materials, and they have not been obtained in the course of this litigation. (ECF No. 218-1, ¶ 12.) Thus, nothing has changed about this situation that would cause the Court to reconsider its previous order denying Plaintiff's motion to compel the production of these materials from Defendants. As previously ruled several times in this case, the Court will not compel Defendants to produce documents which are not in their possession, custody or control.

Plaintiff has also not carried his burden for seeking sanctions for any alleged spoliation of the investigative materials. "A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]" Emery v. Harris, No. 1:10-CV-01947-JLT PC, 2014 WL 710957, at *6 (E.D. Cal. Feb. 21, 2014) (quoting Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003)). See also Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 766 (9th Cir. 2015) (party alleging spoliation bears burden of demonstrating spoliator destroyed evidence with notice that it was relevant to the litigation).

Plaintiff has not shown that any relevant evidence was altered or destroyed in this case. Plaintiff's only support for his contention that spoliation occurred is his allegation that CDCR officials told defense counsel, who in turn told Plaintiff, that the recordings from the investigation of his assault were never actually recorded, and do not exist. Thus, Plaintiff relies on inadmissible hearsay, which does not actually state that any evidence was destroyed, but merely that it never existed in the first place.

Also, defense counsel has submitted a declaration based on personal knowledge, which contradicts Plaintiff's assertions. Defense counsel declares that he has never seen the CDCR's confidential investigative files, he does not know what is contained in them, he has informed Plaintiff of this repeatedly, and he has never told Plaintiff that the investigative materials do not exist. (ECF No. 218-1 ¶¶ 13-14.) In Plaintiff's reply, he accuses defense counsel of perjuring himself in his

declaration when counsel declared that he never told Plaintiff that the investigative materials do not exist. (ECF No. 221.) He then makes an improper and belated motion in his reply brief for leave to issue discovery to non-parties to prove that defense counsel made a knowingly false statement. Plaintiff's motion for a court order to be issued upon defense counsel seeks to compel counsel to provide a deposition transcript which he claims will also show the same. (ECF No. 222.) None of the discovery Plaintiff seeks is related to his assertion that defense counsel told him by telephone on March 4, 2015 that CDCR officials informed defense counsel that the recordings from the investigation were never made and do not exist. Also, discovery in this matter has long been closed. And, as discussed above, this statement in Plaintiff's declaration which he uses to support this spoliation argument is inadmissible hearsay, which is the only evidence Plaintiff provides in support of his motion. Plaintiff has not met his burden for seeking sanctions for any alleged spoliation even without regard to defense counsel's denial that he made the statement.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order to show cause (ECF No. 199) is DENIED; and,

2. Plaintiff's motion for a court order to be issued upon defense counsel (ECF No. 222) is DENIED.

IT IS SO ORDERED.

Dated:  **February 18, 2016**          /s/ *Barbara A. McAuliffe*  
                                                             UNITED STATES MAGISTRATE JUDGE