UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 176)<br><br>**TWENTY (20) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

## I.  Introduction

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his First Amended Complaint that Defendants Gallagher and Romero conspired to have him assaulted by other inmates on June 8, 2010, in retaliation for filing a grievance regarding his job assignment. (ECF No. 18, pp. 4-5.) According to Plaintiff, Defendants Gallagher and Romero planned and then watched the assault, while doing nothing to help him. (Id. at 5.) Plaintiff sustained serious injuries, including a broken leg. (Id.) Plaintiff further alleges that he showed Defendant Romero his broken leg and asked for medical care, and that Defendant Romero told Defendant Gallagher that Plaintiff's leg was broken, but neither defendant assisted Plaintiff with getting medical care. (Id. at 5-6.)

Currently before the Court is Plaintiff's motion for summary judgment, filed on February 2, 2015. (ECF No. 176.) Defendants opposed the motion on July 10, 2015. (ECF No. 202.) Plaintiff filed

his reply to Defendants' opposition on August 17, 2015. (ECF No. 209.) The motion is deemed submitted. Local Rule 230(l).

In Plaintiff's motion, he argues that although Defendants deny his version of events, they have not raised any triable issue of fact, and as a result summary judgment should be granted in his favor. (ECF No. 176.) As explained below, the Court finds that Defendants have provided sufficient evidence to create a genuine dispute of material fact which must be determined at trial by a finder of fact, and therefore Plaintiff's motion for summary judgment should be denied.

**II.     Motion For Summary Judgment**

    **A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations and citations omitted). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

///

In arriving at these Findings and Recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### B. Undisputed and Disputed Material Facts

There are very few undisputed facts in this matter. The parties agree that at all times relevant to this litigation, Defendants Gallagher and Romero were correctional officers employed at the Kern Valley State Prison, where Plaintiff was incarcerated. (Defs.' Resp. to Pl.'s Statement of Undisputed Facts ("Defs.' Undisputed Facts"), ECF No. 202-1, ¶ 1.) On June 7, 2010, Plaintiff gave Defendant Gallagher an administrative grievance. (Id. at ¶ 2.) The grievance concerned Plaintiff's job as a barber; specifically Plaintiff complained that Defendant Gallagher had said Plaintiff and the other barbers in his building would not be let out for work on time. (Inmate/Parolee Appeal Form dated June 7, 2010, ECF No. 176, p. 39.) Plaintiff further complained in his grievance that this was discrimination, and requested to be let out on time. (Id.) Defendant Gallagher granted the grievance. (Id.; see also Defs.' Undisputed Facts ¶ 3.)

The next day, June 8, 2010, Defendants Gallagher and Romero were working in Facility C, Building 3, where Plaintiff was housed, with another correctional officer named Molina. (Defs.' Undisputed Facts ¶ 4.) Molina left at about 10:00 a.m. that day, and Defendant Romero went into the control booth to relieve him. (Id.) Sometime after noon, Defendant Romero, still in the control booth, let Plaintiff out of his cell so that he could go to his job assignment. (Id. at ¶ 5-6.)

At this point, the parties' versions of events widely diverge. Defendants Gallagher and Romero allege that Romero also let several other inmates out of their cells for their jobs as barbers, in addition to Plaintiff. (Decl. of P. Gallagher in Supp. of Defs.' Opp'n to Pl.'s Mot. for Summ. J. ("Gallagher Decl."), ECF No. 202-2, ¶ 6; Decl. of R. Romero in Supp. Of Defs.' Opp'n to Pl.'s Mot. for Summ J. ("Romero Decl."), ECF No. 202-3, ¶ 5.) Plaintiff allegedly lingered near a neighbor's cell while the other inmates went with Defendant Gallagher to retrieve barber tools. (Gallagher Decl. ¶ 6; Romero

3

Decl. ¶ 6.) Defendant Romero alleges he lost sight of Plaintiff for a couple of minutes while he moved positions so as to monitor Defendant Gallagher and the other inmates. (Romero Decl. ¶ 6.)

According to Defendant Romero, when he moved back to observe Plaintiff, Plaintiff called up to the control booth to say he had slipped and fallen and injured his leg, and asked to go to the medical clinic. (Romero Decl. ¶ 7.) Defendant Romero noted Plaintiff did not appear injured, but nevertheless called downstairs to Defendant Gallagher to explain that Plaintiff said he had fallen and hurt his leg, and that he requested to go to the clinic. (Gallagher Decl. ¶ 7; Romero Decl. ¶¶ 7-8.) Defendant Romero, still in the control booth, let Plaintiff into his cell to get dressed to go to the Facility C medical clinic, while Defendant Gallagher called the clinic nurse. (Id.) The nurse asked Defendant Gallagher if Plaintiff could walk, so Gallagher checked with Defendant Romero, who told Gallagher that Plaintiff was ambulatory. (Id.) Gallagher then relayed this information to the nurse. (Id.)

Plaintiff was then cleared to go to the clinic, and from the control room Defendant Romero opened the door to allow him to proceed there. (Gallagher Decl. ¶ 7; Romero Decl. ¶¶ 8, 10.) Both Defendants Gallagher and Romero allege that they saw Plaintiff walk to the clinic using a four-point walker and moving slower than usual, but he did not appear to be in any physical distress. (Gallagher Decl. ¶ 8; Romero Decl. ¶9.) Nevertheless, Defendants admit that medical staff at an outside hospital who treated Plaintiff later that day determined he sustained a fractured right ankle, for which he received treatment. (Gallager Decl. ¶ 9; Romero Decl. ¶ 14.)

Plaintiff's version of events differs significantly from Defendants' allegations. Plaintiff alleges that on June 7, 2010, when Defendant Gallagher granted Plaintiff's grievance, Gallagher also threatened to have other inmates "jump" Plaintiff. (Decl. of Kevin D. Bryant in Supp. of Pl.'s Mot. for Summ. J. ("Bryant Decl."), ECF No. 176, ¶ 3). Specifically, Defendant Gallagher said that he would motivate the other inmates by keeping them locked down in their cells and telling them that it was Plaintiff's fault they were locked down. (Id.)

Plaintiff further alleges that the next day, June 8, 2010, when he was let out of his cell by Defendant Romero from the control booth for his assigned barber job, Defendants Gallagher and Romero had several inmates waiting for him, whom they had conspired to have physically assault him. (Bryant Decl. ¶¶ 5-6.) The inmates then attacked Plaintiff, severely breaking his right leg so that "it

4

was flipped to the right at a 90 degree angle at the ankle and the bone had punched through the skin on the left side." (Id. at ¶ 8.) Plaintiff alleges he could not stand or walk on his right leg, and it was badly bleeding where the bone punctured his skin, such that it soaked his sock in blood. (Id. at ¶ 9.) He also suffered other injuries, including a black left eye, a fracture of the right elbow and right index finger at the knuckle, and two sores on his right knee. (Id. at ¶ 22.)

Plaintiff further alleges that while he was assaulted, Defendant Romero watched from the control booth and did nothing. (Bryant Decl. ¶¶ 10-11.) Plaintiff then sat on a bench beneath the control booth, showed Defendant Romero his bloody, broken right leg, and asked him to call the medical clinic to send staff for help because he could not walk or stop the bleeding himself. (Id. at ¶ 12.) Defendant Romero refused to call for help, and instead told the inmates who attacked Plaintiff to leave, and told Plaintiff to sit and wait for the nurse who would come at 4:00 p.m. to dispense medication. (Id. at ¶ 13.) Plaintiff instead hopped and crawled to his cell door and sat on the floor in front of his cell, when he attempted to stop the bleeding and straighten out his leg so that the ankle bone was not sticking out of his skin. (Id. at ¶ 14.) Almost an hour after the assault, Plaintiff got his walker out of his cell and used it to hobble to the medical clinic by hopping on his left leg while using the walker. (Id. at ¶ 18.) He was then taken to an outside hospital and diagnosed with a "bimalleolar ankle fracture." (Id. at ¶ 19.)

**C.     Discussion**

Although Plaintiff's version of the events underlying this case dramatically differs from Defendants' version, he nonetheless argues that he is entitled to summary judgment because there is no triable issue of material fact. Specifically, Plaintiff argues that Defendants allegations that Plaintiff did not appear injured, was able to walk to the clinic, and did not appear to be in any physical distress lack factual support since they are corroborated by nothing more than the Defendants' "self-serving declarations." (ECF No. 209, p.1.)

In contrast, to dispute Defendants' version of events, Plaintiff has submitted both his own declaration and a declaration from a proposed expert witness, Christine Blantz, NP-C, a certified nurse practitioner. (Decl. of Expert Witness Christine Blatz in Supp. of Pl.'s Reply to Defs.' Opp'n ("Blantz Decl."), ECF No. 207). Nurse Blantz declares that she has reviewed, among other things, Plaintiff's

relevant medical records and the declarations related to this motion for summary judgment. (Blantz Decl. ¶¶ 2-4.) She further states that the medical records show Plaintiff sustained a very severe ankle fracture—"a complet[e] break of both bones of the right leg just above the ankle with a complete separation of . . . both bones." (Id. at ¶ 6.) She notes that medical staff documented a "break of the skin" on Plaintiff's leg and "a protruding bone through the break in the skin." (Id. at ¶ 8.) She opines that it is "highly unlikely" that Plaintiff could have walked on his right leg without a limp after sustaining this injury, and that it is "difficult to believe" that Defendants would not have observed that Plaintiff's leg was clearly broken and that he required emergency care, since there "would have been substantial bleeding." (Id. at ¶¶ 9, 12.) Nurse Blantz further opines that Defendants' allegations that they observed Plaintiff "walking normally on his right leg, using both feet, moving steadily and without difficulty and in no distress . . . seem[] medically impossible." (Id. at ¶ 15.) In contrast, Nurse Blantz believes that Plaintiff's version of events is compatible with the medical evidence. (Id. at ¶ 17.)

Plaintiff argues that because Defendants rely solely on their own, self-serving declarations in opposing summary judgment with no expert opinion in support, they have not genuinely disputed his allegations, their declarations should be disregarded, and summary judgment should be granted in his favor. (ECF No. 209, p. 9.) "Although the source of the evidence may have some bearing on its credibility and on the weight it may be given by a trier of fact, the district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015). A court may "disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." Id. at 497-98 (citations omitted). However, declarations submitted by a party, although uncorroborated and self-serving, may be sufficient to create a genuine issue of material fact where they are "based on personal knowledge, legally relevant, and internally consistent." Id. at 498.

In this case, Defendant Gallagher's and Defendant Romero's declarations are sufficient to create a genuine dispute regarding the material facts relevant to Plaintiff's claims in this case. These genuinely disputed material facts include how Defendants responded to his grievance, how Plaintiff sustained his leg injury on June 8, 2010, what knowledge Defendants had about Plaintiff's injury, and how they reacted to his complaints of an injury. Defendants' declarations contain their testimony

given under the penalty of perjury concerning facts about these issues, based on direct personal knowledge of their actions and observations during the relevant events, and statements made by and between the parties. Thus, the factual assertions in the declarations Plaintiff seeks to have disregarded are of an admissible nature, and his complaint that they are self-serving bears not on their admissibility, but on their weight and credibility, which are issues for the fact finder to determine. See Nigro, 784 F.3d at 497-98; see also Emeldi v. Univ. of Oregon, 698 F.3d 715, 729 n.8 (whether declarations are corroborated by other evidence or are self-serving "goes to the weight of [that party's] evidence, not to its admissibility and sufficiency to withstand summary judgment").

Plaintiff's argument that the declarations are uncorroborated by other evidence likewise goes to their weight, not to their admissibility.  It is not unusual that the Defendants' declarations about what they did, saw, said, or knew are uncorroborated under these circumstances, since these matters concern their personal actions and experiences, particularly what occurred between them and Plaintiff. See Phan, 500 F.3d at 910 (the participants in a conversation may testify about the interchange even if uncorroborated by other evidence, subject to a credibility determination by the finder of fact). Thus, lack of corroboration here does not show the declarations must be disregarded.

Plaintiff further argues that Defendants' declarations or significant portions thereof should be disregarded for a number of other reasons, none of which have any merit. He argues that significant factual assertions in the declarations should be disregarded because they are so undermined by Nurse Blantz's opinion as to make them incredible or physically impossible. (ECF No. 209, pp. 1, 9.) This argument principally concerns Plaintiff's deliberate indifference claim, and is directed at Defendants' allegations that they did not think Plaintiff was in physical distress, and allegations that they saw Plaintiff walking to the medical clinic without any significant difficulties.

"Questions involving a person's state of mind, e.g., whether a party knew or should have known of a particular condition, are generally factual issues inappropriate for resolution by summary judgment." Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir. 1985) (citing 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §§ 2729–2730 at 229, 238 (2d ed. 1983)). "[W]here the palpable facts are substantially undisputed, such issues can become questions of law which may be properly decided by summary judgment." Id. (citing Fonda v. Gray, 707 F.2d 435,

438 (9th Cir. 1983)). "But summary judgment should not be granted where contradictory inferences may be drawn from such facts, even if undisputed." Id. (citing United States v. Perry, 431 F.2d 1020, 1022 (9th Cir. 1970)).

Defendants admit that Plaintiff has "provided ample evidence showing that he had an objectively serious medical need" when he was seen at the medical clinic and later at the outside hospital for his leg injury. (ECF No. 202, p. 8.) Nevertheless, the parties vigorously dispute how Plaintiff's injury occurred, when it occurred, and whether either of the Defendants was aware of Plaintiff's injury when he went to the medical clinic. (Id. at 2.) Resolving these questions will require a fact finder to weigh and consider the evidence submitted by the parties; these issues are not susceptible to resolution on summary judgment.

While Nurse Blantz's opinion appears to support Plaintiff's arguments, it does not show that Defendants' allegations that they observed him with no significant injury or in physical distress are impossible, as Plaintiff argues. Defendants contend that Plaintiff may have been hiding the extent of his injury from them, or that he may have had a minor injury while he was in the housing unit that was substantially worsened when he left that area and "hopped" on one leg for several hundred yards to go the prison's medical clinic. (ECF No. 202, p. 8.) Based on the evidence presented, a reasonable jury in this case could choose to credit Defendants' explanations for the agreed facts regarding Plaintiff's injury, or chose instead to credit Plaintiff's allegations. These findings must be left to the fact finder at trial.

Plaintiff also argues that Defendants are incompetent to provide testimony that they saw Plaintiff walking slower than normally but not in any apparent physical distress, because these statements are medical opinions that are required to be testified to by an expert witness. (ECF No. 209, pp. 21-22.) On the contrary, "a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person." Franklin v. Shelton, 250 F.2d 92, 97 (10th Cir. 1957). Defendants' statements do not concern any medical diagnosis of Plaintiff's condition, but instead are based on what they saw or otherwise observed regarding Plaintiff's general appearance while walking. Defendants are competent to provide sworn testimony regarding what they generally observed about Plaintiff's physical injuries and condition.

1    Finally, in Plaintiff's reply he seeks to strike many of the factual statements in Defendants'
2 declarations which they rely on to oppose his motion for summary judgment based on discovery
3 disclosure violations. (ECF No. 209.) Under Federal Rule of Civil Procedure 37(c)(1), a party that
4 fails to disclose information required by Rule 26(a) or 26(e) without substantial justification is not
5 allowed to use the evidence on a motion, at a hearing, or at trial, unless the failure was substantially
6 justified or is harmless. Fed. R. Civ. P. 37(c)(1).
7    In this case, the Court does not find any failure to disclose. Plaintiff principally relies on an
8 interrogatory request to "Please state in detail everything you know and have been told about the
9 alleged assault of Plaintiff on 6/8/10," (ECF No. 210, pp. 32, 42), and argues that Defendants failed to
10 disclose the facts alleged in their declarations in response to this request. But the facts declared to by
11 Defendants do not concern any alleged assault; rather, Defendants discuss their version of events in
12 which Plaintiff claimed to be injured from a slip and fall. In response to Plaintiff's interrogatory
13 request, they answered, notwithstanding certain objections, that their knowledge of Plaintiff's
14 allegations regarding an assault "comes through reading Plaintiff's original complaint." (Id.) This
15 interrogatory response is consistent with Defendants' allegations that no assault occurred and instead
16 that Plaintiff claimed to be injured from a slip and fall, and is not evidence of any failure to disclose
17 requested information in discovery.
18    Plaintiff also argues that Defendants failed to disclose to him investigative materials related to
19 an internal investigation of the alleged assault which he requested during discovery, and which
20 undermine Defendants' declarations and support Plaintiff's version of events. (ECF No. 209.) As a
21 result, Plaintiff argues that Defendants should not be allowed to rely on the facts in their declarations
22 which he could have opposed using the investigation materials. "If a party fails to provide information
23 or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information
24 or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was
25 substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).
26    As discussed in its order on Plaintiff's separate motion to compel the production of these
27 materials or impose sanctions, Plaintiff has not shown that Defendants were required to produce these
28 materials to Plaintiff under Rule 26(a) or (e). Moreover, Defendants are not relying on documents or

1 information from those investigation materials in opposing Plaintiff's motion for summary judgment;
2 their declarations, as discussed above, are instead based on their personal knowledge. The fact that
3 Plaintiff believes he could have controverted Defendants' declarations using the investigation
4 materials does not support his request to disallow the Defendants from relying on their declarations
5 which are not based on those materials.

### III.  Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgement (ECF No. 176) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 18, 2016**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE