UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00446-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT<br><br>(ECF No. 198) |

## I. Introduction

Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment. These claims arise out of an alleged assault of Plaintiff on June 8, 2010 at Kern Valley State Prison ("KVSP"), which he alleges Defendants orchestrated. (ECF No. 18.)

Currently before the Court is Plaintiff's motion for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). (ECF No. 198.) Defendants filed their opposition on July 14, 2015, (ECF No. 203), and Plaintiff replied on August 31, 2015 (ECF No. 213). The motion is deemed submitted. Local Rule 230(l).

///

1

**A.      Motion for Leave to File Supplemental Pleading**

Plaintiff states in his motion that he seeks to file a supplemental complaint setting out occurrences and events that happened after the date of the pleading to be supplemented, naming additional defendants, including the California Department of Corrections and Rehabilitation ("CDCR"), and a number of individual defendants, and bringing claims of retaliation, failure to protect, failure to investigate his assault, and obstruction of justice in their conspiracy to cover up criminal acts committed against him by the current Defendants. (ECF No. 198.) He also seeks to add state law claims of assault and battery against the current Defendants and CDCR. In support of his motion, Plaintiff argues that all of his claims are related under Rule 18(a), and he has exhausted all available remedies pursuant to the applicable provisions of the PLRA. He also states that his new causes of action were just discovered in April or May 2014, and were not exhausted until January 2015, when he could make this motion.

The current Defendants oppose the motion, arguing that Plaintiff has failed to show good cause for supplementing the complaint at this stage in the litigation. (ECF No. 203.) Noting that Plaintiff did not provide a proposed supplemental complaint with the original motion, Defendants argue generally against the proposed new defendants and claims. In response, Plaintiff lodged a proposed supplemental complaint, (ECF No. 215), along with his reply brief, (ECF No. 213.)

**B.      Summary of Proposed Supplemental Allegations**

Plaintiff's proposed supplemental complaint seeks to re-allege claims against defendants that are no longer involved in this action, including Associate Director Kelly Harrington (named in Plaintiff's original complaint as "Warden Harrington"), and CDCR Secretary and former Director Matthew Cate. Plaintiff also seeks to add several new defendants to this action, including Warden Martin D. Biter, CDCR Secretary and Director Jeffrey Beard, Correctional Lieutenant J. Stiles, Correctional Sergeant A. Sells, Special Agent Gerald Biane, Special Agent Ricardo Christensen, and Correctional Lieutenant Harden. He seeks to sue all of these proposed defendants in their official and individual capacities.

Following a lengthy summary of matters regarding CDCR's internal investigation and employee disciplinary process, Plaintiff alleges that CDCR has a policy and custom of covering up

staff misconduct which resulted in him being injured in the June 8, 2010 assault that is the subject of the current suit. (ECF No. 215, p. 7.) He further alleges that the proposed new defendants conspired to cover-up the evidence of his assault, and withheld or spoliated the evidence they obtained, in order to shield the current Defendants and CDCR from liability and prosecution. Plaintiff claims that this has placed him in constant and imminent danger of harm. He states that the CDCR secretaries before, during, and after his assault were Cate and Beard, and the wardens at KVSP before, during, and after his assault were Harrington and Biter. (ECF No. 215, pp.6-7.)

On July 12, 2010, Lieutenant Stiles, the KVSP Investigative Services Unit ("ISU") supervisor, and Lieutenant Harden interviewed Plaintiff about the assault. The interviewers stated that they knew the Defendants paid inmates to assault Plaintiff, and there was evidence of this from other staff and inmates. On September 30, 2010, Lieutenant Stiles and Sergeant Sells also interviewed Plaintiff, and Plaintiff gave them additional information, let them copy his journal entries from June 8, 2010, and gave them a copy of his then-unfiled state court tort claim complaint. Lieutenant Stiles later informed Plaintiff that he had completed his investigation and submitted a report to Warden Harrington, who would submit it to Secretary Cate. Lieutenant Stiles interviewed Plaintiff several more times with other staff, and then began telling Plaintiff that there was no evidence, no report was ever submitted, and it was all unfounded. (ECF No. 215, pp. 8-9.)

On November 30, 2010, Plaintiff spoke to an inmate, Edward Vargas, who told Plaintiff that he reported information about Plaintiff's assault to Lieutenant Stiles. Inmate Vargas was then attacked by the Defendants. On August 9, 2011, Plaintiff told Warden Biter everything that had happened to him on June 8, 2010, how nothing had been done about it, and that he had been repeatedly threatened by staff. Plaintiff also wrote to Warden Biter, Secretary Cate, and others that his life was in danger and he needed protection. On August 25, 2011, Lieutenant P. Morales interviewed Plaintiff and another inmate. On August 25, 2011, Special Agent Biane interviewed Plaintiff about the June 8, 2010 assault and all the threats, assaults and torture thereafter. Special Agent Baine returned on September 30, 2011 to interview Plaintiff again, and on October 5, 2011 Baine interviewed another inmate witness. All evidence from these interviews, including recordings, has been concealed by CDCR. (ECF No. 215, pp. 9, 13.)

3

Special Agent Christensen visited Plaintiff on September 18, 2012 and April 27, 2015, and informed Plaintiff that there were nine special agents investigating various incidents of staff misconduct and cover-ups at KVSP, which had been going on for several years. Special Agent Christensen further informed Plaintiff that those officials who blow the whistle are retaliated against. Various investigations related to other inmates that were allegedly covered-up. (ECF No. 215, pp. 10-11).

Plaintiff claims that Harrington and Biter were responsible for the violations of policy and procedure related to investigations and staff misconduct by Lieutenant Stiles and Sergeant Sells, including the investigation into Plaintiff's June 8, 2010 assault. Plaintiff also alleges that he wrote dozens of emergency requests for investigations and protection to Secretary Cate notifying Cate of the June 8, 2010 assault and cover-up of the investigations. Plaintiff wrote several of these emergency requests to Harrington and Biter and to the Office of Internal Affairs in Sacramento and Bakersfield, California. Baine and Christenson and Lieutenant Harden failed to report the misconduct, and all the proposed defendants covered it up as well. None of the assailants were ever charged, punished, or disciplined for assaulting Plaintiff. Instead, several days after his assault, Plaintiff and another inmate were attacked by Gallagher and Romero in retaliation for Plaintiff reporting his assault, after someone in the ISU told Gallagher and Romero about Plaintiff's report. (ECF No. 215, pp. 12-14.)

Plaintiff seeks declaratory relief, injunctive relief, compensatory and punitive damages, and his release from prison.

**II.     Legal Standard**

Under Rule 15(d), a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The bringing of new claims in a supplemental pleading should be allowed when it promotes the economical and speedy disposition of a controversy. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). see also San Luis & Delta–Mendota Water Authority v. U.S. Dept. of Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (identifying nine factors that the Supreme Court and Ninth Circuit have applied in determining the appropriateness of supplementation). Courts should freely grant leave to file a supplemental or amended pleading absent special circumstances, such as: (1) undue delay; (2)

bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood v. S. Ariz. V. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

**III.   Analysis**

In this case, the factors to consider in determining whether to grant Plaintiff's motion for leave to file a supplemental pleading weigh against granting that request. This case concerns Plaintiff's claims arising out his allegations that Defendants Gallagher and Romero conspired to have him assaulted on June 8, 2010 in retaliation for making a complaint about his job. Plaintiff's proposed supplemental allegations would exponentially expand the scope of this case to concern many matters far afield of this narrow event, involving unrelated issues of law and fact. This case does not concern issues involving allegations of a conspiracy to cover-up wrongdoing through improper investigations of complaints by prison officials, which is the ultimate subject of Plaintiff's new allegations against the proposed new defendants. Allowing a supplemental complaint to add new, unrelated causes of action would not promote judicial efficiency or the speedy disposition of the matter, because the entire controversy between the parties may not be settled in a single action. See Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir.1997). Thus, the purposes of allowing a supplemental pleading would not be well-served by allowing one here.

This issue is related to the factor which weighs most heavily in the analysis here—prejudice to the opposing party. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight in a Rule 15 analysis). As Defendants argue, this case has been pending for over four years, discovery has been closed for over two years, and the parties have fully-briefed Plaintiff's motion for summary judgment. This Court has now issued a recommendation on that motion, bringing this case closer to its final resolution. Should Plaintiff be allowed to add new claims and defendants now, the litigation process here will begin anew. Discovery will need to be re-opened, since none of the matters raised in Plaintiff's

1 proposed supplemental allegations were at issue in the case through now. Plaintiff estimates he would
2 require 180 days to propound discovery related to these new claims and defendants. Defendants
3 anticipate potential additional dispositive motions, further delaying the resolution of this matter. The
4 parties have also engaged in prior settlement discussions and a mediation, which efforts might require
5 revisiting if the new claims and defendants were added. Thus, granting leave to supplement here
6 would result in significant prejudice to Defendants. See Frederick v. California Dep't of Corr. &
7 Rehab., No. C 08-2222 MMC PR, 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012).

8 Other reasons also weigh against allowing a supplemental complaint here. Addressing whether
9 Plaintiff is operating in bad faith, Defendants note that he is subject to the three strikes provision of 28
10 U.S.C. § 1915(g) based on prior litigation, and they argue that if his supplemental claims were filed as
11 a separate action, it would not likely qualify for any exception under § 1915(g). Although Defendants
12 do not contend Plaintiff is acting in bad faith, they argue that if he is allowed to add these claims to
13 this case, he would unfairly circumvent the provisions of § 1915(g). The Court does not find that
14 Plaintiff is yet acting in bad faith here, in this instance and under these circumstances. Nevertheless,
15 the Court agrees that if Plaintiff filed this supplemental complaint as a new action, he would be subject
16 to § 1915(g), and the action would not qualify for any exception under § 1915(g), as currently pleaded.
17 Plaintiff should not be allowed to circumvent the filing fee requirements of the PLRA through
18 amending or supplementing his action here.

19 Defendants also argue that there is unexplained undue delay here, even assuming Plaintiff's
20 statements that he just discovered these new causes of action in 2014 and did not exhaust them until
21 January 2015 are true. Defendants argue that this does not explain why Plaintiff waited six months,
22 until June 29, 2015, to file his motion for leave to file a supplemental pleading. In his reply, Plaintiff
23 asserts that the delay was due to health issues and a lack of access to his property during this six month
24 period. What is not explained, however, is Plaintiff's contention that he did not discover these matters
25 until 2014. His proposed supplemental allegations concern matters which occurred beginning in 2010,
26 and although he alleges some ongoing conduct, much of the alleged conduct was completed before
27 2014. Plaintiff does not explain his delay in attempting to supplement his pleadings any sooner than
28 the current motion.

Finally, issue of futility weighs against allowing leave to supplement here, as Defendants argue. Plaintiff concedes in his reply that his proposed claim against CDCR is barred by the Eleventh Amendment. Also, as noted above, Plaintiff alleged some of these same claims against proposed defendants Harrington and Cate in his initial complaint in this matter. After he was informed that those claims were not cognizable and granted leave to amend to cure the deficiencies in that complaint to the extent possible, (ECF No. 15), he did not include any claims against those defendants in his amended complaint, (ECF No. 18). These new supplemental allegations have not cured the deficiencies he was previously informed about, and regardless, his opportunity to amend his pleadings in support of those claims has long passed. Generally, although Plaintiff asserts that there is a conspiracy to cover-up prison official misconduct in his supplemental complaint, much of his allegations are conclusory, and they mostly fail to state sufficient specific facts to support viable claims for violations of his federal rights. Although not all of Plaintiff's allegations appear entirely futile, the Court declines to allow any supplemental or amended pleading for those claims that might survive at this stage in the litigation, for the reasons discussed above.

**IV.     Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a supplemental complaint (ECF No. 198) is denied.

IT IS SO ORDERED.

Dated:    **February 25, 2016**                /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE