**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00446-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS AND THEIR ATTORNEY TO DISCLOSE FULL NAMES AND CURRENT ADDRESSES OF WITNESSES<br><br>(ECF Nos. 234, 236)<br><br>**FOURTEEN (14) DAY DEADLINE** |

I.      **Introduction**

Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 231.) This action proceeds on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

Before the Court is Plaintiff's motion to compel, as amended and updated. (ECF Nos. 234, 236.) Defendants have opposed the motion, (ECF No. 235), and the time for filing a reply has passed, with no reply filed by Plaintiff, Local Rule 230(l). Therefore, the motion, as amended and updated, is submitted.

1

**II.     Discussion**

In his motion, Plaintiff seeks an order compelling Defendants, through their counsel, to provide the full names and current addresses of several people he intends to subpoena as witnesses for trial in this matter. Plaintiff requested this information by letter to defense counsel dated April 27, 2016, through a list of both incarcerated and un-incarcerated witnesses, including some current and former employees of CDCR. (ECF No. 234, pp. 4-5.) Some of these people were identified by full name and other identifying information, but others are unnamed individuals identified by a description, such as "inmates housed in cell C3-110 on 6/8/10." (Id. at p. 5.)

Defense counsel responded to Plaintiff by letter, setting forth several disclaimers but also providing Plaintiff with the locations of several of Plaintiff's witnesses from his list. (ECF No. 235, pp. 5-6.)  For the inmates that Plaintiff provided a name and CDCR number, defense counsel used CDCR's online inmate locator, available to the public via http://inmatelocator.cdcr.ca.gov/, and provided the institution where those people are currently housed according to that website. For certain CDCR employees and former employees, defense counsel provided the name and location of the facility or organization where those people are believed to be currently employed, to the extent known. Defendants now oppose Plaintiff's motion on the grounds that (1) Plaintiff should have requested this information during discovery; and (2) the motion is moot since defense counsel provided all information that was reasonably available in response to Plaintiff's letter. (ECF No. 235.)

Plaintiff acknowledges that defense counsel provided him some information, but argues he should be provided the full names of all the proposed witnesses, and their full, current addresses. Plaintiff states that he requested this information and information sufficient to identify his unnamed witnesses during discovery, but Defendants objected to his requests and did not provide the information. He also alleges that he cannot obtain the full addresses for the institutions and organizations that defense counsel has provided him, as necessary to prepare subpoenas, if needed.

**A.     Analysis**

Plaintiff has not attached or otherwise identified the relevant discovery requests, or the Defendants' objections and responses, for the Court's review. Plaintiff has been previously warned of his burden, as the moving party, to inform the Court which discovery requests are the subject of his

2

1    motion to compel, and why Defendants' objections are not justified or why the responses were

2    otherwise deficient. (ECF No. 115, p. 4 (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002);

3    Brooks v. Alameida, 2009 WL 331358, at *2 (E.D. Cal. Feb.10, 2009); Ellis v. Cambra, 2008 WL

4    860523, at *4 (E.D. Cal. Mar. 27, 2008)).)  Although it is not the Court's responsibility to do so, in an

5    attempt to expediently resolve this matter, the Court has identified what appear to be the relevant

6    discovery requests Plaintiff relies upon, which were the subject of a previous motion to compel in this

7    case.

8          Plaintiff previously requested from Defendants information concerning the inmates housed in

9    Building C3 on June 8, 2010, when the incidents relevant to this action occurred. (ECF No. 115, pp. 8-

10   9.) Defendants objected to such request on relevancy grounds, as seeking privileged information and

11   information protected by privacy laws, as seeking information which would compromise the safety

12   and security of the institution, and as seeking some information which was not known to Defendants.

13   (Id. at 9-11.)  Plaintiff also previously requested the names and locations of the custody staff

14   sergeants, lieutenants and captains working on Facility C at the time of the relevant events. (Id. at 11.)

15   Defendants objected to such requests on relevancy grounds, as overbroad, and as not then-known to

16   Defendants. (Id.)

17         Plaintiff's motion to compel this requested information over Defendants' objections was

18   denied, since he failed to address the validity of the objections or the adequacy of the responses, and

19   did not explain the relevancy of the information. (ECF No. 115, pp. 9, 11.) The Court construes

20   Plaintiff's current motion as an attempt to have the Court reconsider its prior ruling on this issue.

21   Reconsideration motions are committed to the discretion of the trial court. Smith v. Clark Cnty. Sch.

22   Dist., 727 F.3d 950, 954 (9th Cir. 2013) (citing SEC v. Platforms Wireless Int'l Corp., 617 F.3d 1072,

23   1100 (9th Cir. 2010)). "A motion for reconsideration should not be granted, absent highly unusual

24   circumstances." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th

25   Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must

26   show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was

27   already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134

28   F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly

1    convincing nature to induce the court to reverse its prior decision. <u>See</u> <u>Kern–Tulare Water Dist. v. City</u>

2    <u>of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), <u>aff'd</u> <u>in</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>,

3    828 F.2d 514 (9th Cir.1987).

4         In his current motion, Plaintiff has now shown that the relevancy of the requested information

5    is to identify, contact and possibly subpoena potential witnesses to the events. (ECF No. 234, p. 5).

6    Moreover, to the extent Defendants have now provided the locations of the people Plaintiff identified

7    as potential witnesses, it appears they have waived their previous objections. Therefore, the Court will

8    order Defendants to provide the full addresses of the people whose locations were provided, in good

9    faith, as set forth in defense counsel's May 18, 2016 letter. Defendants will only be required to provide

10    the full addresses of the institutions or other business locations that they set forth in their letter as the

11    most-recent contact information. The Court also cautions Plaintiff that granting this relief does not

12    mean the Court will necessarily require such witnesses to testify in this matter. Plaintiff must still meet

13    all requirements for securing the attendance of such witnesses, as was previously described in the

14    Court's second scheduling order. (ECF No. 233.)

15         For the people that Defendants will not provide the full name or location of based on their prior

16    objections, including their lack of knowledge of who such people are or where they are now located,

17    the Court will deny Plaintiff's motion to compel such information. Other than the issue of relevancy,

18    Plaintiff has not shown why those objections are insufficient or invalid, or otherwise addressed the

19    Defendants' previous responses. Nor can Defendants be compelled to provide information not in their

20    possession, custody, or control.  Thus, Plaintiff has not met the burden for reconsideration of the

21    Court's prior rulings with respect to those matters.

22    **III.**     **Conclusion and Order**

23         For the foregoing reasons, the Court HEREBY ORDERS that:

24         1.      Plaintiff's motion to compel, as amended (ECF Nos. 234, 236) is GRANTED IN PART

25    AND DENIED IN PART;

26         2.      Defendants shall provide the full addresses of the institutions for the five inmates

27    (Vargas, Levels, Willis, Contreras, and Lopez) listed on the first page of defense counsel's May 18,

28    2016 letter, (ECF No. 235, p. 5), and of the institutions or other locations for the thirteen CDCR

1   employees and former employees (Stiles, Sells, Sica, Waddle, Henderson, Molina, Cano, DaViega,

2   Biter, Biane, Christensen, Harrington, and Harden) listed on the second page, (Id. at 6); and

3           3.       Defendants shall provide this information on or before fourteen (14) days from the date

4   of service of this order.  No extension shall be provided absent a showing of good cause.

5

6   IT IS SO ORDERED.

7       Dated:    **June 23, 2016**                        /s/ *Barbara A. McAuliffe*  _

8                                                   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28