1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9

KEVIN DARNELL BRYANT,

10
    Plaintiff,

11
  v.

12
GALLAGHER, et al.,

13
    Defendants.

14
15
16
17
18

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:11-cv-00446-BAM (PC)

ORDER DENYING PLAINTIFF'S FIRST MOTION
FOR MODIFICATION OF THE COURT'S
SECOND SCHEDULING ORDER
(ECF No. 240)

Plaintiff's Pretrial Statement and Motion(s) for
Incarcerated Witnesses Due:  **July 15, 2016**

Defendants' Pretrial Statement and Opposition(s) to
Motion(s) for Incarcerated Witnesses Due:  **July 29,
2016**

19
   Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma

20
pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to

21
magistrate judge jurisdiction. (ECF Nos. 7, 231.) This action proceeds on Plaintiff's claims against

22
Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth

23
Amendment, and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of

24
the First Amendment, and failure to protect in violation of the Eighth Amendment.

25
   On March 30, 2016, the Court issued its second scheduling order in this matter, setting forth

26
various filing requirements and deadlines, including for Plaintiff to file his pretrial statement and

27
motions for the attendance of incarcerated witnesses no later than July 6, 2016. (ECF No. 234.)

28
Currently before the Court is Plaintiff's motion to modify that deadline, filed on June 29, 2016. (ECF

1

No. 240.) Plaintiff seeks a sixty (60) day extension of time to file his pretrial statements and motions for attendance of incarcerated witnesses.

Plaintiff asserts that he cannot meet these deadlines because (1) he was on lockdown for some unspecified period in April and May; (2) he has not been able to access the law library in May and June for the full 4 hours he is entitled to due to his PLU status (his submissions show he is given some access, but not a full 4 hours at all times); and (3) he needs the full name and addresses of certain witnesses that Defendants were ordered to disclose to him to draft his motions for the attendance of witnesses.

Plaintiff has not shown the necessary good cause to grant his sixty (60) day requested extension of time. Fed. R. Civ. P. 16(b)(4). When the second scheduling order was issued in this matter months ago, on March 30, 2016, Plaintiff was provided Local Rule 281, which set forth the information necessary to prepare his pretrial statement. The pretrial statement largely calls for factual information, descriptions of anticipated evidence and witnesses, and under Local Rule 281(a)(8), it is explained that extended legal argument is not required. Thus, Plaintiff does not necessitate the use of a law library or legal research materials for preparation of the pretrial statement. Plaintiff's reliance on getting less than four full hours of legal library access at certain times does not show good cause for his failure to comply with that filing that statement by the deadline, especially when he has admitted to being provided some law library access.

Similarly, the instructions and standards for seeking incarcerated witnesses was set forth for the parties in the second scheduling order, and it shows that the information needed to prepare such motions is factual, such as describing the potential witness's knowledge of the events at issue, submitting declarations of the witness's knowledge, and provided identifying information. Moreover, although Plaintiff cites two lockdowns, he does not describe how long these lockdowns lasted and how they interfered with his preparation of the necessary filings in this matter, other than describing some limitations on law library access, which does not show good cause for an extension here for the reasons explained.

To the extent Plaintiff alleges that he is waiting on the address information Defendants were ordered to provide him to prepare his motions for incarcerated witnesses, Plaintiff is informed that the

Court is aware it granted Defendants some time to provide the full addresses of the five incarcerated witnesses at issue. It will not deny a motion for the attendance of any of those five potential incarcerated witnesses (Vargas, Levels, Willis, Contreras, and Lopez) solely for the failure to provide the full address of the institutions at which they are currently housed.

Plaintiff will be provided a few additional days to receive this order and comply with its requirements to file his pretrial statement and any motion(s) for the attendance of incarcerated witnesses, as required by the second scheduling order. The deadlines for Defendants that correspond to the brief extension being granted to Plaintiff will also be adjusted. Plaintiff's request for a sixty (60) day extension of the second scheduling order is otherwise denied for lack of good cause shown.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's first motion for a modification of the second scheduling order (ECF No. 240) is DENIED;

2.      Plaintiff shall serve and file a pretrial statement and any motion(s) for attendance of incarcerated witnesses, as described in the second scheduling order, on or before **July 15, 2016**;

3.      Defendants shall serve and file a pretrial statement and any oppositions to any motion(s) for incarcerated witnesses, as described in the second scheduling order, on or before **July 29, 2016**; and

4.      All other deadlines, hearing dates, and trial dates set forth in the second scheduling order shall stand.

IT IS SO ORDERED.

Dated:   **July 6, 2016**                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

3