UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>        Defendants. | Case No. 1:11-cv-00446-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT DISCLOSURES<br><br>(ECF No. 247) |

        Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 231.) This action proceeds on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

        Currently before the Court is Plaintiff's motion to strike Defendants' expert disclosures. (ECF No. 247.) Plaintiff states that he was provided Defendants' expert witness disclosures, a copy of which he attaches to his motion. Defendants disclosed several witnesses, including Sarbjeet Kaur, FNP, as an expert witness. Defendants also provided a written report for FNP Kaur pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). The report discusses that a copy of FNP Kaur's curriculum vitae was to be attached. Plaintiff asserts that he did not receive the attachment, nor any information on FNP Kaur's licensing, and thus FNP Kaur's qualifications were not fully disclosed to him as required by

1

Rule 26(a)(2)(B). Plaintiff argues that this prejudices him as he cannot verify FNP Kaur's qualifications or disciplinary history with the nursing board or otherwise fully prepare for any necessary rebuttal to her opinion, including preparing any rebuttal witnesses. He requests that the information be provided to him within seven (7) days of this Court's order requiring such, and that his deadline to disclose any rebuttal witnesses pursuant to Rule 26(a)(2)(D)(ii) be extended until thirty (30) days after FNP's Kaur's information is provided to him. Otherwise, he seeks for Defendants' expert disclosures to be stricken.[1]

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any person who may be used as an expert witness. See Fed. R. Civ. P. 26(a)(2)(A). For witnesses who must provide a written report, the report must contain, among other things, the witness's qualifications. Fed. R. Civ. P. 26(a)(2)(B)(iv). Rule 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Generally this sanction is "self executing . . . and automatic to provide a strong inducement for disclosure of material." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citations and internal quotation marks omitted). Nevertheless, the Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id. The purpose of these disclosure rules is to encourage timely disclosure of expert witnesses and to curb dilatory litigation tactics. See 7 James Wm. Moore et al., Moore's Federal Practice § 37.60[1] (3d ed.1999).

Here, Defendants' appear to have intended to disclose FNP Kaur's curriculum vitae to Plaintiff, but inadvertently failed to do so. The disclosures were otherwise timely provided, and there is no evidence of dilatory delay or other improper tactics. Moreover, Defendants will be ordered to provide Plaintiff a complete copy of FNP Kaur's curriculum vitae and licensing information within

---

[1] Plaintiff also seeks for the court to verify whether FNP Kaur's curriculum vitae was provided with the expert disclosure filed with the Court. The Court informs Plaintiff that no disclosure was filed by Defendants with the Court, nor is this required. Rule 26(a)(2) only requires that the disclosures be made to the other parties. Fed. R. Civ. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must **disclose to the other parties** the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.") (emphasis added).

seven (7) days of the date of service of this order. Plaintiff will also be granted his request to extend his deadline to disclose any rebuttal expert witnesses pursuant to Rule 26(a)(2)(D) until thirty (30) days after service by Defendants of the information to be disclosed pursuant to this order. As a result, Plaintiff will not be harmed by any delay in Defendants' disclosure. Thus, the Court does not find it necessary to sanction Defendants by striking their disclosures or precluding FNP Kaur at this time, on the grounds of any failure to fully disclose in compliance with Rule 26(a)(2).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to strike Defendants' expert disclosures (ECF No. 247) is DENIED;

2. Defendants SHALL provide to Plaintiff a complete copy of FNP Kaur's curriculum vitae and licensing information within seven (7) days of the date of service of this order; and

3. Plaintiff SHALL disclose any rebuttal expert witnesses pursuant to Rule 26(a)(2)(D) within thirty (30) days after the date of service by Defendants of FNP Kaur's curriculum vitae and licensing information.

IT IS SO ORDERED.

Dated: **July 29, 2016**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE