UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>        Plaintiff,<br><br>   v.<br><br>GALLAGHER, et al.,<br><br>        Defendants. | Case No. 1:11-cv-00446-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES BY ISSUANCE OF A WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>(ECF No. 244) |

      Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 231.) This action currently proceeds on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment, and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

      Currently before the Court is Plaintiff's July 11, 2016 joint motion for the attendance of the following three incarcerated witnesses: (1) Edward A. Vargas (CDCR #J63103, California State Prison, Los Angeles County ("CSP-LA")); (2) Ricardo Contreras (CDCR #F56749, Ironwood State Prison); and (3) Rufus B. Levels (CDCR #F62510, High Desert State Prison ("HDSP")). (ECF No. 244.) Plaintiff's motion states the grounds for seeking these witnesses, and indicates that it is declared

1

and signed under penalty of perjury. (Id.) Plaintiff also seeks the attendance of an unnamed white inmate assigned to cell C3-110 at the time if the events at issue. (Id. at 5.)

Defendants opposed the joint motion on July 29, 2016. (ECF No. 251.) The parties' arguments were also heard on this matter on August 3, 2015.[1]

## I. Legal Standard

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

## II. Discussion

### A. Inmates Vargas, Contreras, and Levels

Plaintiff declares that inmate Vargas was an eyewitness to his assault and to Defendants paying the inmate assailants to assault Plaintiff, and that inmate Vargas previously signed a declaration to this effect. Regarding inmate Contreras, Plaintiff declares that he was an eye- and ear-witness to the assault, heard Plaintiff repeatedly ask Defendant Romero to call medical staff for help, saw Plaintiff show Defendant Romero his injuries, watched Plaintiff sit in front of his cell trying to tend to his injuries, and witnessed Plaintiff get his walker and hop out of the dayroom. Plaintiff further declares that inmate Contreras saw Defendant Romero watching the assault. At the August 3, 2016 hearing, Plaintiff stated that inmate Contreras was his cellmate at the time of the events at issue.

---

[1] In Plaintiff's written motion, he also sought the attendance of inmate Steven Lopez (CDCR #V28968, Pleasant Valley State Prison ("PVSP")). However, at the telephonic hearing on August 3, 2016, Plaintiff withdrew his motion for the attendance of inmate Lopez, stipulating that such witness is not necessary to these proceedings. (ECF No. 255.) The Court accepts Plaintiff's withdrawal of this motion.

2

1     Regarding inmate Levels, Plaintiff declares that Levels witnessed the assault from his cell in
2 C3-210, witnessed Defendant Romero watch the assault, saw Plaintiff show his broken leg to Romero
3 and ask for help, saw that Defendant Romero did not press his alarm button or otherwise try to stop the
4 assault, and witness Plaintiff bleeding and hoping out of the dayroom. Plaintiff further declares that
5 inmate Levels was an eyewitness to Defendants conspiring with the assailants to assault Plaintiff, and
6 saw them laughing about the assault and praising the assailants after it occurred.
7     According to Plaintiff, inmates Vargas, Contreras, and Levels originally told Plaintiff that they
8 would be willing to testify on Plaintiff's behalf. However, they now appear unwilling to testify.
9 Plaintiff also states that Inmate Vargas now claims he did not sign his declaration.
10     Defendants oppose Plaintiff's motion, arguing that Plaintiff has not shown that any of these
11 inmates are willing to testify. They also argue that Plaintiff has not sufficiently shown how inmates
12 Vargas or Levels could have been an eye- or ear-witness to the incidents at issue, such as by giving
13 any facts about where these inmates were located during the events at issue. In particular, Defendants
14 contend that Plaintiff has not explained how inmate Levels could have seen or heard what Defendant
15 Romero was doing or saying from inside the control booth if inmate Levels was inside cell C3-210,
16 which is on the second tier. (ECF No. 251, p. 2.)
17     Based on Plaintiff's presentation of the facts that will be testified to by inmates Vargas,
18 Contreras, and Levels, the Court finds that each of these witnesses may be an eye and/or ear witness in
19 this action, and that it does not appear their testimony will result in undue delay, a waste of time, or
20 the needless presentation of cumulative evidence. Plaintiff has declared that each of these inmates
21 informed him of their knowledge of the events that he describes, and were previously willing to testify
22 regarding their knowledge. There will be expenses involving transporting these witnesses and for
23 security. However, Plaintiff has shown a likelihood that each of these witnesses will have relevant
24 information regarding the alleged events in this case, and that their testimony will substantially further
25 the resolution of this action.
26     That these inmates may now be unwilling to testify does not provide sufficient grounds to
27 preclude them as witnesses in this matter at this time. Plaintiff has sufficiently shown that these
28 witnesses have relevant information, and the Court must have an opportunity to encourage their

3

testimony. Defendants' arguments that inmates Vargas and Levels may not have been in a position to see or hear what transpired is also insufficient grounds to deny Plaintiff's motion with respect to those witnesses. The fact that an inmates may not have been in a good position to see or hear the events at issue because of their location at the facility is a matter of credibility that may be explored at trial and resolved by the trier of fact.

### B.    Unnamed White Inmate Assigned to Cell C3-110

Plaintiff also seeks the attendance of an unnamed white inmate assigned to cell C3-110 at the time of the relevant events. Plaintiff admitted at the hearing that he does not know the name, inmate number, or current location of such witness. However, he argues that CDCR records of housing rosters or unlock sheets would show the identity of this person. Plaintiff states that he requested this information in discovery, but the Court denied his motion to compel this discovery as untimely. Plaintiff further indicates that he was locked up in administrative segregation from October 4, 2012 through November 4, 2012, and thus could not renew his request before discovery closed. Defendants object to producing this witness, including because he has not been reasonably identified by Plaintiff. They further object Plaintiff's implied request to re-open discovery to identify this witness.

Plaintiff's motion for the attendance of this witness, and any implied request to require Defendants to identify this witness by re-opening discovery, are both denied. On July 17, 2013, the Court denied Plaintiffs' motion to compel information about the inmates housed in building C3 and the housing rosters on several grounds, including those of safety and security, privilege, and privacy, which Plaintiff failed to address. (ECF No. 115, pp. 8-10.) Plaintiff subsequently moved to reconsider this order, on the grounds that he was obstructed from law library access and filing documents between June and October 2012. The district judge denied the motion to reconsider, finding Plaintiff's contentions were belied by a record showing many filings during that time. Further, Plaintiff presented no other basis for reconsidering the prior rulings. (ECF No. 133.)

Once again, at this time Plaintiff has shown no grounds for reconsidering these prior rulings, nor any reasonable justification for making this quasi-discovery request more than three years after discovery closed in this matter (on October 22, 2012). As explained during the hearing, this matter is closed.

**III.     Conclusion and Order**

For these reasons, it is HEREBY ORDERED as follows:

1.  Plaintiff's joint motion for attendance of incarcerated witness (ECF No. 244) is GRANTED IN PART AND DENIED IN PART;

    a) Plaintiff's motion for the attendance of inmates Edward A. Vargas (CDCR #J63103, CSP-LA); (2) Ricardo Contreras (CDCR #F56749, Ironwood State Prison); and (3) Rufus B. Levels (CDCR #F62510, HDSP), is GRANTED;

    b) Plaintiff's motion for the attendance of incarcerated witness inmate Steven Lopez (CDCR #V28968, PVSP), is DENIED;

    c) Plaintiff's motion for the attendance of an unnamed white inmate assigned to Cell C3-110, and his request to re-open discovery to determine the identity of this inmate, is DENIED; and

2.  The court will issue the necessary writs of habeas corpus ad testificandum prior to the trial in this matter.

IT IS SO ORDERED.

Dated:  **August 4, 2016**            /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE