1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF CALIFORNIA**

9  KEVIN DARNELL BRYANT,                )  Case No. 1:11-cv-00446-BAM (PC)
                                        )
10              Plaintiff,              )
                                        )  ORDER GRANTING IN PART AND DENYING IN
11        v.                            )  PART PLAINTIFF'S COMBINED MOTIONS IN
                                        )  LIMINE (Doc. 265)
12  GALLAGHER, et al.,                  )
                                        )
13              Defendants.             )  ORDER GRANTING IN PART AND DENYING IN
                                        )  PART DEFENDANTS' COMBINED MOTIONS IN
14                                      )  LIMINE (Doc. 261)
                                        )
15                                      )
                                        )
16  _____ )

17        Plaintiff Kevin Darnell Bryant ("Plaintiff") is state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's

19  claims against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First

20  Amendment, and failure to protect in violation of the Eighth Amendment, and against Defendant

21  Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

22  All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 231.) This matter is set for

23  trial on October 17, 2016.

24        On September 15, 2016, Plaintiff filed a combined motion in limine covering several matters,

25  (ECF No. 265), which Defendants opposed on September 26, 2016, (ECF No. 271). On September 2,

26  2016, Defendants filed a combined motion in limine, with eleven (11) separate requests, (ECF No.

27  261), which Plaintiff opposed on September 21, 2016, (ECF No. 269). The motions were heard before

28  the undersigned on October 4, 2016. Plaintiff appeared telephonically on his own behalf, and Diana

Esquivel appeared telephonically on behalf of Defendants. The motions are deemed submitted. Local Rule 230(l).

## I.   Motions in Limine

### A.   Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also In re Homestore.com Inc., No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); see cf. Oracle Am. Inc. v. Google Inc., No. C 10–03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

### B.   Analysis

#### 1.   Plaintiff's Combined Motions in Limine

Plaintiff's motion in limine covered a variety of topics addressed at the October 4, 2016 hearing that the Court will not completely summarize here, but the Court will outline its rulings for

sake of clarity.  First, Plaintiff's motion to exclude evidence or testimony that he has brought other lawsuits or that he is a "chronic claimant" is granted, for the reasons explained at the hearing.

Plaintiff's other motions are granted in part and denied in part. Plaintiff moved to be permitted to testify and question Defendants and other witnesses on a number of prior bad acts, such as 602 appeals, grievances, staff misconduct complaints, and several specific incidents. As found by the Court during the hearing, in general the testimony and questioning Plaintiff seeks to introduce is irrelevant and subject to Rule 404(b); or to the extent the evidence is minimally relevant, it is unfairly prejudicial, confusing, and misleading to the jury. Fed. R. Evid. 403. Much of Plaintiff's proposed testimony and questioning is barred by Federal Rule of Evidence 404(b)(1), and the Court did not find any exception to that rule applied. Specifically, the Court rules as follows:

Plaintiff will *not* be permitted to testify, elicit testimony, or present evidence about any of the following matters:

(1)     Defendant Gallagher's and Defendant Romero's alleged prior or subsequent bad acts, including any staff misconduct complaints, grievances, other lawsuits, or other alleged assaults, conspiracies, or retaliation by them against other inmates;[1]

(2)     Allegations or theories regarding any conspiracies to "cover up" the alleged June 8, 2010 assault by Defendants' supervisor(s) or by any investigators. This includes, but is not limited to, any allegations of prior or subsequent bad acts by Lieutenant C. Waddle. Plaintiff will be permitted to elicit evidence from Lieutenant Waddle on the matters, which are identified further below.[2]

///

---

[1]     Plaintiff argued at the hearing that this unspecified evidence would be used to show a "pattern and practice" of improper conduct by Defendants. The Court found that this evidence did not qualify for any such exception to Rule 404(b), and instead this evidence is barred by Rule 404(b) as Plaintiff intends to use it to show a propensity to engage in the alleged conduct in this case. The Court further found that this evidence would specifically be highly prejudicial, confuse the issues, mislead the jury, and waste time, and therefore there should be excluded under Rule 403.

[2]     As discussed at length in the hearing, these matters are irrelevant, unfounded, and speculative. Any alleged improper conduct by any non-parties is not attributable to the Defendants here, and their introduction would be highly prejudicial to Defendants, confuse the issues, mislead the jury, and waste time. Fed. R. Evid. 403.  Plaintiff will not be permitted to try his pending lawsuit against Lt. Waddle (12-cv-2074) in this lawsuit.  Waddle's conduct in relation to the June 8, 2010 incident is extremely limited and questioning will likewise be limited.

Assuming a proper foundation is laid and no other objections are sustained, Plaintiff will be permitted to testify, elicit testimony, or present evidence about any of the following matters:

(1)     From the witnesses who were involved in investigating the alleged June 8, 2010 assault at issue in this case, evidence showing that there was an investigation of Plaintiff's allegations in this case, facts about how the investigation was conducted, and facts about Title 15 and appropriate investigation procedures;

(2)     With regard to inmate Vargas, any facts about what that witness saw or heard regarding the June 8, 2010 assault;

(3)     Alleged threats by Defendants against Plaintiff on or around June 8, 2010 that he not report or complain about the alleged assault, or not report truthfully about the assault; and

(4)     With regard to Lieutenant C. Waddle, any facts regarding the events of June 8, 2010, and any evidence about her supervisory duties and authority generally, and about her alleged assignment of Plaintiff to Ad Seg on November 30, 2010.

## 2.     **Defendants' Motions In Limine**

For the reasons discussed at the hearing, each of Defendants' motions in limine are granted or denied, in whole or in part, as indicated below:

(1)     Defendants' motion to preclude Plaintiff from testifying about the cause and prognosis of his ocular and extremity conditions is granted in part and denied in part. As a non-expert witness, Plaintiff may testify as to matters in his personal experience, including what happened to him, what he saw, how he felt, and any issues or feelings he has experienced, such as pain, relating to his medical needs or condition, including any current pain or issues. However, Plaintiff may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge. This generally includes any diagnosis, cause and effect relationship, and/or the interpretation of medical records. Fed. R. Evid. 701; see also Johnson v. Dunnahoe, 2013 WL 793220, *1-2 (E.D. Cal. Mar. 4, 2013) (granting motion in limine precluding testimony by prisoner on matters within the purview of a medical expert).

(2)     Defendants' motion to preclude Plaintiff from referring to matters concerning Officer Cruse, prison officials' purported continued harassment of Plaintiff after he was moved to another

4

yard in November 2010, and the allegations/pending lawsuit against Lieutenant Waddle (*Bryant v. Romero*, Case No. 1:12-cv-2074-DAD-DLB (E.D. Cal.)), is granted, except that Plaintiff may elicit testimony from Waddle as described above;

(3)     Defendants' motion to preclude Plaintiff from testifying about his interpretation of Title 15 and/or prison regulations and procedures, including his opinions regarding properly conducted investigations of staff misconduct, is granted, with the caveat explained above;

(4)     Defendants' motion to exclude any evidence of the State's indemnification of them for any award of damages in this case is granted;

(5)     Defendants' motion to exclude evidence or testimony regarding any offers to compromise or settle this matter is granted;

(6)     Defendants' motion to exclude Lieutenant Waddle as a witness is denied;

(7)     Defendants' motion to exclude Appeals Coordinator B. DaVeiga as a witness is granted;

(8)     Defendants' motion to limit the testimony of Christine Blantz, FNP, is granted in part. Nurse Blantz may not repeat hearsay from Plaintiff, for example regarding whether there was a conspiracy to harm him by Defendants, or that Plaintiff fears for his life or is in danger while in state custody. Nurse Blantz's testimony, assuming she is properly qualified as a medical expert witness at trial, is limited to her medical opinion as contained in her expert report disclosed by Plaintiff. The Court defers to trial any ruling on the extent to which Nurse Blantz may testify regarding issues of the causation of Plaintiff's injuries;

(9)     Defendants' motion to allow evidence of Plaintiff and other witnesses' felony convictions is granted in part and denied in part. Defendants may elicit testimony that Plaintiff is serving a sentence for a felony conviction, but not the length of his sentence. As to inmate Contreras, Levels, and Vargas, Defendants may elicit testimony concerning their felony convictions and the length of their sentences. Defendants have not sought to introduce such facts, but the Court confirms that they are precluded from eliciting facts about the nature of any witnesses' felony conviction; and

(10)     Defendants' motion to elicit testimony from inmate Vargas' regarding his guilty finding from a disciplinary action (and any criminal charges) for assaulting Defendant Romero on

June 28, 2010, is granted as explained at the hearing. That is, to the extent inmate Vargas testifies that he was assaulted by Defendant Romero on June 28, 2010 in retaliation for reporting the alleged June 8, 2010 assault of Plaintiff, Defendants will be permitted to attempt to impeach such testimony with any disciplinary findings or criminal convictions for this incident against inmate Vargas.

IT IS SO ORDERED.

Dated:   **October 5, 2016**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE