# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GALLAGHER, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00446-BAM (PC)<br><br>**SECOND AMENDED AND SUPPLEMENTAL PRETRIAL ORDER**<br><br>**Telephonic Status Conference:** March 27, 2017 at 9:00 a.m. in Courtroom 8 (BAM)<br><br>Additional Motions in Limine Filing: April 17, 2017<br><br>Motion in Limine Responses: May 1, 2017<br><br>**Motion in Limine Hearing**: May 8, 2017 at 10:00 a.m. in Courtroom 8 (BAM)<br><br>**Jury Trial**: May 15, 2017 at 8:30 am. in Courtroom 8 (BAM) (4-5 days) |

　　　　Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. All parties have consented to magistrate judge jurisdiction. (ECF Nos. 7, 231.) This action proceeds on Plaintiff's claims against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment.

　　　　On October 13, 2016, on Plaintiff's motion, the Court continued the previously-set trial date in this matter, and vacated the then-pending deadlines (ECF No. 291). The Court subsequently issued an

order on October 18, 2016 amending and supplementing the August 4, 2016 pretrial order (ECF No. 304.) On November 17, 2016, the Court held a telephonic status conference to discuss trial scheduling issues. Based on the agreement of the parties and good cause shown, the Court vacated the current trial date of December 13, 2016, and all remaining deadlines in the Amended and Supplemental Pretrial Order. (ECF No. 308.) The Court now issues this order amending and supplementing the October 18, 2016 amended and supplemental pretrial order. Except as amended herein, the original pretrial order and first amended pretrial order remain unchanged.

I. **Trial**

Trial is set for **May 15, 2017 at 8:30 a.m.** before U.S. Magistrate Judge Barbara A. McAuliffe in Courtroom 8 (BAM). The parties anticipate the trial will last approximately four to five (4-5) days.

A telephonic pre-trial status conference is set for **March 27, 2017 at 9:00 a.m.** Parties appearing telephonically may do so by using the following dial-in number and passcode at the time set for the status conference: dial-in number 1-877-411-9748; passcode 3190866.

II. **Witnesses**

The parties previously submitted lists of witnesses they expect to call at trial, as set forth in the August 4, 2016 pretrial order. All matters dealing with the issuance of any writs of habeas corpus ad testificandum directing the transport of any incarcerated witnesses, and of any civil subpoenas commanding the appearance of an unincarcerated witnesses to testify at trial, shall be heard at the March 27, 2017 telephonic status conference in this case. The Court, however, will address the issue of witness Ricardo Contreras separately. (See Doc. 309.)

III. **Motions in Limine**

The parties have previously submitted motions in limine in this matter, which were heard on October 4, 2016, (ECF No. 281), and an order granting in part and denying in part such motions, and reserving certain rulings until trial, was issued on October 5, 2016, (ECF No. 283). The Court finds it prudent to allow, if necessary and if the parties find that other evidentiary disputes can be addressed prior to trial, the parties to file additional pre-trial motions in limine. The parties, however, are cautioned of the standards related to motions for reconsideration. Local Rule 230(j).

The parties' additional motions in limine, if any, must be served on the opposing party and

filed with the Court by **April 17, 2017**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to a motion in limine must be served on the other party, and filed with the Court by **May 1, 2017**.

An order may be issued prior to trial resolving these motions. Otherwise, a telephonic motion in limine hearing will be held on **May 8, 2017 at 10:00 a.m.** Parties appearing telephonically may do so by using the following dial-in number and passcode at the time set for the hearing: dial-in number 1-877-411-9748; passcode 3190866.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

IV.     **Further Trial Preparation**

   1.     **Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **May 5, 2017**.

   2.     **Verdict Form**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. On October 4, 2016, Defendants submitted a proposed verdict form for the Court's consideration. (ECF No. 278). If Defendants wish to submit a different proposed verdict form and/or Plaintiff wishes to submit a proposed verdict form, all must do so on or before **May 5, 2017**.

   3.     **Jury Instructions**

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. On October 4, 2016, Defendants submitted proposed jury instructions for the Court's consideration. (ECF No. 277.) **The parties shall also meet and confer, by telephone or other means, to agree upon jury instructions for use at trial.** The parties shall file and serve all agreed-upon jury instructions, and identify them as such, by no later than **May 5, 2017**.

Jury instructions that the parties could not agree on may be filed and served by no later than **May 5, 2017**. Plaintiff may file and serve no more than ten proposed jury instructions and identify them as instructions upon which the parties could not agree. Similarly, Defendants may file and serve no more than ten proposed jury instructions and identify them as instructions upon which the parties

could not agree. Without a prior order, the Court will not consider additional proposed jury instructions beyond the first ten.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendants), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. **The parties shall provide the Court with a copy of their proposed jury instructions in Word format, agreed and not jointly agreed upon, via e-mail at: bamorders@caed.uscourts.gov.**

The parameters for preparing proposed jury instructions were set forth in the Court's August 4, 2016 pretrial order, and are set forth again here for ease of reference, with one additional instruction:

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendants), the number of the proposed instruction in sequence, a brief title for the instruction

describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

### 4. Proposed Voir Dire

On October 4, 2016, Defendants submitted proposed voir dire questions for the Court's consideration. (ECF No. 279.) If Defendants wish to submit different proposed voir dire questions and/or Plaintiff wishes to submit proposed voir dire questions, all must do so on or before **May 5, 2017**, pursuant to Local Rule 162.1.

### 5. Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection. On October 4, 2016, Defendants submitted a proposed statement of the case for the Court's consideration. (ECF No. 280.) If Defendants wish to submit a different proposed statement of the case for the Court's consideration, they must serve it on Plaintiff and file it with the Court on or before **May 5, 2017**.

Plaintiff may serve on Defendants and file with the Court a proposed statement of the case on or before **May 5, 2017**. The Court will consider the parties' statements, but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 6. Trial Exhibits

On October 11, 2016, the Court received from Defendants an original and two copies of Defendants' trial exhibits and the parties' agreed joint trial exhibits, along with exhibit lists.

Plaintiff may use the exhibits provided by Defendants, or elect to provide his own. If Plaintiff chooses to provide his own, Plaintiff's counsel must submit the original and two copies of all trial exhibits, along with exhibit lists, to Courtroom Deputy Harriet Herman no later than **May 5, 2017**. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Exhibits which are multiple pages shall be marked with page numbers in addition to the prefix and exhibit number, on each page of the exhibit (e.g., PX-100, page 1 of 2, PX-100, page 2 of 2, etc.). Exhibits shall also be separated by tabs.

### V. Objections to Second Amended and Supplemental Pretrial Order

Written objections to this second amended and supplemental pretrial order, if any, must be filed on or before **December 16, 2016**. Such objections shall specify the requested modifications, corrections, additions or deletions.

### VI. Compliance with Pretrial Order and both Amended and Supplemental Pretrial Orders

Strict compliance with the August 4, 2016 pretrial order, the October 18, 2016 amended and supplemental pretrial order, this second amended and supplemental pretrial order, and their requirements, is mandatory. The Court will strictly enforce the requirements of these orders, and counsel and parties are subject to sanctions for failure to fully comply with these orders and their requirements. The Court will modify these orders "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated: **December 2, 2016**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE