**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>          Plaintiff,<br><br>     v.<br><br>GALLAGHER, et al.,<br><br>          Defendants. | Case No.  1:11-cv-00446-BAM (PC)<br><br>ORDER DENYING INMATE CONTRERAS'S  MOTION TO BE EXCLUDED AS PLAINTIFF'S WITNESS<br><br>ORDER GRANTING APPEARANCE BY VIDEO CONFERENCE<br><br>(ECF No. 306) |

**I.     Introduction**

Plaintiff Kevin D. Bryant ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment; and against Defendant Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On August 4, 2016, the Court granted Plaintiff's motion for the attendance of incarcerated witnesses Edward A. Vargas (CDCR #J63103), Ricardo Contreras (CDCR #F56749) and Rufus B. Levels (CDCR #F62510). (ECF No. 257). On September 28, 2016, the Court issued writs of habeas corpus ad testificandum to transport Inmates Vargas, Contreras and Levels to testify at trial scheduled on October 17, 2016. (ECF Nos. 273-275.) On October 10, 2016, Plaintiff's newly retained counsel filed a notice of appearance and an ex parte application to continue the trial and

1  modify dates. (ECF Nos. 285, 286.) Following a telephonic hearing, the Court granted the ex
2  parte application, continued the trial, and vacated the transportation writs. (ECF Nos. 291, 295-
3  297.) Trial is currently set for May 15, 2017. (ECF No. 310.)

4        On November 4, 2016, Inmate Contreras filed a motion to be excluded as Plaintiff's
5  witness. (ECF No. 306.) Inmate Contreras contends that he does not have any material or useful
6  information and that he does not wish to be transported to testify. (*Id.*) The Court subsequently
7  directed the parties to file responses setting forth their respective positions as to whether Inmate
8  Contreras should be compelled to attend trial and testify in this case. (ECF No. 309.) The Court
9  also provided Inmate Contreras an opportunity to respond to the parties' responses if he so
10 desired. (*Id.*) The parties filed their responses on December 19, 2016, (ECF Nos. 311, 312), and
11 Inmate Contreras filed his response on January 9, 2017, (ECF No. 314).

12     **II.   The Court's Prior Order Regarding Attendance of Inmate Contreras**

13       On August 4, 2016, the Court granted Plaintiff's motion for the attendance of Inmate
14 Contreras at trial. (ECF No. 257.) In his motion, Plaintiff stated under penalty of perjury that
15 inmate Contreras, was an eye- and ear-witness to the assault, heard Plaintiff repeatedly ask
16 Defendant Romero to call medical staff for help, saw Plaintiff show Defendant Romero his
17 injuries, watched Plaintiff sit in front of his cell trying to tend to his injuries, and witnessed
18 Plaintiff get his walker and hop out of the dayroom.  Plaintiff represented that Inmate Contreras
19 was willing to testify.  Based upon Plaintiff's testimony, the Court found that Inmate Contreras
20 may be an eye or ear witness in this action and that it did not appear the testimony will result in
21 undue delay, a waste of time, or the needless presentation of cumulative evidence. (*Id.* at 3.)  The
22 Court stated that Plaintiff had shown a likelihood that Inmate Contreras would have relevant
23 information, and that his testimony would further the resolution of this action. (*Id.*)

24     **III.  Motion to be Excluded as Plaintiff's Witness**
25         **a.  Inmate Contreras's Moving Papers**

26   Inmate Contreras contends he does not wish to testify and that he should not be required
27 to attend trial because he does not have any material or useful information. (ECF No. 306.) He
28 indicates that he has spoken with counsel for both parties and informed them about his purported

1  lack of material information. (*Id.*) Inmate Contreras also argues that he should not be required to
2  attend trial because of the undue hardships he experienced from the transport for the original trial
3  date.  He was unable to sleep for two days, almost vomited about ten times each way on the bus,
4  and had to see a psychiatrist because he almost had an anxiety attack. (*Id.*) The previous transport
5  experience also adversely affected his college, self-help groups and entire programming. (*Id.*)

###### b. Plaintiff's Response

7   Plaintiff contends that the Court should require Inmate Contreras to testify in this action,
8  because he has material information regarding the events in question. (ECF No. 312 at 1.) Inmate
9  Contreras is his former cellmate and will provide testimony about hearing the attack on Plaintiff
10 as it was happening, Plaintiff's appearance following the attack, including Plaintiff appearing to
11 have been attacked or in a fight immediately following the incident. (*Id.* at 2.) Plaintiff also
12 anticipates Inmate Contreras will provide testimony about his conversation with Plaintiff
13 immediately after the attack, seeing Plaintiff "babying" his leg immediately following the
14 incident, giving Plaintiff a walking device so he could go to the medical office and seeing
15 Plaintiff trying to avoid walking on his broken leg when he exited the dayroom. (*Id.*) Plaintiff
16 further anticipates that Inmate Contreras will provide testimony about Plaintiff's injury, recovery,
17 pain and suffering in the weeks and months following the incident. (*Id.*)  However, Plaintiff
18 agrees that Inmate Contreras should be accommodated and allowed to testify by video conference
19 to avoid further disruption and hardship. (*Id.* at 2-3.)

###### c. Defendants' Response

21  Defendants argue that, based on Inmate Contreras's representations, the Court should
22 vacate its prior order allowing Plaintiff to call Inmate Contreras as a witness and not compel his
23 appearance at trial. (ECF No. 311 at 2.) Plaintiff's initial request to compel Inmate Contreras's
24 attendance at trial was not supported by a declaration or prior statement from Inmate Contreras
25 himself. (*Id.* at 2-3.) However, the Court has a direct statement from Inmate Contreras, denying
26 he has useful or material information.  (*Id.* at 3.) Defendants argue that Inmate Contreras's
27 testimony will not substantially further the resolution of the case. (ECF No. 311 at 3.)
28  Defendants further argue that transporting Inmate Contreras will entail great expense and

1  inconvenience to the CDCR. (*Id.*) Inmate Contreras is incarcerated more than 400 miles from the
2  courthouse, and will require temporary incarceration in at least three different correctional
3  facilities and disrupt his programming. (*Id.*) Defendants speculate that Inmate Contreras's desire
4  to avoid being transported again may create security risks for the prison guards by refusing to exit
5  his cell and necessitating extraction. (*Id.*) Defendants also contend that Inmate Contreras's lack of
6  personal knowledge and life sentence weigh against staying the action. (*Id.*)

7        In the alternative, Defendants suggest that the Court should require Plaintiff to show
8  Inmate Contreras has relevant personal knowledge that will substantially advance the case. (*Id.*)
9  Defendants state that if Plaintiff meets this burden, the Court should allow Inmate Contreras to
10 testify by video conference to reduce his burden and mental anguish. (*Id*.)

11                     **d.  Inmate Contreras's Reply to the Parties' Responses**

12       Inmate Contreras argues that any testimony he can provide will only be speculative,
13 repetitive, or is easily discerned from the evidence, and will otherwise waste judicial time and
14 resources. (ECF No. 314 at 1.) Inmate Contreras states he cannot testify that Plaintiff was
15 "attacked." (*Id.* at 1-2.) Inmate Contreras indicates that he can only testify to the following: (1)
16 hearing what could have been a scuffle or some disruptive noise while he was in the shower; (2)
17 witnessing Plaintiff sitting on a bench looking uneasy, babying his leg and claiming he thought
18 his leg might be broken; (3) giving Plaintiff a walking device to go to medical and seeing Plaintiff
19 trying not to walk on his injured/broken leg; (4) seeing Plaintiff returning to the cell in a
20 wheelchair with a leg cast; (5) seeing Plaintiff was given pain medication multiple times a day
21 and Plaintiff take pain medication; and (6) observing that Plaintiff had the cast on for several
22 weeks, was restricted to movement, and suffered the typical effects of a broken leg. (*Id.* at 1-4.)

23       Inmate Contreras contends that much of his testimony will be repetitive because it can be
24 can be presented through Plaintiff's medical evaluation reports or personnel. (*Id.* at 2.)  Medical
25 reports or personnel can testify to Plaintiff's wheel chair and leg cast, how the injury affected
26 Plaintiff, how Plaintiff was trying to avoid walking on his broken leg.  He argues that his
27 testimony about Plaintiff "babying" his leg is unnecessary because such information is in medical
28 reports.  Inmate Contreras asserts that his testimony about the conversation with Plaintiff

following the incident would be repetitive because the context of the conversation involved Inmate Contreras seeing Plaintiff sitting on a bench, nursing his leg, and Plaintiff claiming that he thought his leg might be broken. (*Id.*)  In the alternative, Inmate Contreras indicates that he would be willing to testify by video conference. (*Id.*)

**IV.     Analysis**

Having considered the arguments and evidence, the Court finds no basis to alter its prior order. Inmate Contreras has material and useful information that will aid the resolution of this case. He was both an eye and ear witness to some portion of the events in this action.[1] Thus, the Court will order Inmate Contreras's attendance at trial to provide testimony. Inmate Contreras and the parties have expressed a willingness to have him testify via video conference.  The Court now turns to whether Inmate Contreras should be permitted to testify by remote means.

The Federal Rules of Civil Procedure permit testimony in open court from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards…" Fed. R. Civ. P. 43(a). Good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of the court proceedings. *See e.g., Lyons v. Leonhardt*, 2013 WL 3807996, at *11 (D. Nev. July 19, 2013) (video conference testimony appropriate when witness was located more than 100 miles from the courthouse). "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) advisory committee notes (1996 Amendments.)

A significant geographic distance separates Inmate Contreras and the location of these court proceedings. Ironwood State Prison is located in Blythe, California, more than 400 miles from the courthouse in Fresno. Transporting Inmate Contreras from that facility would be costly, require significant time, present housing issues, and would be disruptive for Inmate Contreras. *See Saenz v. Reeves*, No. 1:09-CV-00557- BAM P, 2013 WL 1636045, at *2 (E.D. Cal. Apr. 16, 2013) (permitting video testimony where producing the witness at trial would involve the expense

---

[1] As explained below, the Court has reconsidered whether Inmate Contreras is a critical witness. (ECF No. 257.)

5

1  of transporting him, the expense of additional security to separate him from Plaintiff while at the
2  courthouse and a potential security risk.)  The expense and inconvenience associated with
3  transporting Inmate Contreras outweighs the benefits of having him physically present in court to
4  give his testimony. *See Walker*, 14 F.3d at 1422.

5  Further, Inmate Contreras experienced significant hardships to his health and prison
6  programming because of the previous transport for the original trial date.  The Court is persuaded,
7  in particular, by the hardship and disruption Inmate Contreras endured during the previous
8  transport and finds it will not put Inmate Contreras through the same ordeal again.

9  Moreover, the Court now has direct evidence about the content of Inmate Contreras's
10 anticipated testimony, which contradicts some of the facts Plaintiff originally represented would
11 be the subject of his testimony. (*Compare* ECF Nos. 244 and 314.) For instance, Plaintiff
12 originally represented that Inmate Contreras could testify as to Plaintiff's statements to Defendant
13 Romero to summon medical help and saw Plaintiff show Defendant Romero his broken foot. But
14 Inmate Contreras does not corroborate these statements and that he can only testify that he saw
15 Plaintiff "babying" his leg. He also cannot testify as to the "attack" either. Therefore, his
16 testimony may not be as critical as originally represented to the Court. (ECF No. 257.)

17 Further, the parties and Inmate Contreras have expressed a willingness to have Inmate
18 Contreras testify by video conference. The Court therefore finds that the need for Inmate
19 Contreras to testify as an eye and ear witness would be satisfied by permitting testimony by video
20 conference.

21 Accordingly, the Court finds good cause in this instance to allow the testimony of Inmate
22 Contreras by video conference. Therefore, the Court will deny Inmate Contreras's motion to be
23 excluded as Plaintiff's witness. The Court will order that Inmate Contreras be made available to
24 testify via video conference on the first day of trial.

25 **V.    Conclusion and Order**
26 Accordingly, the Court HEREBY ORDERS that:
27 1.  Inmate Contreras's motion to be excluded as Plaintiff's witness is DENIED;
28 2.  Inmate Contreras shall appear at trial by video conference in accordance with Federal

      Rule of Civil Procedure 43(a). The Court will issue the necessary writ of habeas corpus ad testificandum for an appearance by video conference before the trial in this matter;

3. Plaintiff's Counsel is ORDERED to confirm with Ironwood State Prison that its video equipment can connect with the courthouse video system. Plaintiff's Counsel is further ordered to schedule a test call with Ironwood State Prison and the Clerk's Office Information Technology staff, and also to confirm the date and time for Inmate Contreras's testimony itself. All confirmations and equipment testing should be completed on or before April 14, 2017. If the video equipment is determined to be incompatible with the courthouse video system, Plaintiff's Counsel shall file a status report by April 21, 2017 so informing the Court; and

4. Plaintiff's Counsel shall contact Courtroom Deputy Harriet Herman no later than May 1, 2017 at bamorders@caed.uscourts.gov or (559) 499-5788 to coordinate setup of the video conference for trial.

IT IS SO ORDERED.

Dated: **February 27, 2017**     /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE