# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>    Plaintiff,<br><br>    v.<br><br>GALLAGHER, et al.,<br><br>    Defendants. | Case No. 11-cv-00446-BAM (PC)<br><br>ORDER IN RESPONSE TO PLAINTIFF'S REQUEST FOR CLARIFICATION REGARDING WITNESSES<br><br>(ECF No. 318) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment; and against Defendant A. Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On April 14, 2017, Plaintiff filed a request for clarification regarding witnesses. First, Plaintiff seeks clarification as to whether anything else is required to facilitate the issuance of writs of habeas corpus ad testificandum for Inmates Levels, Contreras, and Vargas in advance of trial, currently set for May 15, 2017. Plaintiff does not need to take further action with respect to the issuance of these writs. Plaintiff is reminded that, with respect to Inmate Contreras, Plaintiff's Counsel shall file a status report on or before April 21, 2017 informing the Court whether the

1

video equipment at Ironwood State Prison is determined to be incompatible with the courthouse video system. All confirmations and video testing were to be completed on or before April 14, 2017. (ECF No. 315.)

Second, Plaintiff seeks clarification as to whether Defendants shall be required to make Dr. Vladamir Skorohod available and arrange for his appearance at trial, or whether Plaintiff should seek a subpoena with respect to his appearance. Defendants have listed Dr. Skorohod as a witness, (ECF No. 258, p. 13), and as is the Court's general practice in such cases, witnesses the defense plans to call shall be present on May 15, 2017 by 9:30 a.m. and shall be available for Plaintiff to call for direct examination. Plaintiff is not required to seek a subpoena with respect to Dr. Skorohod's appearance at trial.

Third, Plaintiff seeks clarification as to whether he may issue his own subpoenas through counsel and arrange for service of the subpoenas and necessary witness fees by private process server, thus foregoing the submission of money order to the Court for service by the U.S. Marshal. Plaintiff may issue his own subpoenas through counsel and forego the submission of money order to the Court.

Plaintiff's further requests regarding the submission of a money order for Dr. Young Paik and the issuance of a subpoena, money order, and service by the U.S. Marshal for Dr. Skorohod have been addressed, as stated above.

IT IS SO ORDERED.

Dated: **April 17, 2017**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE