# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GALLAGHER, et al.,<br><br>　　　　　Defendants. | Case No. 11-cv-00446-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' EX PARTE MOTION FOR RECONSIDERATION<br><br>(ECF No. 326) |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants Gallagher and Romero for conspiracy, retaliation in violation of the First Amendment, and failure to protect in violation of the Eighth Amendment; and against Defendant A. Romero for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On April 14, 2017, Plaintiff filed a request for clarification regarding witnesses. Plaintiff sought clarification regarding: (1) the issuance of writs of habeas corpus ad testifcandum for Inmates Levels, Contreras, and Vargas; (2) whether Plaintiff was required to seek a subpoena with respect to Dr. Vladimir Skorokhod's appearance at trial; and (3) whether Plaintiff could issue subpoenas through counsel, and forego service by the U.S. Marshal. (ECF No. 318.) With respect to Dr. Skorokhod, the Court's order of April 17, 2017 clarified that, pursuant to the

Court's general practice in such cases, witnesses the defense plans to call shall be present for trial and shall be available for Plaintiff to call for direct examination.  Therefore, Plaintiff was not required to seek a subpoena with respect to Dr. Skorokhod's appearance at trial.  (ECF No. 319.)

On April 19, 2017, Defendants Gallagher and Romero ("Defendants") filed the instant ex parte motion for reconsideration regarding Dr. Skorokhod's appearance at trial.  (ECF No. 326.)

As noted by Defendants, Plaintiff's request for clarification did not identify Dr. Skorokhod as a nonparty witness who is not employed by or contracted to work for the California Department of Corrections and Rehabilitation.  (ECF No. 326, p. 3.)  As such, Defendants have no greater ability to produce Dr. Skorokhod's appearance at trial than Plaintiff.  In addition, Defendants correctly assert that although Dr. Skorokhod is listed as a potential defense witness in the Pretrial Order, they are not required to call him at trial.  Defendants are not required to make Dr. Skorokhod available at trial if they do not intend to call him as a witness.  Therefore, if Plaintiff seeks to elicit testimony from Dr. Skorokhod, Plaintiff is required to make the necessary arrangements to ensure Dr. Skorokhod's appearance at trial.[1]

Accordingly, Defendants' ex parte motion for reconsideration concerning Dr. Skorokhod's appearance at trial is HEREBY GRANTED.  Fed. R. Civ. P. 60(a); Local Rule 230(j)(3).  Defendants are not required to make Dr. Skorokhod available at trial if they do not intend to call him as a witness.

IT IS SO ORDERED.

Dated:  **April 27, 2017**                        /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Dr. Skorokhod is not listed as a potential witness for Plaintiff in the Pretrial Order.  (ECF No. 258, pp. 12–13.)  Plaintiff is reminded that pursuant to the Pretrial Order, "NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT 'MANIFEST INJUSTICE.'  Fed. R. Civ. P. 16(e); Local Rules 281(b)(10)."  (Id., p. 12.)