Charles Tony Piccuta (SBN 258333)
Charles Albert Piccuta (SBN 56010)
Piccuta Law Group, LLP
400 West Franklin Street
Monterey, CA 93940
Tel: (831) 920-3111
Fax: (831) 920-3112
Email: charles@piccutalaw.com
Email: chuck@piccutalaw.com
*Attorneys for Plaintiff, Kevin Darnell Bryant*

Xavier Becerra (SBN 118517)
Attorney General of California
Christopher J. Becker (SBN 230529)
Supervising Deputy Attorney General
Diana Esquivel (SBN 202954)
Deputy Attorney General
Maureen C. Onyeagbako, (SBN 238419)
Attorney General's Office of the State
of California, Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2250
Tel: (916) 445-4928
Fax: (916) 324-5205
Email: diana.esquivel@doj.ca.gov
Email: maureen.onyeagbako@doj.ca.gov
*Attorneys for Defendants, Gallagher and Romero*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GALLAGHER, et al.<br><br>　　　　　Defendants. | Case No.:  1:11-CV-00446 BAM (PC)<br><br>**STIPULATION RE: TRIAL TESTIMONY OF YOUNG N. PAIK, M.D.; ORDER**<br><br><br><br>Action File:　July 17, 2011<br>Trial Date:　　May 15, 2017 |

　　　The parties to the above referenced above, by and through their respective counsel of record and subject to the Court's approval, hereby stipulate as follows:

///

1  WHEREAS plaintiff KEVIN DARNELL BRYANT seeks to elicit percipient witness testimony
2  from his treating physician, Young N. Paik, M.D. on Tuesday, May 17, 2017;

3  WHEREAS counsel for Dr. Paik has contacted both counsel for plaintiff and counsel for
4  defendants to see if they are amenable to the instant stipulation;

5  WHEREAS Dr. Paik has advised through his counsel that Dr. Paik has a heavy patient load (35-
6  40 patients) who are scheduled to be seen in his Pacific Orthopedic Medical Group office in Bakersfield,
7  California on May 17, 2017;

8  WHEREAS Dr. Paik has advised through his counsel that Dr. Paik has pre-existing vision related
9  health issues that impact his ability to travel to Fresno to offer live testimony;

10 WHEREAS Dr. Paik has advised through his counsel that Dr. Paik has pre-existing vision related
11 health issues preventing him from driving a vehicle outside of the local area of Bakersfield and during
12 any nighttime hours;

13 WHEREAS Dr. Paik, through his counsel, has requested that he be allowed to testify in the
14 instant case by way of video conference from a location in Bakersfield;

15 WHEREAS the parties are not stipulating herein that the subpoena previously provided to Dr.
16 Paik is unenforceable, but are instead agreeing to the usage of video conference for the testimony of Dr.
17 Paik as a professional accommodation to Dr. Paik given his health issues;

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

///

The parties HEREBY AGREE AND STIPULATE, subject to the Court's approval, to allow Dr. Young Paik to offer trial testimony by way of video conference from a location in Bakersfield, California. Dr. Paik's counsel of record, LeBeau-Thelen, LLP, will assist in locating a suitable location in Bakersfield for Dr. Paik to offer his video conference testimony, and said location will coordinate with the Court prior to Dr. Paik's testimony to ensure that the technical capabilities for offering testimony by way of video conference will be viable.

**SO STIPULATED.**

Dated: May 11, 2017                              PICCUTA LAW GROUP, LLP


                                                 By:____/s/ *C.T. Piccuta*_____
                                                 CHARLES T. PICCUTA, ESQ.
                                                 Attorneys for Plaintiff KEVIN DARNELL BRYANT


Dated: May 11, 2017                              By:____/s/ *Diana Esquivel*_____
                                                 DIANA ESQUIVEL, ESQ.
                                                 Attorneys for Defendants GALLAGHER and ROMERO

**ORDER**

The court Grants the request, in principle, with the following exceptions. The court does not have the technological ability to accommodate last minute requests for video testimony. Timing, compatibility, court proceedings, staff unavailability, inability to test, and other issues may determine that video conferencing is not viable. As far as the witness' inability to drive himself, the court notes other options for transportation, including his counsel's cooperation, are available. Further, the court has not been informed of, nor has made arrangements for, where, when and how the video is to be accomplished.
IT IS SO ORDERED.

Dated:   **May 12, 2017**              ____/s/ *Barbara A. McAuliffe*____
                                       UNITED STATES MAGISTRATE JUDGE