# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>P. GALLAGHER, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00446-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SUPPLEMENT BILL OF COSTS<br><br>(ECF No. 369)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Kevin Darnell Bryant ("Plaintiff"), a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on March 17, 2011. Following a trial by jury, judgment was entered in favor of Plaintiff on May 19, 2017. Plaintiff submitted the instant bill of costs for $1,503.16 on June 2, 2017. (ECF No. 369.) Defendants Gallagher and Romero ("Defendants") filed objections on June 12, 2017. (ECF No. 370.) Plaintiff filed a reply on June 19, 2017. (ECF No. 375.)

**I.     Objections to Bill of Costs**

As an initial matter, Plaintiff correctly notes in his reply that Defendants' objections to the bill of costs were not timely filed. Pursuant to Local Rule 292(c), a party against whom costs are claimed may, within seven days from the date of service, file specific objections to claimed items. As Plaintiff filed his bill of costs on June 2, 2017, Defendants' objections were due on or before June 9, 2017. Although Defendants' objections may be disregarded as untimely, the Court

1

nonetheless considers the substance of Defendants' objections.

Plaintiff seeks an award of costs for: fees of the Clerk, fees for service of summons and subpoena, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing, and fees for witnesses. (ECF No. 369, p. 1.)

Defendants do not object to the award of costs for fees of the Clerk, and do not dispute that the remaining fees sought are generally taxable costs. The crux of Defendants' objections is that the fees sought by Plaintiff for service of summons and subpoena, transcripts, printing, and witnesses have not been itemized or justified with sufficient specificity. (ECF No. 370.)

Plaintiff argues in reply that Defendants' objections were untimely, the specificity requested by Defendants is not required by any statute or rule, and the form affidavit included in the cost bill form is sufficient to justify the fees sought. Moreover, Plaintiff contends that preparation of a bill of costs including affidavits and receipts would require the needless expenditure of attorney fees, potentially in excess of the costs claimed. Plaintiff attaches a declaration of counsel in support of his reply providing additional detail with respect to fees for service of subpoenas, deposition transcripts, printing costs, and witnesses. (ECF No. 375.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000). If the district court declines to award costs to the prevailing party, the court must "specify reasons" for denying costs. Id. at 591–92. However, the district court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

Unless otherwise authorized by explicit statutory or contractual authorization, the district court may only award costs enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The types of costs allowed under 28 U.S.C. § 1920 are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

However, the district court is free to interpret the meaning of the terms in 28 U.S.C. § 1920. Aflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990).

**III.    Discussion**

Plaintiff is correct that neither Federal Rule of Civil Procedure 54(d)(1) nor 28 U.S.C. §§ 1920 or 1924 explicitly requires more than the completion of the bill of costs form, which includes an affidavit that the costs sought are allowable by law, correctly stated, and were necessarily incurred, and that the services for which fees have been charged were actually and necessarily performed.

However, Local Rule 292—which, as Plaintiff has noted, also sets out the time for the filing of objections—further provides that "[t]he cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs . . ." Local Rule 292(b).  In addition, the bill of costs form completed by Plaintiff states: "SPECIAL NOTE: Attach to your bill of an itemization and documentation for requested costs in all categories."  (ECF No. 369, p. 1.)  While "[t]he text of Local Rule 292(b) contains no specific description of the nature of the memorandum required," Oyarzo v. Tuolumne Fire Dist., No. 1:11-CV-01271-LJO, 2013 WL 5718877, at *4 (E.D. Cal. Oct. 18, 2013), Plaintiff's bill of costs and subsequent reply fail to satisfy the itemization and memorandum of costs requirements of Local Rule 292(b).

Plaintiff's remaining argument concerning the illogicality of spending time in preparation of a bill of costs that may result in attorney fees in excess of the costs claimed is unpersuasive. Plaintiff's counsel remains free to file a motion for attorney fees, including those incurred in support of the bill of costs.

///

3

Accordingly, within **fourteen (14) days** from the date of service of this order, Plaintiff is HEREBY ORDERED to file a supplemental memorandum of costs to his bill of costs, filed June 2, 2017, itemizing and providing documentation in support of the requested fees for service of subpoenas, deposition transcripts, printing costs, and witnesses.

IT IS SO ORDERED.

Dated: **June 21, 2017**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE